Robert Preston #935915
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 99362

FILED
LODGED
RECEIVED    MAIL

OCT 04 2016

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

Preston v. Boyer et al

Re: 2nd Supplement to Amended Complaint

C16-1106-JCC-MAT

Dear Sirs,                                    9-29-16

This is my 2nd Supplement to Amended Complaint that I
would like to add to my other Supplements to my case.
I have sent a copy to the defendants lawyer.
Thank you for your time in this matter.

Respectfully,
Robert Preston



**SNOHOMISH COUNTY SHERIFF'S OFFICE**
INTEGRITY  •  DIGNITY  •  COMMITMENT  •  PRIDE
**Ty Trenary, Sheriff**

Date:        October 8, 2015

Complaint
Number:    15-041 PC / Collision 15-036

To:          Deputy R. Boyer #1538

This Office has completed this investigation and found the complaint filed against you *Sustained* and warrants no further investigation.

Ty Trenary, Sheriff

D.S. Heitzman, Sergeant

TY TRENARY
SHERIFF

**SNOHOMISH COUNTY
SHERIFF'S OFFICE**

Rob Beidler
UNDERSHERIFF

INTEGRITY · DIGNITY · COMMITMENT · PRIDE

# M E M O R A N D U M

DATE: September 8, 2015

TO: Capt. S. Johnson

FROM: Lt. R. Palmer

RE: Boyer Verbal Reprimand



Dep. Boyer and I met to discuss the disciplinary decision on his collision review and determination of a policy violation under PPM 9.3.1 Emergency Vehicle Operations: Exemption to Traffic Laws – Event SO15-13777

I explained the philosophy behind the Emergency Response Policy and expectations for the future when he was engaged in pursuits or emergency responses; that we are responsible for complete awareness of our surroundings and to drive in a manner that allows us to avoid collisions that are within our control. Specifically that changing lanes must be done in a controlled manner that affords other drivers time to react to our presence, and allows sufficient safe distance for us to do so. Dep. Boyer indicated complete understanding of his responsibility for this event and similar circumstances in the future. I additionally addressed the safety considerations for deputies and the public, as well as liability concerns for the Sherriff's Office

I am satisfied that Dep. Boyer has accepted the appropriate responsibility for his action and understands expectations for future performance under this section.

Lt. R.D. Palmer 1189
South Precinct Commander

NORTH PRECINCT
15100 40TH Ave. N.E.
Marysville, WA 98271
Phone (360) 388-5200
FAX (360) 653-7609

SOUTH PRECINCT
15928 Mill Creek Blvd.
Mill Creek, WA 98012
Phone (425) 388-5250
FAX (425) 337-5809

EAST PRECINCT
515 Main Street
Sultan, WA 98294
Phone (425) 388-6260
FAX (360) 793-7774

CORRECTIONS
3000 Rockefeller Ave. M/S 509
Everett, WA 98201
Phone (425) 388-3474
FAX (425) 339-2244

ADMINISTRATION
3000 Rockefeller Ave. M/S 606
Everett, WA 98201
Phone (425) 388-3342
FAX (425) 388-3805

( ) ORIGINAL

On 8/2/15 at approximately 1454 hours, SCSO Deputies were dispatched to 19320 Bothell Everett HWY Bothell, WA the Chevron in reference to a known wanted subject. Dispatch advised the reporting party was Tyler Halverson, a Chevron Employee had seen a subject from Washington Most Wanted at the fuel pumps. Dispatch advised the subject was Duncan L. Bercier (9/25/86). Dispatch advised Tyler reported Bercier was wanted for "some sort of murder firearm charge."

On this date, I was working uniformed patrol driving a marked black and white Snohomish County Sheriff's Vehicle XX153, equipped with both over head lights and sirens. I was wearing a black Snohomish County Sheriff's Office uniform with a metal badge, Sheriff's Office shoulder badges and the word SHERIFF on the back of my uniform.

Sgt. Geoghagan, Deputy Sadro and I headed towards the location. While enroute, dispatch provided a description of the subject as white male, neck tattoos, black helmet, black motorcycle suit riding a black sports bike.

Sgt. Geoghagan advised the Bercier was wanted for Robbery 1 and Assault 1 and supposed to be going to prison. Sgt. Geoghagan advised he had received information that Bercier was last seen northbound on SR527. I responded from I-5 and 164th ST SW with my lights and sirens activated.

At approximately 1500 hours, Deputy Sadro advised he had observed a subject and motorcycle northbound on SR 527 near 180th St SE Bothell. Deputy Sadro advised he was attempting to conduct a traffic stop but the motorcycle fled northbound on SR 527. I was located in the 17700 block of SR 527 heading Southbound when I observed a black motorcycle fleeing from Deputy Sadro at a high rate of speed.

Based on the information from the original caller Tyler Halverson, the confirmed information Sgt. Geoghagan provided I engaged in a pursuit. The subject was wanted for at least 2 B.A.R.R.K Felonies and 1 additional B.A.R.R.K Felony, Assault 1, Robbery 1 and Burglary 1 which were crimes against persons.

I had activated my lights and sirens pursuing Bercier on his black motorcycle. Traffic was moderate and light at times and speeds were between 70-90 mph at times. Bercier continued to flee northbound on SR 527 passing on the shoulder weaving in and out of northbound traffic. Bercier's motorcycle was producing a large amount of smoke, almost so much I could not see traffic or Bercier. I was forced to slow down many times to drive through intersections safely. Bercier continued northbound through Dumas RD. Bercier continued through red lights failing to stop. Near 16th and 132nd ST SE, Bercier drove through a parking lot avoiding the traffic light at SR 527 and 132nd ST SE. I was able to observe part of the motorcycle's license plate as WA-4D.

