THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JOHN PRESTON, | CASE NO. C16-1106-JCC-MAT |
| Plaintiff, | ORDER |
| v. | |
| RYAN BOYER and JEFFERY MILLER, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Robert John Preston's objections (Dkt. No. 44) to the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 42). Judge Theiler recommended that Defendant Jeffrey Miller's motion for judgment on the pleadings, (Dkt. No. 34), be granted. (Dkt. No. 42.) For the reasons explained herein, the report and recommendation (Dkt. No. 42) is ADOPTED, Plaintiff's objections (Dkt. No. 44) are OVERRULED, and Defendant Miller's motion for judgment on the pleadings (Dkt. No. 34) is GRANTED.

I.    BACKGROUND

On June 30, 2014, Plaintiff encountered and ran from Defendant Snohomish County Deputy Ryan Boyer at an Everett Park-n-Ride. (Dkt. No. 10 at 6.) Deputy Boyer gave chase, forcibly subdued, and eventually rendered Plaintiff unconscious. (*Id.*) Plaintiff claimed he had a

seizure at some point during this struggle. (*Id.*) Being unconscious, Plaintiff was forced to rely solely on reports from other officers at the scene to describe what happened next. (*Id.* at 9–10.) Defendant Snohomish County Captain Jeffrey Miller drove to the scene and saw Deputy Boyer struggling to subdue Plaintiff, who was flailing around and seemed to be ignoring Deputy Boyer's instructions. (*Id.*) During the struggle, Captain Miller saw Deputy Boyer kick Plaintiff's side twice before he secured Plaintiff's arms. (*Id.*) Captain Miller then ran over and pinned Plaintiff's legs down while Deputy Boyer handcuffed him. (*Id.*) Plaintiff sustained serious injuries during the confrontation, and was taken to the hospital for further treatment. (Dkt. No. 44 at 5–7.)

Plaintiff brought a 42 U.S.C. § 1983 civil rights action against Deputy Boyer and Captain Miller. (Dkt. No. 10.) At issue here are Plaintiff's claims against Captain Miller (hereinafter "Defendant"). Plaintiff alleges that Defendant violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by (1) using excessive force to subdue him, (2) failing to stop Deputy Boyer from doing the same, and (3) falsifying his police report. (Dkt. No. 10 at 5.) Defendant Miller brought a Rule 12(c) motion for judgment on the pleadings for failure to state a claim. (Dkt. No. 34.) Judge Theiler recommended that the motion be granted without leave to amend. (Dkt. No. 42 at 12–13.) Plaintiff objected to Judge Theiler's recommendations on the duty to intervene and falsification of police report claims. (Dkt. No. 44 at 2–7.)

## II.    DISCUSSION

### A.    Legal Standard

Objections to a magistrate judge's report and recommendations are reviewed de novo. 28 U.S.C. § 636(b)(1). A motion for judgment on the pleadings may be brought "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion challenges the sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under 12(b)(6.)" *Morgan v. Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006). "Judgment on the pleadings is proper when the moving party clearly

establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The court construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). Thus, a "[m]otion for Judgment on the Pleadings may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears 'beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief.'" *Morgan*, 436 F. Supp. 2d at 1155 (quoting *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local 150, AFL–CIO*, 335 F.3d 643, 647 (7th Cir.2003).

### B.    Duty to Intervene

Plaintiff argues that Defendant had a duty to intervene and prevent Deputy Boyer from committing further unconstitutional abuses. (Dkt. No. 44 at 2–5.) For the purposes of ruling on the instant motion, the Court assumes without deciding that Deputy Boyer's use of force was unconstitutional.

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). An officer who chooses inaction violates a constitutional right that "is analytically the same as the right violated by the person who strikes the blows." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994). To be liable, an officer must have had "a realistic opportunity" to intercede. *Cunningham*, 229 F.3d at 1289. Whether or not an opportunity is realistic is often a matter of timing. For example, courts have found that there can be no realistic opportunity to intervene if the officer was not present when the violation took place, or even if they are present, if the constitutional violation happens too quickly for them to prevent. *See, e.g.*, *id.* at 1290; *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159–60 (N.D. Cal. 2009).