Bercier continued westbound on 132nd ST SE passing Dumas RD and McCullum Park. Bercier was driving very recklessly trying to avoid arrest. Bercier past multiple vehicle's on the far right side of westbound 128th ST SE near the I-5 over pass. I continued the pursuit westbound over I-5 at 128th ST SW. Traffic was stopped on the I-5 overpass at 128th ST SW for westbound red traffic signal. Bercier past all traffic on the far right and continued westbound.

I continued the pursuit, with my lights and sirens activated; I went around westbound traffic in the eastbound lane. I crossed back over to the westbound 128th ST SW lanes on the west side of the overpass of I-5. I was involved in a collision. My right passenger side quarter panel was struck by another vehicle. Per my memory it was a tan or gold SUV. I advised over radio that I was involved in a collision but was going to continue the pursuit. I was struck very minorly and my vehicle was still operational.

Bercier continued to flee westbound 128th ST SW to 4th Ave W where he fled northbound. I continued the pursuit, traffic was moderate and speeds reached 90 MPH. Deputy Sadro had been providing speeds, traffic conditions and direction of travel but after the pursuit continued northbound he had fell too far behind to continue providing accurate information.

The pursuit continued northbound passing Mariner High School and through 112th ST SW. From northbound 112th ST SW, Bercier passed multiple vehicles at 90 MPH on the outside shoulder of northbound 4th Ave W. I observed 2 young girls jump out of the way of Bercier. I provided the information I had just witness and the pursuit was terminated at Everett Mall Way and 4th Ave W.

I discontinued the pursuit and shut down my lights and sirens. Multiple units canvassed the area but Bercier was not located.

DEPUTY NAME / NUMBER:
Boyer c1538
APPROVED BY
76
137D
ROUTING:
☐ RECORDS   ☐ SCSO H/R DIVISION
☐ DIVISION CMR   ☐ SUPERVISOR
☐ BUREAU CHIEF
SH-292   S:\Templates and Forms\Reports\Use of Force Report.docx   REV. 09/24/09



ORIGINAL
PAGE 1 OF 1

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| **SNOHOMISH COUNTY SHERIFF'S OFFICE** | COLLISION | SO 15-13777 |

| NAME OF ORIGINAL VICTIM(S) | REPORT DATE |
|---|---|
| | 08/12/15 |

On 08/12/15 I arrived at the SCSO South Precinct for my assigned shift. I checked my mail slot and found the statement of Kelly Stickney in a sealed envelope. Stickney had witnessed the collision and had left her name and contact phone number with Simpson. I had spoken to her via phone and she had agreed to complete the statement.

Stickney essentially stated that she was in the Taco Time parking lot (north side of 128th St SW) and heard police sirens. She said that she saw an E/B patrol car make a U-turn near the entrance to I-5 from 128th St SW. She saw a tan-ish colored van type vehicle W/B on 128th St SW, moving from the south (left lane) to the north (right lane) side of W/B 128th St SW. She stated that the van was moving slowly and appeared to be attempting to pull over. She remarked that traffic was heavy and there were numerous vehicles going east and west on 128th St SW. She stated that the patrol car struck the van while it was making the U-turn.

I will be faxing this follow-up and the attached statement of Stickney to CIU for addition to the original report.

End of report.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER : | | | APPROVED BY |  |  |
|---|---|---|---|---|---|
| #1522  Deputy  C. Gillespie  #1522  08/12/15 | | | | | |

| IBR CLEARANCE : | | | COPIES MADE FOR: | | | | | |
|---|---|---|---|---|---|---|---|---|
| ( ) ARR/A | ( ) EXC/A | ( ) INSUFF/ CLO | ( ) PA | ( ) CPS | ( ) JUV | ( ) COURT:  CAS  /  EVG | SOUTH / EVT | DATA ENTRY |
| ( ) ARR/J | ( ) EXC/J | ( ) OTHER/ CLO | ( ) PA | ( ) DSHS | ( ) MH | ( ) DET:  PREC / CTH  /  SIU | | |
| | | ( ) UNF | | | | ( ) OTHER: | | |

# EVIDENCE REPORT

OFFICIAL

SHADED AREAS FOR **PROPERTY ROOM** USE          USE FOR EVIDENCE /PROPERTY BOOKED INTO EVIDENCE

| SNOHOMISH COUNTY SHERIFF'S OFFICE REGIONAL EVIDENCE DIVISION | TYPE OF OFFENSE COLLISION | AGENCY ID 1522 | AGENCY CASE NUMBER SO15-13777 |
|---|---|---|---|

| ☐ VIC ☐ SUS ☐ WIT ☒ COMP | DOB 06/19/75 | ☐ VIC ☐ SUS ☐ WIT ☐ COMP | DOB | DATE / TIME OF ORIGINAL REPORT 08/02/15 1504 |
|---|---|---|---|---|
| SIMPSON, AMBER E | | | | |

| BROUGHT TO | COLLECTING OFFICER: | TRANSPORTING OFFICER | DRUG ANALYSIS ☐ ITEM(S) # |
|---|---|---|---|
| ☐ PROPERTY ROOM ☒ SOUTH PRECINCT ☐ OTHER | NAME /# GILLESPIE #1522 DATE 08/02/15 TIME 1622 SIGNATURE | NAME SAME DATE - TIME - SIGNATURE - | BLOOD ALCOHOL ☐ ITEM(S)# FILM ☐ QUANTITY _____ EACH FINGERPRINTING ☐ ITEMS(S)# |