Plaintiff argued that Defendant could have limited the actions Deputy Boyer took in his

presence. (Dkt. No. 38 at 7.) However, the facts do not support this argument. Specifically, Plaintiff alleges that Defendant arrived at the Park-n-Ride just in time to see Deputy Boyer (1) stand over Plaintiff, (2) with his Taser deployed, and (3) kick Plaintiff's side twice after he failed to comply with his verbal commands. (Dkt. No. 10-1 at 12.) His objections to the report and recommendation do little more than repeat these allegations. (Dkt. No. 44 at 2–5.) Based on the facts alleged, taken as true, the Court finds that Defendant did not have a realistic opportunity to intervene because he was either en route to the scene or in his vehicle when the alleged constitutional violation occurred. Accordingly, Plaintiff's objections to Judge Theiler's recommendation to dismiss the failure to intervene claims are overruled.

### C.     Falsification of Police Report

Plaintiff next argues that Defendant altered his police report. (Dkt. No. 10 at 10; Dkt. No. 44 at 6–7.) In support, Plaintiff alleges that both Defendant and Snohomish County Deputy L.M. Zelaya claim to have arrived at approximately the same time, but Deputy Zelaya's report does not mention Defendant's involvement in Plaintiff's arrest. (Dkt. No. 10 at 10.) In his response to Defendant's motion, Plaintiff further claimed Defendant lied when he (1) wrote that Plaintiff responded to his verbal commands during handcuffing, and (2) omitted that Plaintiff was unconscious and needed to be placed on life support after the incident. (Dkt. No. 38 at 3–7.) Plaintiff's objections to the report and recommendation repeat the above allegations. (Dkt. No. 44 at 7.)

"Falsified police reports are only actionable under § 1983 if those reports result in the deprivation of life, liberty or property." *Comfort v. Town of Pittsfield*, 924 F. Supp. 1219, 1230 (D. Me. 1996) (citing *Landrigan v. City of Warwick*, 628 F.2d 736, 744–45 (1st Cir. 1980)); *see also Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012) (collecting cases). "[T]he mere filing of [a] false police report[], by [itself] and without more, d[oes] not create a right of action in damages under 42 U.S.C. § 1983." *Landrigan*, 628 F.2d at 745.

Defendant maintains that Plaintiff's argument is speculative, and that there is no valid

basis to believe Defendant altered his report. (Dkt. No. 39 at 3.) The Court agrees. Deputy Zelaya reports arriving at the scene to find Deputy Boyer "holding [Plaintiff] against the ground." (Dkt. No. 42 at 12.) This description of what happened after Plaintiff was subdued is not inconsistent with Defendant's account of how he helped subdue Plaintiff. Plaintiff's next claim is contradicted by Deputy Zelaya's report, which states "I saw [Plaintiff] was in and out of consciousness." (Dkt. No. 10-1 at 11.) Plaintiff's final claim is also insufficient because omitting the full extent of Plaintiff's injuries, and the full breadth of medical treatment he received, is not the same as falsifying a police report. Furthermore, even if the Court found there were falsifications, Plaintiff did not allege in his amended complaint, (Dkt. No. 10), response to the motion for judgment on the pleadings, (Dkt. No. 38), or objections to the report and recommendation, (Dkt. No. 44), that the falsity of the police reports resulted in some deprivation of life, liberty, or property. Accordingly, Plaintiff's objections to Judge Theiler's recommendation as to the falsification of police report claim are overruled.

## III.   CONCLUSION

For the foregoing reasons, the Court ADOPTS the report and recommendation, (Dkt. No. 42), in its entirety, OVERRULES the objections thereto, (Dkt. No. 44), and GRANTS Defendant Miller's motion for judgment on the pleadings. (Dkt. No. 34.) Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment claims against Defendant Miller are DISMISSED WITH PREJUDICE and without leave to amend. The Court DIRECTS the Clerk to send a copy of this order to the parties and Judge Theiler.

DATED this 22nd day of March 2017.

John C Coughenour

John C. Coughenour
UNITED STATES DISTRICT JUDGE