**ACTION NUMBER:**
3 - EVIDENCE;  5 FOUND;  10 - SAFEKEEPING

EVIDENCE -- WILL BE HELD UNTIL COURT DISPOSITION OR AUTHORIZATION FROM OFFICER
FOUND AND SAFEKEEPING - WILL BE HELD FOR 60 DAYS OR 60 DAYS PAST OWNER NOTIFICATION EXCEPT FOR
ITEM(S) ENTERED BY COURT ORDER

| ITEM # 1 | ITEM PHOTO CD PLUS COPY | SERIAL / OAN | BRAND NAME | STORAGE LOCATION |
|---|---|---|---|---|
| ACTION# 3 | MODEL / CALIBER | WHERE FOUND | | |
| | FURTHER DESCRIPTION (IF WEAPON, INDICATE BARREL LENGTH, ACTION, FINISH) PHOTOS OF SCSO AND CIVILIAN VEHICLE | | WEIGHT – PROPERTY RM ONLY | |
| OWNER'S NAME | ADDRESS               CITY          ZIP          PHONE # | | BAR CODE GOES HERE | |
| OTHER REMARKS / ADDITIONAL INFORMATION / SPECIAL INSTRUCTIONS | | | | |

| ITEM # | ITEM | SERIAL / OAN | BRAND NAME | STORAGE LOCATION |
|---|---|---|---|---|
| ACTION# | MODEL / CALIBER | WHERE FOUND | | |
| | FURTHER DESCRIPTION (IF WEAPON, INDICATE BARREL LENGTH, ACTION, FINISH) | | WEIGHT – PROPERTY RM ONLY | |
| OWNER'S NAME | ADDRESS               CITY          ZIP          PHONE # | | BAR CODE GOES HERE | |
| OTHER REMARKS / ADDITIONAL INFORMATION / SPECIAL INSTRUCTIONS | | | | |

| ITEM # | ITEM | SERIAL / OAN | BRAND NAME | STORAGE LOCATION |
|---|---|---|---|---|
| ACTION# | MODEL / CALIBER | WHERE FOUND | | |
| | FURTHER DESCRIPTION (IF WEAPON, INDICATE BARREL LENGTH, ACTION, FINISH) | | WEIGHT – PROPERTY RM ONLY | |
| OWNER'S NAME | ADDRESS               CITY          ZIP          PHONE # | | BAR CODE GOES HERE | |
| OTHER REMARKS / ADDITIONAL INFORMATION / SPECIAL INSTRUCTIONS | | | | |

| ITEM # | ITEM | SERIAL / OAN | BRAND NAME | STORAGE LOCATION |
|---|---|---|---|---|
| ACTION# | MODEL / CALIBER | WHERE FOUND | | |
| | FURTHER DESCRIPTION (IF WEAPON, INDICATE BARREL LENGTH, ACTION, FINISH) | | WEIGHT – PROPERTY RM ONLY | |
| OWNER'S NAME | ADDRESS               CITY          ZIP          PHONE # | | BAR CODE GOES HERE | |
| OTHER REMARKS / ADDITIONAL INFORMATION / SPECIAL INSTRUCTIONS | | | | |

| ITEM # | ITEM | SERIAL / OAN | BRAND NAME | STORAGE LOCATION |
|---|---|---|---|---|
| ACTION# | MODEL / CALIBER | WHERE FOUND | | |
| | FURTHER DESCRIPTION (IF WEAPON, INDICATE BARREL LENGTH, ACTION, FINISH) | | WEIGHT – PROPERTY RM ONLY | |
| OWNER'S NAME | ADDRESS               CITY          ZIP          PHONE # | | BAR CODE GOES HERE | |
| OTHER REMARKS / ADDITIONAL INFORMATION / SPECIAL INSTRUCTIONS | | | | |

Agency Case Number:

**EVIDENCE CONTROL USE ONLY:**

| TRANSPORTED BY: PERSONNEL #: _____ DATE: _____ | RECEIVED BY EVIDENCE CONTROL NAME/# _____ #____ DATE/TIME | NCIC/WACIC ☐ DATE _____ NCIC/WACIC - ☐ DATE _____ NCIC/WACIC - ☐ DATE _____ | CAD/RMS CHECKED ☐ |
|---|---|---|---|
| INPUT ☐ DATE: _____ | LETTER SENT ☐ DATE: _____ | FINAL UPDATE ☐ DATE _____ | |

SH-238 Rev 01/09

ORIGINAL TO EVIDENCE CONTROL

ORDER=5





## Snohomish County Sheriff's Office
## Statement Form

Incident # S015-13777

First Name: Amber  M: Elizabeth  Last: Simpson  DOB: 6 19 75
Race: W  Sex: F  Hgt: 5'4  Wgt: 170  Eyes: Green  Hair: Brown  Drivers License #: ~~43G Driver's license or permit number~~
Home Address: 21620 81st Ave  City: Edmonds  State: WA  Zip: 98026
Place Statement Taken: Shell Gas Station  City: Everett  State: WA  Zip: 98026
Employer: UW Medical Center  City: 206-330-7196  Best Number to Call: ☐ Home ☒ Cell ☐ Work
Home Phone: (206) 330-7196  Cell Phone: (206) 330-7196  Work Phone: (206) 598-7983
E-Mail Address: airsonsa@u.washington.edu

STATEMENT: Traveling in center lane westbound. ~~Tra~~ Police officer swerved into my car, as I was trying to pull over. Obvious there was some sort of high speed chase involving several officers. No injuries only damage to car.

Motorcycle had sped by us between the lanes. Then all of a sudden police came tried to pull to side but was struck by police officer as we were just in front of dennys traveling westbound on 128th. damage to front side left drivers side.

Witness Kelly Stickney saw the accident. 425-239-9943.

Also witness Bob Knudsen 206-440-4185

☒ I have read each page of this statement consisting of 1 page(s). I certify (or declare) under penalty of perjury, under the laws of the State of Washington, that the entire statement is true and correct. (Initial) AS

Deputy Signature: _____ #162  Victim/Witness Signature: Amber Simpson
Date: 8/12/15  Time: 340  Place Signed: Everett  WA  Page 1 of 1



# Snohomish County Sheriff's Office
## Statement Form

Incident # 5015- 13777

First Name: 03B Child witness M█████ Last: █████ DOB: ████████

Race: B Sex: M Hgt: Wgt: Eyes: Bro Hair: black Drivers License #: State

Home Address: █████████████████████████

Place Statement Taken: Shell City: Everett State: WA Zip: 98026

Employer: _____ City: Everett Best Number to Call: ☐ Home ☑ Cell ☐ Work

Home Phone: (____) _____ Cell Phone ████████ Work Phone: (____) _____

E-Mail Address: _____

STATEMENT: Me and my mom were coming off the free way after going to mutles in the center lane going west bound and I saw a motor cycle come flying through the cars and me and my mom saw cops so we tried to get of the side of the rode then a cop came and swerved infront of us and hit the (off) side of the car (drivers side) we did not know what to do so we stopped at shell and my mom called 911 we have three witnesses that the cop hit us. No ingys only Cor hit. Hit at light.

☑ I have read each page of this statement consisting of _1_ page(s). I certify (or declare) under penalty of perjury, under the laws of the State of Washington, that the entire statement is true and correct. (Initial) ████████

Deputy Signature: _____ #1522 Victim/Witness Signature ████████

Date: 8 / 2 / 15 Time: 3:41 Place Signed: Everett WA Page 1 of 1



**Snohomish County Sheriff's Office**
**Statement Form**

 ORIGINAL

Case # SO15 - 13777

Statement of: Last Name: Stickney _____ First: Kelly _____ Middle: A_____

DOB _____ Race: CAUCASION Hispanic: N Sex: F Hgt: 5'8" Wgt: 215lbs Eye: BROWN Hair: LT BROWN

Home Address _____

P. O. Box Number: NA  City: NA  Zip: NA

Employer: Washington State DOC City: Monroe, WA

Home Phone _____ Work Phone: 360-794-2216  Cell Phone: 425-239-9943

E-mail Address:_____ Contact Phone:_____  (Established Family Member or Friend)

Place statement taken (City): Lake Stevens Date: 8/6/2015 Time: 16:00

Statement: On Sunday August 2, 2015 at approximately 15:00 I was standing in the parking lot of Taco Time (233 128th St SW Everett, WA 98204) at the intersection of 128th St SW and I-5. I heard police sirens and looked south towards the Southbound entrance to I-5 on 128th St SW and observed an eastbound police car making a U turn. There was a tan-ish colored van heading westbound on 128th St SW moving from the inside (south) of the street to the right side (north). The van was moving slowly and appeared to be trying to pull over. Traffic was heavy and there were multiple vehicles going east and west on 128th St SW. The police car struck the van while it was making the U turn.

I HAVE READ EACH PAGE OF THIS STATEMENT CONSISTING OF ___1___ PAGE(S).
I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON
THAT THE ENTIRE STATEMENT IS TRUE AND CORRECT. ____KAS____ (initial)

Signature: _KAStickney_          Deputy: _____ #1522   # 1522   1 of 1
SH-217 Rev. 2/2014                               *RECEIVED STATEMENT BY MAIL*





## Snohomish County Sheriff's Office
## Statement Form

Incident # 5015-13777

First Name: **Bob**   M:   Last: **Knudsey**   DOB:

Race: **W**  Sex: **M**  Hgt: **5'9**  Wgt: **200** Eyes: **Bl**  Hair: **gre** Drivers License #:   State **WA**

Home Address: 15 Personal information

Place Statement Taken: _____ City: _____ State: **WA** Zip: _____

Employer: _____ City: _____ Best Number :: Cell ☐ House ☐ Cell ☐ Work ☐

Home Phone: (____) _____ Cell Phone _____ rk Phone: **(206) 440-4185**

E-Mail Address: _____

STATEMENT: I was stopped to make a left turn from
128th St. to enter the freeway I-5 South.
I heard sirens behind me so I was going to
turn slightly left and go onto the median
to allow police cars to get past me
in the travel lane. A police car passed
me on the left The direction I was
turning barely missing me. He went partly
onto the meridian but was able to
gain control of his vehicle and get back
into the lane heading west. However, the
squad car missed me as he cut back
into the lane he sideswiped a car also
heading west on 128th.

☑ I have read each page of this statement consisting of **1** page(s). I certify (or declare) under penalty of perjury, under the laws of the
State of Washington, that the entire statement is true and correct. (Initial) _____

Deputy Signature: _____ #52_ Victim/Witness Signature: **Bob Knudsen**

Date: **8/2/15** Time: **4:05** Place Signed: **Everette**   Page 1 of **1**

CIU DOCUMENT ********DO NOT RELEASE

## SNOHOMISH COUNTY SHERIFF'S OFFICE
## PATROL CAR CRASH CHECK SHEET

Vehicle # XX153    Lic Plate # 94631C    Deputy: Boyer    Case # SO15-13777

Detective Assigned: Kahler

| ACTION | | DATE |
|---|---|---|
| Incident date per CAD | | 08/02/15 |
| Received by CIU | | 08/11/15 |
| Copy A/B to Risk Management-M/S 610 | ⟋ | ⟋ |
| Copy A/B to Fleet Management -M/S 607 | ✓ | 8-17-15 |
| Copy A/B to WSP/DOL via Admin LES | ✓ | 8-17-15 |
| SGT. REVIEW | Vehicle Type | |
| | Collision Type | |
| | Running Code? | Y   N |
| SGT. REVIEW COMPLETED | *(signature)* | 8-13-15 |
| | ROUTING COMPLETED | DATE |
| Complete copy to Commander of deputy/employee involved | Lt Palmer | 8-17-15 |
| Complete copy Risk Management | ✓ | |
| Complete copy to PDD Sgt. | ✓ | |
| Complete copy to Civil Prosecutor | ✓ | |

❖   RISK MGMT- AUDREY WILSON - M/S 610
❖   FLEET MGMT - BRAD GRAFF - M/S 607
❖   CIVIL PROSECUTOR – LISA LINDQUIST – M/S 504

S:\Field Operations\Special Operations\CIU\PatrolCollisions\Patrol Collision Checksheet.doc

9/8/15

Met or Ryan Boyer - Collision Review
- Reviewed Finding & Summary of Ryan.
- Explained finding of Preventable; attached Policy Violation & P/C
- Explained discipline process & that he has right to Rep
  w/ him if we discuss his actions or I have File Q's.
- Allowed to read Summary & Conclusion - Full Packet.
- Made minor change to Narrative on Diagram / Also Light was Grn.
- Ryan advised he did not need or desire representation.
  Wanted to move forward & not make a big process out of it.

- Explained preliminary finding of sustained on P/C violation &
  usual Loudermill Process Allowed for him to provide
  any mitigation or exculpatory info before a disciplinary
  decision rendered
        - Said had no other info to provide
        - Understands he moved into lane w/out sufficient
          room to do so, even tho he thought he had
          enough room at the time.
        - My recommendation for disc on P/C was is for
          verbal reprimand only & he said he was fine
          moving forward on that

- Discussed philosophy of EVO & expectations for safe veh
  operation during pursuits. Liability concerns, safety
  of deps & public.
        - Recognizes he is ultimately responsible under
          the facts of this incident.

        - Explained how verbal reprimand documentation
          would be handled & recorded. Would be allowed
          to review final P/C document.

OPA Collision # _15-036_

OPA P/C # _15-041 PC_

## SNOHOMISH COUNTY SHERIFF'S OFFICE
## VEHICLE COLLISION/DAMAGE REVIEW AND COMMANDER'S SUMMARY

| EMPLOYEE NAME/PERSONNEL #: | SCSO CASE #SO15-13777 |
|---|---|
| Ryan Boyer #1538 | Other Case or Incident # |
| DATE/TIME OCCURRED: | ☐ Single Vehicle  ☒ Multiple Vehicle |
| 8/2/15 1504 hrs | ☐ Property Damage  ☐ Pedestrian  ☐ Other |
| LOCATION: | OTHER VEHICLE DRIVER/PROPERTY OWNER: |
| 200 block of 128th St. SW Everett | SIMPSON, Amber |
| SHERIFF'S OFFICE VEHICLE INVOLVED: (County number/Make/Model/Year/License number) XX153 2010 Ford Crown Vic Lic# 94631C | OTHER VEHICLE/PROPERTY DAMAGED: 2013 Hyundai Tucson Lic# ALF 4351 |
| DAMAGE ESTIMATE: ☐ Totaled  ☐ Major (Over $5000) ☒ Minor (Under $5000)  Driveable ☒ YES ☐ NO ☐ Other | DAMAGE ESTIMATE: ☐ Totaled  ☐ Major (Over $5000) ☒ Minor (Under $5000)  Driveable ☒ YES ☐ NO ☐ Other |
| EMPLOYEE INJURIES: ☐ YES ☒ NO Injury Synopsis: | INJURIES: ☐ YES ☒ NO Injury Synopsis: |
| MEDICAL CARE OBTAINED ☐ YES ☒ NO ☐ UNK | MEDICAL CARE OBTAINED ☐ YES ☒ NO ☐ UNK |

### REVIEWING SUPERVISOR'S SUMMARY

Dep. Boyer was involved as lead vehicle in pursuit of a motocycle westbound on 128th St. SW. Dep. Boyer's vehicle made contact with the left front corner of Amber Simpson's vehicle as he moved right across travel lanes after going around slowed traffic. This occurred in the wesbound lanes of 128th adjacent to the I-5 southbound offramp intersection with 128th. His right rear wheel arch and quarter panel made the contact and was damaged to include paint scraping and creased metal. Simpson's vehicle suffered scraped paint and damage to the left front bumper shroud.

Boyer continued the pursuit and was granted permission to do so by his on scene supervisor, Sgt. Geoghagan, who responded to deal with the collision investigation along with Dep. Gillespie. The pursuit was terminated shortly after this based on other criteria. (This collision review is being completed seperately from the Pursuit Review and none of the findings of this analysis will be based on the validity or policy actions of the pursuit itself). The suspect being pursued was known to be a dangerous and reportedly armed individual who was the subject of an extensive manhunt and listing on "Washington's Most Wanted", heightening the level of response and urgency in bringing him into custody as a danger to the public.

Dep. Boyer believes that he was struck by Simpson's vehicle when she failed to properly yield to his emergency signals and equipment. The intial scene investigation included a request for any traffic camera imagery in the area that was available to shed light on that. CIU Sgt. Kahler informed me that no traffic camera imagery was obtainable and therefore is unavailable for use in making any such determination. Findings will be restricted to witness information and deputy reports.

Witness statements from Simpson, her passenger son ████████ a second vehicle in the traffic line driven by Bob Knudsen and a pedestrian witness Amy Stickney conflict with Dep. Boyer's belief that he had sufficient room to maneuver back in front of Simpson's vehicle and that she struck him by failing to properly yield to his emergency equipment.

Knudson states that the deputy's patrol vehicle passed him on the left, going partially onto the median due to Knudson's beginning to move left to allow the patrol car to pass him on the right. Knudson improperly moved left and Boyer properly did not attempt to pass Knudson on the right, but this created a situation that put Dep. Boyer's vehicle out of stability based on Knudson's comment to Dep. Gillespie that the patrol car was "squirrely" when it "side-swiped" the other vehicle.

Amber Simpson, and her son ████████ both assert that she was moving to pull over to the right upon hearing the siren, but had insufficient opportunity to do so before being hit by Dep. Boyer's car as he crossed in front of them. Witness Stickney erroneously believed that the patrol car was making a U-turn in the intersection when she looked up, but does state that the patrol car struck the other car as it passed in front of the civilian vehicle.

RCW 46.61.035 allows authorized emergency vehicles to -
 (b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;
(c) Exceed the maximum speed limits so long as he or she does not endanger life or property;
(d) Disregard regulations governing direction of movement or turning in specified directions.
(3) The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of visual signals meeting the requirements of RCW 46.37.190, except that: (a) An authorized emergency vehicle operated as a police vehicle need not be equipped with or display a red light visible from in front of the vehicle; (b) authorized emergency vehicles shall use audible signals when necessary to warn others of the emergency nature of the situation but in no case shall they be required to use audible signals while parked or standing.
(4) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his or her reckless disregard for the safety of others.

Deputy Boyer was using audible and visual signals as required in §(3) but there is no information regarding the color of any traffic signals controlling the right of way at the time. It appears from the description of the moving traffic that Simpson's vehicle was into or past the controlled portion of the intersection and the color of any traffic signals is not directly relevant to the circumstances of this collision in her lane.

Subsection (4) above is most relevant as it is not shown that Dep. Boyer's driving or actions involved "reckless disregard". His avoidance of Mr. Knudson improperly yielding to the left indicates that Dep. Boyer was driving within limits to react to unforeseen circumstances and within his own abilities, but does not relieve the driver of the emergency vehicle from the responsibility for their actions in doing so.

Dep. Boyer did follow PPM 9.8.1.1 by reporting the collision over his radio - thereby advising SnoPac - and although he did not strictly follow RCW 46.52.020 § 3, by stopping after the collision to render any aid required and exchange driver information, that is mitigated by the circumstances and that the supervisor responded

Vehicle Collision/Damage Review and Summary Rev 02/2015                                    S/Templates and Forms/Commander Summary
**SEE PPM 9.8.4**

Dep. Boyer did follow PPM 9.8.1.1 by reporting the collision over his radio - thereby advising SnoPac - and although he did not strictly follow RCW 46.52.020 § 3, by stopping after the collsion to render any aid required and exchange driver information, that is mitigated by the circumstances and that the supervisor responded immediately to handle that requirement. He did return to the scene after as the pursuit was terminated by Sgt. Geoghagan shortly after the collision occurred (based on the increasing danger to the public for other actions by the fleeing motorcyclist).

Weighing the rapidly changing position of the vehicles involved, against the uncertainty that Ms. Simpson adequately heeded the responsibility to yield, (or if there was sufficient time for her to do so),   The facts appear to show that Dep. Boyer encountered a difficult intersection while pursuing a dangerous person and avoided one potential collision, which in turn created a slight instability that created the second collision.   While his attention to safely transiting the intersection is noteworthy, ultimate responsibility for this collision does rest with him as he had the respnsibility to be certain the lane he was entering was fully clear befor doing so. This results in a finding of Preventable and as he failed to properly clear the lane he was entering, of traffic with the right of way, this would constitute a violation of PPM section 9.1.3 Emergency Vehicle Operation:  Exemption to Traffic Laws. Specifically subection 3."These provisions shall not relieve the driver from the duty to drive with due regard for the safety of all persons nor does it protect him from the consequences of any reckless disregard for the safety of others".

## REVIEWING SUPERVISOR'S RECOMMENDATIONS
### (Lieutenant or above)

FINDING:

☒ PREVENTABLE
☐ NON-PREVENTABLE

**When making a finding of "Preventable" complete the Personnel Complaint <u>Short Form</u> and include the completed form with this packet for Command review and concurrence.**

EVENT CLASSIFICATION:

☒ COLLISION
☐ WORK DAMAGE
☐ VANDALISM
☐ LAWFUL INTERVENTION
☐ UNKOWN

(Definitions may be located in PPM 9.8.7)

If there is not sufficient information to make a determination check the box for "additional information required".

☐ ADDITIONAL INFORMATION REQUIRED

Reviewing Supervisor's Signature _____   Date: 8/27/15

## COMMANDER'S CONCURRENCE
### (Captain or above)

☒ I CONCUR WITH THE FINDING
☐ I DO NOT CONCUR WITH THE FINDING

If the Commander does not concur with the Finding check the appropriate finding.

☐ PREVENTABLE                    ☐ NON-PREVENTABLE

Commander's Signature _____ #1210 ____   Date: 09.01.15

Vehicle Collision/Damage Review and Summary Rev 02/2015
**SEE PPM 9.8.4**

S/Templates and Forms/Commander Summary

Page 4 of 5

## BUREAU CHIEF – CONCURRENCE AND ACTION TAKEN
(Bureau Chief's Responsibilities:  PPM 9.8.5)

☒ I CONCUR WITH THE FINDING
☐ I DO NOT CONCUR WITH THE FINDING

If the Bureau Chief does not concur with the Finding check the appropriate finding.

☐ PREVENTABLE                  ☐ NON-PREVENTABLE

If a finding is "Non-Preventable" an absolved letter should be sent to the subject employee.

☐ ABSOLVED:  Absolved Letter sent to subject employee on date:_____

If the collision is statutorily reportable, the Bureau Chief shall cause an Affidavit to be completed verifying the employee was performing occupational duties at the time the collision occurred, and cause said Affidavit to be forwarded to the Washington State Department of Licensing.

☐ Affidavit sent to DOL Financial Responsibility Department (if reportable).

Bureau Chief's Signature:_____ _M Beasley_____   Date: _9/25/15_

Undersheriff's Signature:_____ _Rick B_____   Date: _10-5-15_

Sheriff's Signature:_____   Date:_____

COPY FORWARDED TO:
☐ County Executive, Director of Operations M/S 407
☐ Fleet Management M/S 610
☐ County Shop M/S 205

Vehicle Collision/Damage Review and Summary Rev 02/2015
**SEE PPM 9.8.4**

S/Templates and Forms/Commander Summary

# SNOHOMISH COUNTY SHERIFF'S OFFICE

## PERSONNEL COMPLAINT SHORT FORM

### Only use this form as a supplement to a Commander's Summary.

**ADDITIONAL INVESTIGATION NARRATIVE (If needed)**

The attached Vehicle Collision/Damage and Commander's Summary led to a determination of Preventable and a preliminary finding of SUSTAINED for violation of PPM section 9.3.1 Emergency Vehicle Operation: Exemption from Traffic Laws based on Deputy Boyer failing to properly clear a lane of other vehicles before entering that lane, causing a collision to occur. Capt. S. Johnson concurred with that finding and returned the packet for completion of the Personnel Complaint investigation and disposition.

On 9/8/2015, I contacted Dep. Boyer during his shift to advise him of the completion of the review process and to discuss the findings with him. Dep. Boyer met with me at my office at about 1300 this date and the following is a summary of the process completed.

I reviewed the findings in the collision investigation and the information used in my determination. I explained the finding of Preventable and how that determination was reached. I then explained that this led to a preliminary finding of a sustained policy violation and explained the personnel complaint process to him. I advised Dep. Boyer that because there was an attendant policy violation recommended in my collision review, that he had the right to representation by a member of his bargaining unit during any discussions with me on facts or investigative questions regarding that process. I explained that I would not be questioning him about the facts of the investigation during this meeting unless he affirmatively waived his right to representation, but that he was free to ask me any questions about the process or findings. I allowed him to read through the collision review and reports before we finished. During that process, Dep. Boyer did find one inaccuracy and did clarify one other point that was unclear – He did tell me that the traffic signal for westbound traffic on 128th was green; I had been unable to find any reference to the traffic signal color in the reports or statements.   Secondly, I had incorrectly believed that the collision occurred further west than depicted in the collision diagram based on my belief that the civilian car had exited southbound I-5 and had been past the traffic signal at the time of the collision. Dep. Boyer corrected me in that the civilian vehicle had exited northbound I-5, was transiting the intersection on the green signal when he collided with it, and that the diagram was correct. Neither point materially changed the relevant facts or finding. I revised this portion of the collision summary, omitting that erroneous information, and placed the corrected copy in the packet after he had reviewed the new wording.

When Dep. Boyer finished reading the information, he advised me that he did not want to have a representative with him and desired to finish the personnel complaint process quickly. I asked him if there was any other factually incorrect information in the collision review or reports and he stated that it appeared to be accurate to the best of his recollection.

I had no further clarifying questions as he had already answered the two (above) that I did have. I explained that I would typically provide him with an opportunity to provide me with any mitigating or exculpatory information before I came to a disciplinary decision, under Laudermill, and Dep. Boyer felt that this would be an unnecessary step as he had no other facts or information he believed would be relevant. He said that he understood the decision I had reached and how it was made. He accepted that, although he believed at the time he had enough room to safely move into Simpson's lane of travel, he ultimately did not and the responsibility for the collision rests with him. I advised him that my recommendation for disciplinary action would be for a verbal reprimand. Dep. Boyer advised that

# SNOHOMISH COUNTY SHERIFF'S OFFICE
## PERSONNEL COMPLAINT SHORT FORM
### Only use this form as a supplement to a Commander's Summary.

he found that acceptable and had no desire to prolong the process and he was fine with proceeding today.

I explained the philosophy behind the Emergency Response Policy and expectations for the future when he was engaged in pursuits or emergency responses; that we are responsible for complete awareness of our surroundings and to drive in a manner that allows us to avoid collisions that are within our control. Specifically that changing lanes must be done in a controlled manner that affords other drivers time to react to our presence, and allows sufficient safe distance for us to do so. Dep. Boyer indicated complete understanding of his responsibility for this event and similar circumstances in the future. I additionally addressed the safety considerations for deputies and the public, as well as liability concerns for the Sherriff's Office. I explained that the verbal reprimand would be documented in a memo attached to this document.

We discussed his concern over a previous collision in which he received a disciplinary letter. I am aware of that from the OPA review and the following considerations were taken into account in my determination of discipline. That finding and letter of discipline was for a backing collision in a parking lot and had occurred within the previous 24 month, however it was finalized on September 15, 2013, effectively one week short of the 24 month period typically considered in disciplinary determination. Considering this, and the different facts of each collision, I did not apply that prior incident to the disciplinary matrix as an escalator as conduct was significantly different and the timeline was sufficient to show that a pattern was not being established.

It should be noted that we also spent considerable time discussing other issues not related to the collision, including career development and future advancement in the organization. Dep. Boyer was advised that I would forward the completed packet to Capt. Johnson for review and concurrence

## INVESTIGATORS FINDINGS AND RECOMMENDATION
### Violation #1

Violation: *9.3.1 EMERGENCY VEHICLE OPERATIONS: EXEMPTION TO TRAFFIC LAWS*

**Finding:** ☒ Sustained ☐ Non-Sustained (a) (b) (c) ☐ Exonerated ☐ Unfounded ☐ Undetermined (a) (b) (c) (d)
(Culpability: ☒ Negligence ☐ Reckless ☐ Intentional)

### Violation #2

Violation:

**Finding:** ☐ Sustained ☐ Non-Sustained (a) (b) (c) ☐ Exonerated ☐ Unfounded ☐ Undetermined (a) (b) (c) (d)
(Culpability: ☐ Negligence ☐ Reckless ☐ Intentional)

### Violation #3

Violation:

**Finding:** ☐ Sustained ☐ Non-Sustained (a) (b) (c) ☐ Exonerated ☐ Unfounded ☐ Undetermined (a) (b) (c) (d)
(Culpability: ☐ Negligence ☐ Reckless ☐ Intentional

# SNOHOMISH COUNTY SHERIFF'S OFFICE
## PERSONNEL COMPLAINT SHORT FORM
### Only use this form as a supplement to a Commander's Summary.

## Violation #4

Violation:

**Finding:** ☐ Sustained ☐ Non-Sustained (a) (b) (c) ☐ Exonerated ☐ Unfounded ☐ Undetermined (a) (b) (c) (d)

(Culpability: ☐ Negligence ☐ Reckless ☐ Intentional)

☒ *OPA File Review -- The Investigator is required to complete a review if this Personnel Complaint is sustained. The review must be completed prior to recommending discipline.*

**Recommendation:** ☐ N/A ☒ Verbal Reprimand ☐ Written Reprimand _____ Year

☐ Suspension ___ days ☐ Demotion ☐ Termination

**Notes:**

## COMMAND CONCURRENCE

| | |
|---|---|
| Date: 09.08.15 | I ☒ concur ☐ do not concur with the **Finding** |
| Print Name & Rank: | I ☒ concur ☐ do not concur with the **Recommendation** |
| S.K. JOHNSON #1210 / CAPT. | #1210 |
| Remarks: | Signature |
| Date: | I ☐ concur ☐ do not concur with the **Finding** |
| Print Name & Rank: | I ☐ concur ☐ do not concur with the **Recommendation** |
| Remarks: | Signature |
| Date: | I ☐ concur ☐ do not concur with the **Finding** |
| Print Name & Rank: | I ☐ concur ☐ do not concur with the **Recommendation** |
| Remarks | Signature |

# SNOHOMISH COUNTY SHERIFF'S OFFICE
# PERSONNEL COMPLAINT SHORT FORM

**Only use this form as a supplement to a Commander's Summary.**

## FINAL DISPOSITION AUTHORIZED BY

| Date | Print name | Sign |
|------|-----------|------|
| 09.08.15 | S.K. JOHNSON | 1210 |

## NOTIFICATIONS

☐ Complainant shall be notified in writing of the finding.
*If address/email is unavailable or refused explain below.  Note how complainant was notified – phone, in person, not notified, etc..*

N/A

| By Whom: | Print Name | Signature | Date |
|----------|-----------|-----------|------|

☒ Employee notified of finding and disposition.

| By Whom: | Print Name | Signature | Date |
|----------|-----------|-----------|------|
| | Lt. R.A. Palmer | | 9/8/15 |

## ADMINISTRATIVE REVIEW

Division Commander: _____ Initials    Date: 09.17.15

Major: _____ Initials    Date: _____

Bureau Chief: AB initials    Date: 9/25/15

*Undersheriff: ___ Initials    Date: 10-5-15

*Sheriff: ___ Initials    Date: 10-6-15

# SNOHOMISH COUNTY SHERIFF'S OFFICE
## PERSONNEL COMPLAINT SHORT FORM
### Only use this form as a supplement to a Commander's Summary.
### * <u>All findings that result in time loss and any complaint of significance shall be reviewed by the Undersheriff.</u>

| DISCIPLINE |
|---|

☐ Original letter placed in Personnel File

_____
Date                     Print Name                     Signature

| OFFICE OF PROFESSIONAL ACCOUNTABILITY |
|---|

☑ Employee notified in writing of finding and disposition (via email notification)

10/8/15      SGT. D.S HEITZMAN            1244
Date                Print Name                          Signature

PID      yes ☐   no ☒      10-5-15      ROB BEIDLER      _____
                                      Date            Print Name            Signature

☐ **PID sent to PA for review** _____
(attach email to indicate sent )              Date

S:\Templates and Forms\Performance\Personnel Complaint Investigation Form.doc
Rev 02/2015

**Boyer, Ryan**

| | |
|---|---|
| **From:** | Upton, James |
| **Sent:** | Monday, February 09, 2015 8:54 AM |
| **To:** | Boyer, Ryan |
| **Subject:** | FW: 14-13176 |

SCSO has received a follow-up request from the county prosecutor on the aforementioned case which you investigated. Attached you will find their original request. Please complete the requested investigation within two work weeks. Turn in your original follow up to your shift Sergeant. Submit a copy of your follow up with the prosecutor's request to the Property Crimes Sergeant. P/C Sgt. will forward copies to the PA.

If you are unable to complete the investigation requested or the request has come to you in error, please document the reasons on a follow up report and submit this report as stated. I will document the follow up has been completed and forward it on to the appropriate DPA.

James T. Upton
Detective Sergeant
Snohomish County Sheriff's Office
15928 Mill Creek Blvd.
Mill Creek, WA 98012
425-388-5258
Fax: 425-337-5809



---

**From:** PA Request
**Sent:** Monday, February 09, 2015 8:06 AM
**To:** Upton, James
**Subject:** 14-13176

---

**From:** Clarkson, Mona
**Sent:** Friday, February 06, 2015 11:35 AM
**To:** PA Request
**Cc:** Clarkson, Mona
**Subject:** Request For Investigation please

**SNOHOMISH COUNTY PROSECUTING ATTORNEY'S OFFICE**
**REQUEST FOR INVESTIGATION**

Date: February 6, 2015

| | |
|---|---|
| Police Agency: | SNOHOMISH COUNTY SHERIFF'S OFFICE, Event: 1413176 |
| Officer: | PA REQUESTS/DEPUTY  Boyer |
| Agency email | PA REQUESTS |
| Suspect: | ROBERT JOHN PRESTON |
| Crime: | ID Theft – Criminal Impersonation, PSP 2(credit cards) and so much more. |

1

K003740-102115 SO14-13176  56

Robert Preston #935915 unit 8, B-9-11
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 99362

(Legal mail)

THIS WAS MAILED BY AN
OFFENDER CONFINED AT A
WASHINGTON STATE DEPARTMENT OF
CORRECTIONS FACILITY. ITS CONTENTS
MAY BE UNCENSORED.

To:
United States District
Court - Clerk
700 stewart street (suite 2310)
Seattle, WA 98101

SPOKANE WA
PM
SEP 30
2016
99224

FOREVER
USA