The Honorable John C. Coughenour
The Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

                Plaintiff,

    v.

RYAN BOYER, et al.,

                Defendants.

Case No. 16-01106-JCC-MAT

DECLARATION OF DEPUTY RYAN BOYER

I, Ryan Boyer, hereby declare under penalty of perjury pursuant to the law of the State of Washington that the following statements are true and correct.

1.    I am over the age of eighteen, make this declaration based on personal knowledge, and am otherwise competent to testify.

2.    I am currently employed by the Snohomish County Sheriff's Office (SCSO) as a Deputy Sheriff; however, I have been selected for promotion to Sergeant at the time of this declaration, and I am awaiting placement in a Sergeant position. I have been employed by Snohomish County Sheriff's Office since 2012. Prior to working at the Snohomish County Sheriff's Office, I was employed by the City of Snohomish as a police officer from 2007 to 2011. I have completed the Washington State Criminal Justice Training Commission (CJTC)

DECLARATION OF RYAN BOYER - 1

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Basic Law Enforcement Academy.

3.    I am a CJTC Defensive Tactics Instructor, certified in Control Tactics, Level 1, Level 2, and Ground Survival Tactics. Since joining the Snohomish County Sheriff's Office in 2012, I have completed over 1,200 hours of additional training. Included in my training are many topics, including specific training in defensive tactics, in the use of the Taser X-26, and use of force. I am a member of the SCSO/Everett Police Department regional Special Weapons and Tactics (SWAT) team, and a Field Training Officer, training officers new to the SWAT team and also training new SCSO deputies in the patrol division. For my police service, I have been awarded the Real Heroes Award from the American Red Cross, the Snohomish Police Department Chief's Award, the 2011 Snohomish Police Officer of the Year Award, a Life Saving Medal, and a Citizen Commendation Award.

4.    On July 30, 2014, I was on duty in full police uniform, driving a marked vehicle, when I responded to a cold residential burglary call in Edmonds. I learned that a bike was one of the items stolen from the residence. While performing an area check, I spotted a heavy set white male (later identified as Robert Preston) pushing a mountain bike. I estimated the male to weigh about 240 lbs. I stopped the male and asked if the bike was his. The male was immediately defensive and said he borrowed the bike from another male.

5.    I detained the male, asking him to sit down and place his hands behind his back. The male kept pulling his hands forward and telling me he did not do anything. I was eventually able to place him in handcuffs. I asked the male for his identification, and he said it was in his wallet. I retrieved the wallet and found three identification cards in it. There were identification cards for Joseph C. Dryden, Kimberly A. Baker, and Robert J. Preston. The male told me he

DECLARATION OF RYAN BOYER - 2

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

was Joseph Dryden. The picture on Dryden's identification card appeared to be the male. I also learned through my checks on the WACIC (Washington Crime Information Center) system that Robert Preston had a felony warrant and officer caution for drug use. WACIC, unfortunately, did not have the capability to show pictures of the individual. The male, who would be later identified as Robert Preston, at this point, was under arrest for possession of stolen property, and possession of another's identification.

6.      Preston, who was still identified as Dryden at this point, directed me to the residence where he alleged the person who loaned him the bike was staying. After interviewing several people at the residence, I was not able to confirm the information that was provided by Preston.

7.      As I took Preston to the jail, he stated over and over that he did not steal the bike, that he knew who did it, and was willing to fill out a statement. I pulled over at the 112th Park and Ride off of Interstate 5. I took off Preston's handcuffs, and provided him with a pen, form and clipboard. While Preston was filling out the paperwork on my vehicle, I sorted through the items in the plastic bag found on Preston.

8.      I became suspicious because I noticed a check, which was found in the plastic bag, made out to Robert Preston, and that the wallet that was found chained to Preston had the name "Rob" written in it. When questioned about the wallet, Preston became angry and defensive. Preston continued to become angry, cussing, verbally aggressive, and started to look around.

9.      I looked up a photo of Robert Preston on COTS (Corrections/Offender Tracking System), and observed that the person who called himself Dryden was in fact Robert Preston. I

DECLARATION OF RYAN BOYER - 3

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

remembered from my previous check of the identification cards that Robert Preston had felony warrants with a caution for drug use, and an officer safety notice. A caution for drug use indicates that the person is known to use drugs, and that a higher level of caution is required. The officer safety notice, as I understand it, is placed into the system for past incidences of threats or violence, typically with relation to previous police contact. Preston's behavior to that point had been defensive on initial contact, and unstable. He failed to listen to instructions and pulled away when I attempted to handcuff him. Preston was not cooperative when I attempted to retrieve his wallet for identification, and he was easily agitated, angry, and increasingly verbal.

10.    I was concerned for my safety due to Preston's felony warrant that he was trying to hide from, his attempts to conceal his identity, the officer safety cautions, and his unstable demeanor. I felt he would act unpredictably when I confronted him with his real identity. Additionally, Preston was not handcuffed, I was alone, and there was a size disparity between us.

11.    I told Preston that I knew he was Rob, and commanded him to put his hands behind his back and go to his knees. At this point, Preston was five to ten feet away facing towards me in a bladed stance, furiously looking around, and acting very agitated. A bladed stance is much like a boxing stance where the body is turned about 45 degrees from full on. Additionally, Preston was still in possession of the pen and clipboard that I gave him to fill out the statement form. It appeared that he was trying to decide on what he wanted to next, whether to fight or flee. Based on my training and experience, the bladed stance, the looking around, and the agitation were all pre-flight or pre-attack indicators.

DECLARATION OF RYAN BOYER - 4

C:\Users\sshrtb\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\3QL2BSHX\Boyer Decl Draft.docx

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

12.     Preston snarled towards me and refused to go to his knees. After repeating the commands and drawing my Taser, he finally went to his knees. However, as I reached to take hold of his hands in order to handcuff him, Preston pulled away and stood up. I backed away and told him to go to his knees. He went to his knees, and I again attempted to handcuff him. For a second time, Preston pulled his arm away and stood, turning his body in my direction, and leading me to believe I was about to be attacked. I stepped back as I simultaneously warned him that I would deploy my Taser if he did not listen to my commands.

13.     Preston would not go to his knees despite my commands. Based on my training, excessive repetition of commands that are ignored are a sign of danger. Instead of obeying the commands, Preston turned towards me, in what I perceived was an aggressive movement. As I believed Preston's attack was coming, I deployed my Taser. The prongs hit Preston and he began to go to the ground slowly, but he was able to pull a Taser probe out, defeating the Taser. He then stood, ran around the rear bumper of my car and turned westbound through the Park and Ride.

14.     I was concerned about the safety of the general public at the park and ride, and also drivers on Interstate 5 (I-5). This portion of I-5 is very busy, particularly during the workday, with a constant stream of cars travelling at 65 to 70 miles per hours. We were less than 50 yards from the I-5 traffic, and about 500 yards to 112th Street. Mr. Preston was a known felon, with warrants, who was fleeing. I feared that since Preston was ignoring my commands, had been aggressive, had defeated my initial Taser deployment, and was running directly towards the busy interstate, I had to take further action to prevent him from running on to the busy interstate in his attempt to elude me. If I let him go, he not only would have put him and

DECLARATION OF RYAN BOYER - 5

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

me in danger, but also members of the traveling public. There was an extreme risk of Preston or myself being hit by a vehicle traveling at high speeds on Interstate 5, or worse, causing a car to swerve and depart the roadway, or crash into another vehicle causing an accident on a busy and congested highway. This incident took place during the weekday in the early afternoon when traffic, in my experience, was busy, steady, and constant. Preston's flight across four lanes of highway traffic would have almost certainly caused a serious or even fatal collision. As a Deputy, I have seen such collisions caused by a subject running across the interstate.

15.    I gave chase, yelled for him to stop, reloaded my Taser, and tased Preston while he was running westbound through the Park and Ride. Preston locked up and fell onto the front of his body, his face hitting the concrete. I gave commands for Preston to stay on the ground, but he tried to get up. I felt he would fight me or do anything possible to be able to flee his arrest. I tried to take control of Preston by placing my knee in his back and grabbing his arm, but he pulled away. I felt that if Preston were to get up, he would assault me in order to escape. I activated my Taser again, but inadvertently managed to Taser myself by being between the Taser prongs.

16.    At this point, I felt like I had no control over Preston. Likely because of the 65 lbs size difference, Preston was able to move despite me being on his back. When Preston pushed up once again, I felt given the rapidly occurring events and the dangerous situation we were in, I did not want to drop the Taser and allow Preston to have a potential weapon to use against me, or a civilian in the Park and Ride. I did not have the option of holstering the Taser because it would have broken the wires to the probes still imbedded in Preston, and render the Taser useless. I did not have a third Taser cartridge with me. I did not want give up the

DECLARATION OF RYAN BOYER - 6

C:\Users\sshrtb\AppData\Local\Microsoft\Windows\INetCache\C
ontent.Outlook\3QL2BSHX\Boyer Decl Draft.docx

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

advantage in a fight. Thus, I felt I had no other choice and tried a compliance strike with the Taser in my hand to the back of Preston's head. I followed the strike with more continued commands to stay down. However, neither the commands nor the strike were effective in stopping Preston's continued resistance. I repeated the same procedure, again with no effect.

17.     Realizing that the hand strikes were not effective, I stood and attempted a foot strike to the right side of Preston's body, backed away, and gave verbal commands to stay down. Again Preston continued his attempts to get up. I repeated the same procedure two or three times, with no effect. Preston was not able to be taken into custody until other Deputies finally arrived.

18.     Each and every time I used a level of force I deemed reasonable to affect the lawful arrest, Preston tried to get up.

19.     It is my understanding that after the second Taser deployment, Preston alleges he was on his knees and that I kicked him in the back causing him to fall forward onto his hands. I did not kick Preston in the back after the second Taser deployment, or at any time. After the second Taser deployment, Preston fell from a standing or upright position onto the front of his body. After Preston attempted to get up, I placed my knee against his back in order to try to secure him.

20.     It is my understanding that Preston alleges that I kicked him in the face on two occasions. I never kicked Preston in the face. I did deliver three nonconsecutive foot strikes to the right side of Preston's torso when he continued resisting arrest and ignoring my commands.

21.     I am 5 feet, 9 inches tall, and weighed about 175 pounds at the time of the incident.

DECLARATION OF RYAN BOYER - 7

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

22.     Attached as **Exhibit A**, is a true and correct copy of my report regarding the incident on July 30, 2014.

23.     Attached as **Exhibit B**, is a true and correct copy of the WACIC (Washington Criminal Information Center) system returns for Robert Preston for July 30, 2014.


I declare under penalty of perjury pursuant to the law of the State of Washington that the above statements are true and correct to the best of my knowledge.

DATED this 22 day of March, 2017, in Everett, Washington.

RYAN BOYER

DECLARATION OF RYAN BOYER - 8

C:\Users\sshrtb\AppData\Local\Microsoft\Windows\INetCache\C
ontent.Outlook\3QL2BSHX\Boyer Decl Draft.docx

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

1

## CERTIFICATE OF SERVICE

2
3

I hereby declare I served a true and correct copy of the foregoing **Declaration of Ryan Boyer** upon the person/persons listed by the method(s) indicated:

4

Robert John Preston
Booking No. 935915
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 98362
*Pro se*

⊠ Electronic Filing (CM/ECF)
☐ Facsimile
☐ Express Mail
☐ Email
☐ U.S. Mail
☐ Hand Delivery
☐ Messenger Service

5
6
7
8
9

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

10

SIGNED at Everett, Washington, this 23rd day of March, 2017.

11
12

*s/ Marc O. Bides*
Marc O. Bides, WSBA No. 40496

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

DECLARATION OF RYAN BOYER - 9

C:\Users\spasbp\Desktop\Boyer Decl Draft.docx

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

**EXHIBIT A**

# STATE OF WASHINGTON UNIFORM INCIDENT REPORT

| SNOHOMISH COUNTY SHERIFF'S OFFICE | ☐ Officer Safety ☐ Officer Assault | Responding to: | 1 | Assignment | SO3408 | Reporting Area | Beat B4 | Report Number SO 14-13176 |
|---|---|---|---|---|---|---|---|---|

| Type of Report | ☐ Vehicle | ☐ Juvenile | ☐ Hate/Bias | ☐ Computer Used |
|---|---|---|---|---|
| ☐ Persons | ☐ Arrest | ☐ Child Abuse | ☐ Gang Related | ☐ Drug Related |
| ☒ Property | ☐ Phone Report | ☐ Domestic Violence | ☐ Other | ☐ Alcohol Related |
| ☐ Information | | | | |

| Incident Classification | Offense Codes | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| POSSESSION OF STOLEN PROPERTY | A C | | A C | | A C | | A C | | A C | |

| Address/Location of Incident | Premise Type/Name | Code 2 |
|---|---|---|
| 16400 52ND ST SW LYNNWOOD | ROADWAY | |

| | REPORTED ON | | | OCCURRED ON OR FROM | | | | | OCCURRED TO | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month 7 | Day 30 | Year 14 | Time 1029 | DOW WED | Month 7 | Day 30 | Year 14 | Time 1029 | DOW WED | Month 7 | Day 30 | Year 14 | Time | DOW WED |

| Add'l on Supplemental | CODES | | TYPE VICTIM CODES |
|---|---|---|---|
| ☒ Persons | V - Victim | C - Complainant | I - Individual | G - Government | P - Police |
| ☐ Vehicles | W - Witness | G - Parent/Guardian | B - Business | R - Religious | O - Other |
| ☐ Collision Report | O - Others | D - Deceased | F - Financial | S - Society/Public | U - Unknown |
| | B - Victim Business | RO - Registered Owner | | | |

| No. V-1 | Non-Disc. ☐ | NAME (Last, First, Middle) MORRIS, BARBIETO M | Race 3 W | Eth 3 | Sex DOB F | AGE | HGT 507 | WGT 190 | HAIR BRN | EYES BRN |
|---|---|---|---|---|---|---|---|---|---|---|

| Street Address | Apt # | City EDMONDS | State WA | ZIP 98026 | Res. Status: 4 |
|---|---|---|---|---|---|

| Residence Phone: | Business Phone: | Employment/Occupation/School | Type Victim 5 | Type Injury 6 | Victim of OFNS# OFNDR# | Relationship 7 |
|---|---|---|---|---|---|---|

| No. V-2 | Non-Disc. ☐ | NAME (Last, First, Middle) MCCONNACHIE, MICHAEL E | Race 3 | Eth 3 | Sex DOB | AGE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|

| Street Address | Apt # | City BONNY LAKE | State WA | ZIP | Res. Status: 4 |
|---|---|---|---|---|---|

| Residence Phone: | Business Phone: | Employment/Occupation/School | Type Victim 5 | Type Injury 6 | Victim of OFNS# OFNDR# | Relationship 7 |
|---|---|---|---|---|---|---|

| No. of Suspects/Arrested Persons in this Incident: | Suspect Codes: A – Arrest, R – Runaway, S – Suspect, M – Missing, I – Institutional (Mental/Detox), X – Other |
|---|---|

| No. A-1 | NAME (Last, First, Middle) PRESTON, ROBERT J | Race 3 W | Eth 3 | Sex M | DOB 69 | AGE | HGT 511 | WGT 235 | HAIR | EYES HAZ |
|---|---|---|---|---|---|---|---|---|---|---|

| Alias Name(s) | Identifiers |
|---|---|

| Street Address 15507 52ND ST SW | Apt # | City EDMONDS | State WA | ZIP 98087 | Res. Status: | Residence Phone: |
|---|---|---|---|---|---|---|

| Employment / Occupation / School | Business Phone | SSN 534726575 | Driver's Lic/ID Card No. PRSTRJ314DF | State: WA |
|---|---|---|---|---|

| IBR Arrest Offense No. | Booked / Where | Booking # | Charges 1. F IDENTITY THEFT 2. F POSS STOLEN PROP 2 3. M POSS STOLEN PROP 3 4. M POSS OTHER ID | Citation/Warrant | Bail |
|---|---|---|---|---|---|
| Arrest Date: 7/30/14 | Location of Arrest: 112TH ST PARK AND RIDE | | | | |

| Affiliation | On View Arrest ☒ | Cited ☐ Yes ☐ No | Statement ☐ Oral ☐ Written | Charges ☐ Admitted ☒ Denied | Arrestee Armed with | Identification No. | Multi Clear |
|---|---|---|---|---|---|---|---|

| Juvenile Parent/Guardian Notified ☐ Yes ☐ No | Name/Relationship of Person Notified | Date/Time Notified | Notified by | Disposition of Juvenile ☐ H ☐ R 8 |
|---|---|---|---|---|

| VEHICLE CODES: | ☐ Located | ☐ Seized/Narc | ☐ Damaged/Vandalized | ☐ Victim's Vehicle | ☐ Hold |
|---|---|---|---|---|---|
| ☐ Stolen # | ☐ Impounded | ☐ Abandoned | ☐ Other | ☐ Suspect's Vehicle | For who: |
| ☐ Recovered # | ☐ Evidence / Impounded | | | | |

| No. | License Number | State | Vin / Hull No. | Year | Make | Model | Style |
|---|---|---|---|---|---|---|---|

| Color | Special Features / Description | Value $ | Driver Is: ☐ R/O ☐ Person # | Registered Owner's name |
|---|---|---|---|---|

| Vehicle Disposition ☐ Left at Scene ☐ Driven Away ☐ Impounded | Tow Company/Address/Phone | Registered Owner's Address |
|---|---|---|

| Locked | Keys in Vehicle | Delinquent Payment | Victim Consent | Theft Ins. | Drive able | Damage to Vehicle | Specify damage by Shading damaged area ☐ Top ☐ Underside | 7 8 | 5 6 | 3 4 | 1 2 | Damage Est. $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

MAKING FALSE REPORTS TO PUBLIC OFFICERS: (1) A PERSON COMMITS THE CRIME OF MAKING A FALSE REPORT IF HE/SHE WILLFULLY MAKES ANY UNTRUE, MISLEADING OR EXAGGERATED STATEMENT IN ANY REPORT TO A POLICE OR FIRE DEPT. (2) MAKING A FALSE REPORT IS A MISDEMEANOR. IF PROPERTY CRIME: I DID NOT GIVE ANYONE PERMISSION TO ENTER MY PREMISES AND/OR TAKE/REMOVE/DAMAGE MY PROPERTY/VEHICLE. IF FOUND PROPERTY, I HAVE BEEN ADVISED OF CHAPTER 63 OF THE R.C.W. AND ( ) I DO ( ) I DO NOT WISH TO CLAIM THE PROPERTY IF THE TRUE OWNER CANNOT BE FOUND.
( ) I ACCEPT LIABILITY FOR TOWING AND STORAGE IF IT IS RECOVERED AND I AM NOT IMMEDIATELY AVAILABLE TO CLAIM IT.
( ) THE NAMED JUVENILE IS PRESENTLY A RUNAWAY
( ) THE NAMED PERSON IS PRESENTLY MISSING
( ) I AGREE TO HOLD HARMLESS AND DEFEND SNOHOMISH COUNTY FROM ANY AND ALL CLAIMS RESULTING FROM THE RELEASE OF THE VEHICLE TO ME.
( ) I RELEASED PROPERTY TO _____
( ) I HAVE READ, UNDERSTAND AND AGREE TO THE ABOVE (Signature of person/date) _____

REPORT NUMBER SO 14-13176

| Officer Name/Number BOYKIN C858 | Court code | Approved by | Assigned |
|---|---|---|---|

| IBR Clearance: (one) ☐ ARR/A ☐ ARR/J ☒ EXC/A ☐ EXC/J ☐ INSUFF/CLO ☐ OTHER/CLO ☐ UNF | Copies made for: ☐ PA ☐ CPS ☐ JUV ☐ Court; ☐ PAT ☐ DSHS ☐ MH ☐ Detectives ☒ Other: LARS | DATA ENTRY |
|---|---|---|

REV / 12 8-03

# ADDITIONAL PERSONS / VEHICLES

PAGE ___ OF ___

| AGENCY NAME Snohomish County Sheriff's Office | INCIDENT CLASSIFICATION POSSESSION OF STOLEN PROPERTY | CASE NUMBER SO14-13176 |
|---|---|---|

| ADDL ON SUPP | ☒ PERSONS ☐ VEHICLES ☐ COLLISION | CODES | V-VICTIM    B-VICT. BUSINESS    D-DECEASED W-WITNESS   C-COMPLAINANT    RO-REG. OWNER O-OTHERS    G-PARENT/GUARDIAN | TYPE VICTIM CODES | I-INDIVIDUAL    G-GOVERNMENT    P-POLICE B-BUSINESS     R-RELIGIOUS      O-OTHER F-FINANCIAL    S-SOCIETY/PUBLIC  U-UNKNOWN |

| | NO. O-1 | No Disc ☐ | NAME (LAST, FIRST, MIDDLE) LEE, TIMOTHY JAMES | RACE W | ETH | SEX M | DOB ~~██████~~ | AGE | HGT 506 | WGT 155 | HAIR BLN | EYES BLU |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| STREET ADDRESS ~~████ ███████ ████~~ | APT# | CITY EVERETT | STATE WA | ZIP 98201 | RES. STATUS Full time |
|---|---|---|---|---|---|

| RES. PHONE UNK | BUS. PHONE | EMPLOYMENT/OCCUPATION/SCHOOL | TYPE VICT | TYPE INJ | VICTIM OF OFNS# OFNDR # | RELATIONSHIP |
|---|---|---|---|---|---|---|

| P E R S O N S 8 U S I N E S S E S | NO. O-2 | No Disc ☐ | NAME (LAST, FIRST, MIDDLE) PRESTON-SCHNETZER, KILINA E | RACE W | ETH | SEX F | DOB ~~██████~~ | AGE | HGT 504 | WGT 115 | HAIR BRN | EYES BRN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| STREET ADDRESS ~~████████████~~ | APT# | CITY LYNNWOOD | STATE WA | ZIP 98037 | RES. STATUS Full time |
|---|---|---|---|---|---|

| RES. PHONE UNK | BUS. PHONE | EMPLOYMENT/OCCUPATION/SCHOOL | TYPE VICT | TYPE INJ | VICTIM OF OFNS # OFNDR # | RELATIONSHIP |
|---|---|---|---|---|---|---|

| NO. | No Disc ☐ | NAME (LAST, FIRST, MIDDLE) | RACE | ETH | SEX | DOB | AGE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|---|

| STREET ADDRESS | APT# | CITY | STATE | ZIP | RES. STATUS |
|---|---|---|---|---|---|

| RES. PHONE | BUS. PHONE | EMPLOYMENT/OCCUPATION/SCHOOL | TYPE VICT | TYPE INJ | VICTIM OF OFNS # OFNDR # | RELATIONSHIP |
|---|---|---|---|---|---|---|

| NO. | No Disc ☐ | NAME (LAST, FIRST, MIDDLE) | RACE | ETH | SEX | DOB | AGE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|---|

| STREET ADDRESS | APT# | CITY | STATE | ZIP | RES. STATUS |
|---|---|---|---|---|---|

| RES. PHONE | BUS. PHONE | EMPLOYMENT/OCCUPATION/SCHOOL | TYPE VICT | TYPE INJ | VICTIM OF OFNS # OFNDR # | RELATIONSHIP |
|---|---|---|---|---|---|---|

| NO. | No Disc ☐ | NAME (LAST, FIRST, MIDDLE) | RACE | ETH | SEX | DOB | AGE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|---|

| STREET ADDRESS | APT# | CITY | STATE | ZIP | RES. STATUS |
|---|---|---|---|---|---|

| RES. PHONE | BUS. PHONE | EMPLOYMENT/OCCUPATION/SCHOOL | TYPE VICT | TYPE INJ | VICTIM OF OFNS # OFNDR # | RELATIONSHIP |
|---|---|---|---|---|---|---|

| NO. | No Disc ☐ | NAME (LAST, FIRST, MIDDLE) | RACE | ETH | SEX | DOB | AGE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|---|

| STREET ADDRESS | APT# | CITY | STATE | ZIP | RES. STATUS |
|---|---|---|---|---|---|

| RES. PHONE | BUS. PHONE | EMPLOYMENT/OCCUPATION/SCHOOL | TYPE VICT | TYPE INJ | VICTIM OF OFNS # OFNDR # | RELATIONSHIP |
|---|---|---|---|---|---|---|

**VEHICLES**

| VEHICLE CODES: | ☐ STOLEN   ☐ LOCATED   ☐ SEIZED   ☐ DAM/VANDALIZED ☐ RECOVERED ☐ TOWED   ☐ ABANDONED ☐ OTHER– | ☐ VICTIMS VEHICLE ☐ SUSPECTS VEHICLE | ☐ HOLD FOR: |
|---|---|---|---|

| NO. | LICENSE NO. | STATE | VIN/HULL NO. | YEAR | MAKE | MODEL | STYLE |
|---|---|---|---|---|---|---|---|

| COLOR | SPECIAL FEATURES/DESCRIPTION | VALUE $ | ☐ DRIVER IS RO ☐ DRIVER IS PERSON # | REGISTERED OWNERS NAME |
|---|---|---|---|---|

| VEHICLE DISPOSITION: | ☐ LEFT AT SCENE   ☐ TOWED ☐ DRIVEN AWAY | TOW COMPANY/ADDRESS/PHONE | REGISTERED OWNERS ADDRESS |
|---|---|---|---|

| LOCKED | KEYS IN VEHICLE | DELINQ. PAYMENT | VICTIM CONSENT | THEFT INS. | DRIVE-ABLE | SPECIFY DAMAGE BY SHADING DAMAGED AREA ☐ TOP  ☐ UNDERSIDE | 7 8 | 6 6 | 3 4 | 1 2 | DAMAGE EST. $ |
|---|---|---|---|---|---|---|---|---|---|---|---|

| VEHICLE CODES: | ☐ STOLEN   ☐ LOCATED   ☐ SEIZED   ☐ DAM/VANDALIZED ☐ RECOVERED ☐ TOWED   ☐ ABANDONED ☐ OTHER– | ☐ VICTIMS VEHICLE ☐ SUSPECTS VEHICLE | ☐ HOLD FOR: |
|---|---|---|---|

| NO. | LICENSE NO. | STATE | VIN/HULL NO. | YEAR | MAKE | MODEL | STYLE |
|---|---|---|---|---|---|---|---|

| COLOR | SPECIAL FEATURES/DESCRIPTION | VALUE $ | ☐ DRIVER IS RO ☐ DRIVER IS PERSON # | REGISTERED OWNERS NAME |
|---|---|---|---|---|

| VEHICLE DISPOSITION: | ☐ LEFT AT SCENE   ☐ TOWED ☐ DRIVEN AWAY | TOW COMPANY/ADDRESS/PHONE | REGISTERED OWNERS ADDRESS |
|---|---|---|---|

| LOCKED | KEYS IN VEHICLE | DELINQ. PAYMENT | VICTIM CONSENT | THEFT INS. | DRIVE-ABLE | SPECIFY DAMAGE BY SHADING DAMAGED AREA ☐ TOP  ☐ UNDERSIDE | 7 8 | 6 6 | 3 4 | 1 2 | DAMAGE EST. $ |
|---|---|---|---|---|---|---|---|---|---|---|---|

| OFFICER NAME/NUMBER LM ZELAYA #1394 | AREA | COURT CODE | APPROVED BY  ~~██ 1308~~ | ASSIGNED |
|---|---|---|---|---|



ORIGINAL

PAGE 1 OF 11

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| SNOHOMISH COUNTY SHERIFF'S OFFICE | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

Summary: Dispatched to a cold burglary. Suspect contacted.

Narrative: On 7/30/14 at approximately 0956 hours, I responded to 13176 50th Pl W, Edmonds in reference to a cold burglary. The reporting party was Barbieto Morris and she had originally reported the incident at 0739 hours, but due to call load I was not able to respond for hours later.

I arrived at 1004 hours and contacted Morris. Morris explained that she believed her garage and two vehicles were burglarized and prowled. Morris was unsure of the entry point but believed the side garage door was locked and her garage doors were closed.

Morris reported a blue and white, male's style mountain bike was stolen. Morris said the bike was a "Next" brand and had an upgraded larger seat which was a Schwinn model. Morris reported her Microsoft key card, two coach lanyards (green and flowers), men's New Balance shoes and a Sounder's blanket stolen. Morris did not have the serial number for the Next bike.

While investigating, I observed no signs of forced entry however, Morris confirmed she had her Microsoft key card with her when she arrived home on 7/29/14. I looked for evidence but was unable to locate any. I noticed the lawn mower was close to the man door making it difficult to get through the door. I believe the garage door may have been left open for a period of time.

I obtained a written statement and cleared the scene.

I had planned on performing an area check for the bicycle as it seemed reasonable the bike may have been stolen in the early morning from a garage door. I started the area check at 1027 hours.

At approximately 1029 hours, I observed a heavy set white male with bald head pushing a mountain bike in the 16400 block of 52nd St SW. The male had a few Subway sandwich's in a bag along with a coffee. I noted the

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER C1538 | | | | | | APPROVED BY | |
|---|---|---|---|---|---|---|---|
| IBR CLEARANCE : | ( ) INSUFF/ CLO | COPIES MADE FOR: | | | ( ) COURT. | CAS / EVG / SOUTH / EVT | DATA ENTRY |
| ( ) ARR/A   ( ) EXC/A | ( ) OTHER/ CLO | ( ) PA   ( ) CPS   ( ) JUV | | | ( ) DET: | PREC/ CTH / SIU | |
| ( ) ARR/J   ( ) EXC/J | ( ) UNF | ( ) PA   ( ) OSHS   ( ) MH | | | ( ) OTHER: | | |

Rev. 04/13

# NARRATIVE

| AGENCY NAME SNOHOMISH COUNTY SHERIFF'S OFFICE | INCIDENT CLASSIFICATION Possession of Stolen Property | INCIDENT NUMBER SO 14-13176 |
|---|---|---|
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

mountain bike was blue and white, with the brand name "Next" and had an aftermarket seat which was large. I turned around to contact the male and noticed the seat was a Schwinn brand.

I told the male I was investigating a burglary and asked him if the bike was his. The male was immediately defensive and said it wasn't his and he just borrowed it to get food. I told the male the bike matched the description I was provided and he would be detained as I believed the bike could be Morris's stolen bike.

While detaining the male, he continued to reach around and fail to listen to my instructions. I told him to sit down and keep his hands behind his back and he kept pulling them forward telling me he didn't do anything and would tell me where he got the bike from. Eventually, I was able to place him in handcuffs and detain the male. During this time, he continued to tell me how it was "bullshit, he didn't do anything, wasn't able to ride the bike and that was why he was walking it." The male told me that he got the bike from a guy down the street.

I asked the male for his identification and he told me it was in his wallet. I had not searched the male so his chained wallet was still in his pocket. The chain was attached to a belt loop then to the wallet. The male turned away from me and started to reach into his own pocket. I do not allow a person to do this as it is a safety concern. The male turned away again. I turned his body away from and pulled his wallet from his pocket. I told the male he was not to reach into his own pocket again.

The male had three identification's inside his wallet. I observed identifications for Joseph C Dryden, Kimberly A Baker, and Robert J Preston. The male told me he was Joseph Dryden. The picture on Joseph Dryden's photo appeared to match the male I was talking with. Dryden's identity was clear and valid. Robert Preston had a Felony Warrant and Baker had a misdemeanor warrant.

*Dryden was later identified as Robert J Preston, I will refer to him as Dryden until the point in my report where I located his true identity*

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER /1539 | | | APPROVED BY | |
|---|---|---|---|---|
| IBR CLEARANCE : ( ) ARR/A ( ) EXC/A ( ) INSUFF/ CLO ( ) OTHER/ CLO ( ) ARR/J ( ) EXC/J ( ) UNF | COPIES MADE FOR: ( ) PA ( ) CPS ( ) JUV ( ) PA ( ) DSHS ( ) MH | ( ) COURT CAS / EVG / SOUTH / EVT ( ) DET PREC / CTH / SIU ( ) OTHER: | DATA ENTRY |

Rev. 04/13

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| **SNOHOMISH COUNTY SHERIFF'S OFFICE** | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

Dryden told me that he didn't steal the bicycle and had borrowed it from a guy just down the street. I asked who the person was who loaned him the bicycle and he told me that he was unsure of the male's name but the house address was 15507 52nd ST SW Lynnwood. Dryden told me he had just visited the house this morning and was sent to get coffee and sandwiches. Dryden said he bought the coffee for the old lady who lived there. Dryden told me he was riding with another male who was in front of him.

I told Dryden I would like his help he was telling me the truth. I told him I would have to read him constitutional rights since he was in custody. I read him his rights from a department issued Miranda card. I asked him if he understood and he said yes and would fill out a statement stating he didn't do anything.

I called Morris, and asked her to come identify her bike. Morris responded, identified her bike as stolen and updated her statement indicating such. Morris recovered her bike.

I asked for a description of the person who had possession of the bike and loaned it to him. Dryden said he got it from a guy who was sleeping in the back of the residence. Dryden said the male was sleeping in a blanket so he didn't have a description. I asked if the blanket was a sounder's blanket and Dryden said he thought it was.

Dryden told me that if I brought the subject to him, he would be able to tell me if it was the same person who gave him permission to use the bike. Dryden insisted that I not allow the subjects to see him.

At this point, Dryden was under arrest for PSP (stolen bike) and possession of other's identification. I searched Dryden incident to arrest and pulled out multiple items from his pocket. There was large stack of mail that was in his left back pocket. Many of the mail items did not belong to Dryden.

I asked Dryden about the mail items. Dryden told me there was a bag attached to the bike when he obtained it from the unknown male at 15507 52nd St SW, Lynnwood. I asked why he had put the items in his pocket and he said so it wouldn't get lost.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | | | | | | APPROVED BY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | C1530 | | |
| **IBR CLEARANCE** ( ) ARR/A ( ) ARR/J | ( ) EXC/A ( ) EXC/J | ( ) SUFF/ CLO ( ) OTHER/ CLO ( ) UNF | **COPIES MADE FOR:** ( ) PA ( ) PA | ( ) CPS ( ) DSHS | ( ) JUV ( ) MH | ( ) COURT: ( ) DET ( ) OTHER: | CAS / EVG / SOUTH / EVT PREC / CTH / SIU | | DATA ENTRY |

Rev 04/13

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| SNOHOMISH COUNTY SHERIFF'S OFFICE | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

I requested multiple units assist me with making contact at the residence. Dryden gave me directions, showed me where to park and how to get to the home without being spotted. Dryden said the subject who gave him the bike would be the second male to the south in a chair under a blanket between the house and the shed.

There were 3 males in the backyard. The described male was identified as Jesse R. Falcon. Falcon was the second male south of our location, sleeping in a chair under a green "Sounder's" blanket. I believed the Sounder's blanket was the same Sounder's blanket that was stolen from Morris's residence. I detained Falcon and read him his constitutional rights from a department issued Miranda card. I asked him if he understood and was willing to talk and he said "yes".

I told him why I was there, and what I was investigation. I told him I had information that he had stolen a bike and loaned it out. Falcon was cooperative and calm, telling me that he did not steal the bike, had just got there in the early AM and had nothing to do with it. I asked Falcon where he had obtained the Sounder's blanket and he told me it was there on the ground so he used it for sleeping.

Next, I talked with Vitaly Lankerovich, I read him his constitutional rights from a preprinted Miranda card. I asked him if he understood and was willing to talk. Vitaly said yes, but he knew nothing about a stolen bike or burglary. I asked him about the bags that were sitting next to him. Vitaly said the bags were his. I asked If I could look through his bags and I was told no. I respected his rights.

Finally, I contacted Daniel Iverson. I asked Iverson about the bike and if he knew anything about the bike. Iverson said he was the one riding the bike in front of "Rob" who was riding the blue and white bike. I asked Iverson when he saw Rob riding the bike and he said around 1030 am. I said the person I had with me was Dryden. Iverson said he knew nothing more about the incident.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | | | | | | | APPROVED BY | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | C153 D | | | | | | | | | |
| IBR CLEARANCE: ( ) ARR/A    ( ) EXC/A ( ) ARR/J    ( ) EXC/J | | ( ) INSUFF/ CLO ( ) OTHER/ CLO ( ) UNF | COPIES MADE FOR: ( ) PA            ( ) CPS ( ) PA            ( ) DSHS | | ( ) JUV ( ) MH | | ( ) COURT: ( ) DET: ( ) OTHER: | CAS   /   EVG   /   SOUTH / EVT PREC/ CTH   /   SIU | | | DATA ENTRY |

Rev. 04/13

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| SNOHOMISH COUNTY SHERIFF'S OFFICE | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

MPD Zelaya was talking with Kilina Preston-Schnetzer who resides at 15507 52nd ST SW. I asked MPD Zelaya to take Kilina to my patrol vehicle to check to see if she recognized Dryden. MPD Zelaya had told me Kilina was being cooperative and would be helpful. MPD Zelaya escorted Kilina to look into the back seat of my patrol car, asked her if it was her dad "Rob" and she said "no". They both walked away from my patrol car and returned the scene.

During this time and elderly female, Suzanne Wilson exited the home and told me she didn't want any of the people there and to get them off of her property. I asked Suzanne if she wanted them trespassed and she said just get them out of here. Suzanne is very elderly and slow moving. Suzanne said she didn't want all the people at her home and to get them out. I had checked premises at Suzanne's residence prior to my arrival and note two welfare checks on Suzanne. I believe the people who are at her residence are taking advantage of her being elderly and not respecting her wishes and staying on her property without permission.

I asked Suzanne if Rob was at the house and she replied, Rob had been there a few hours prior and sleeps in the garage. I was looking for Rob based on his felony warrant. I asked Kilina when the last time she saw Rob was and she said a few hours prior as well. Both Kilina and Suzanne were standing near each other, but I believed they had been telling me the truth. I asked Suzanne for permission to search the house and was denied but told me I could search the garage. The outside garage door was locked. Kilina said she would try to open the other door from the inside but couldn't and it was locked.

I asked Kilina where Rob may be and she replied he had left to do yard work for money down the street at a "church or something."

At this point, I had interviewed all people I could and all parties did not provide any further information which could lead me to probable cause for any of their arrest. I asked Kilina if she would return Rob and Baker ID's ID as she said she would see both.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | | | | APPROVED BY | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| IBR CLEARANCE: ( ) ARR/A   ( ) EXC/A ( ) ARR/J   ( ) EXC/J | ( ) INSUFF/ CLO ( ) OTHER/ CLO ( ) UNF | COPIES MADE FOR: ( ) PA       ( ) CPS     ( ) JUV ( ) PA       ( ) DSHS   ( ) MH | | | ( ) COURT:   CAS  /  EVG  /  SOUTH / EVT ( ) DET:      PREC / CTH   /   SIU ( ) OTHER: | | DATA ENTRY |

Rev. 04/13

# NARRATIVE

| AGENCY NAME SNOHOMISH COUNTY SHERIFF'S OFFICE | INCIDENT CLASSIFICATION Possession of Stolen Property | INCIDENT NUMBER SO 14-13176 |
|---|---|---|
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

I returned to my vehicle and advised Dryden I was unable to validate any of the information provided. Dryden asked why I did not show him any of the people. I told him that I respected the fact he did not want to be seen. I told Dryden he was under arrest for the possession of stolen property and we were enroute to the Snohomish County Jail. Dryden said over and over again that he didn't steal the bike, that I knew he didn't do it and he would fill out a statement.

I told Dryden he was in possession of other's identifications and the stolen bike. Dryden said fine he would tell me who did it. Dryden said it was "Timothy". I told Dryden that Timothy was not there, nor in the described spot covered in the blanket. Dryden started to get upset and plead to me; I told him it was Jesse sitting in the chair he described. Dryden said, fine I'll tell you the truth and he didn't want to get anybody in trouble and it was Jesse Falcon who gave him the bike to use and he had seen Jesse pushing the bike 20 minutes prior to him using it. Dryden said he just used the bike to go to the store and didn't want to ride a "shitty ten speed."

Dryden continued to plead with me, telling me I had the wrong guy and he just used the bike and didn't steal it. Dryden told me he would fill out a statement identifying Falcon as the one who had stolen the bike. I called MPD Zelaya and advised him Dryden wanted to fill out a statement and I felt I should at least try and get more information with an interview.

I pulled over at the 112th Park and Ride. I took Dryden out of handcuffs and asked him if he remembered his rights and he said "yeah." I provided Dryden a pen, statement form and clipboard. Dryden wrote his name on the statement as Joe C Dryden 1/5/72 and the address of 5720 159th Street. In his statement it says he had seen Jesse Falcon push a white bike with a plastic bag on it to the porch of the house on 15507. Dyrden told me he talked to them about coach wallets for sale and then asked to use the bike and go to the store. Dyrden said he put the paper's which were in the bag into his pocket and went to the store.

I pulled out the bag I had placed all of the property in during the search. I remembered there were several items that did not belong to Dryden and needed to sort them.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER C1538 | | APPROVED BY | |
|---|---|---|---|
| IBR CLEARANCE: ( ) ARR/A  ( ) EXC/A ( ) ARR/J  ( ) EXC/J | ( ) INSUFF/ CLO ( ) OTHER/ CLO ( ) UNF | COPIES MADE FOR: ( ) PA  ( ) CPS  ( ) JUV ( ) PA  ( ) DSHS  ( ) MH | ( ) COURT: CAS / EVG / SOUTH/EVT ( ) DET: PREC/ CTH / SIU ( ) OTHER: | DATA ENTRY |

Rev. 04/13

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| **SNOHOMISH COUNTY SHERIFF'S OFFICE** | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE |
| | | 7/30/14 |

As I sorted through the items, I found many items that were not Dryden's. I found a California ID card belonging to Brian Joseph Mayer and Suzanne's Wilson's ID card and her social security card. I also noticed there was a check addressed to Robert Preston and the inside of the wallet had "Rob" written in it. I asked Dryden why he had Rob's wallet. Dryden said he picked it up the house so it wouldn't get lost. I said you picked up Rob's wallet and connected it your belt loop and left the house. Dryden said "yeah what's the big deal." I said I didn't understand why he would have everyone else's property. I said your are Rob aren't you? Dryden started to get angry and told me I didn't know what I was talking about. The picture on Dryden's ID card matched my subject very well which had convinced me earlier I had the correct subject in custody and he was Dryden. I hadn't really second guessed myself until this point.

I continued to sort through the paperwork still listening to Dryden continuing to become angry, cussing and becoming verbally aggressive and starting to look around. I asked Dryden again, why he had so much mail, which didn't belong to him. Dryden said he got the mail from the bag on the bike, didn't I remember and that is why it was in a bunch in his pocket making a large bulge.

I said again, you are Rob aren't you. Dryden became angrier, becoming increasingly verbal and agitated. I asked what the last 4 numbers of his social security number were and he told me he didn't know after a pause. I asked him what his address was and he said it was on 159th.

I told Dryden to keep calm and finish his statement. I remember telling him it was all good and stay chill and I was just asking him questions. I looked up a photo of Robert Preston on COT's, and I observed Dryden was not who said he was and was Robert Preston.

*Dryden will now be identified as Preston*

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | | | APPROVED BY | |
|---|---|---|---|---|---|---|
| C1538 | | | | | | |

| IBR CLEARANCE : | | INSUFF/ CLO | COPIES MADE FOR: | | ( ) COURT: CAS / EVG / SOUTH / EVT | DATA ENTRY |
|---|---|---|---|---|---|---|
| ( ) ARR/A | ( ) EXC/A | OTHER/ CLO | ( ) PA ( ) CPS ( ) JUV | | ( ) DET PREC / CTH / SIU | |
| ( ) ARR/J | ( ) EXC/J | ( ) UNF | ( ) PA ( ) DSHS ( ) MH | | ( ) OTHER: | |

Rev. 04/13

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| SNOHOMISH COUNTY SHERIFF'S OFFICE | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

Based on my training and experience, I had felt Preston becoming angry about my questioning his identity making him a possible threat to my safety when I told him I found his true identity. I recalled Preston had a Caution for drug use and his demeanor with me had been up and down making me feel he was unpredictable. At this point, Preston was unhand cuffed, I was alone, and he was a wanted for a Felony he was trying very hard to hide from. Preston was also much heavier than me. He appeared to be 240 pounds and I am 175 pounds creating a significant size mismatch.

I stood approximately 10 feet from Preston and said, I know your Rob and to put his hands behind his back and go to his knees. Preston snarled towards me and said no and refused to go to his knees. I told him to get on his knees now loudly, stating I saw his photo and get on his knees now. Preston ran forward towards the passenger side window looking in. I said again, get to you knees, I know your Rob. At this point I had drawn my Taser while Preston went his knees slowly, I gave him instructions to put his hands behind his back.

Preston put his left hand behind his back. I grabbed his left hand and he pulled it way and stood up. I backed away, told Preston I would Taser him if he did not listen. I said again, I know you're Rob and he replied "ok ok." Preston went to his knees again, put his hand behind his back. I grabbed his left hand again; Preston pulled his arm away again and stood up. I back away from him again, told him I would "Taser" him if he did not listen to my commands.

Preston, turned towards me, I said "GO TO YOUR KNEES NOW". Preston would not go to his knees and stood at an angle from me arguing. Based on my training, I had used excessive repetition and I have been trained it is a danger sign, which I had completed by giving Preston multiple opportunities to comply.

I deployed my Taser. Preston went to the ground slowly, pulled one of the darts from his body. Preston got up and ran westbound through the 112th St SW Park and Ride. I gave chase telling Preston to go to the ground. Preston continued to run. I requested more units respond.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | | | APPROVED BY | | | |
|---|---|---|---|---|---|---|---|---|
| IBR CLEARANCE :   ( ) INSUFF/ CLO<br>( ) ARR/A   ( ) EXC/A   ( ) OTHER/ CLO<br>( ) ARR/J   ( ) EXC/J   ( ) UNF | | COPIES MADE FOR:<br>( ) PA   ( ) CPS   ( ) JUV<br>( ) PA   ( ) DSHS   ( ) MH | | ( ) COURT:   CAS  /  EVG  /  SOUTH / EVT<br>( ) DET:   PREC / CTH  /  SIU<br>( ) OTHER: | | | DATA ENTRY | |

Rev. 04/13

# NARRATIVE

| AGENCY NAME | INCIDENT CLASSIFICATION | INCIDENT NUMBER |
|---|---|---|
| **SNOHOMISH COUNTY SHERIFF'S OFFICE** | Possession of Stolen Property | SO 14-13176 |
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

While in foot pursuit, I re-loaded my Taser and tased Preston while running westbound. Preston locked up and fell. Preston landed on the front of his body. I told him to stay on the ground. I requested back up expedite to my location and Aid personal to the scene.

I gave Preston commands to stay on the ground. Preston had started to bleed from his face area, likely from landing on the ground. Preston tried to get up, I felt he would fight me or do anything possible to be able to flee his arrest. I told Preston to stay on the ground. I tried to take control putting my knee on his back grabbing his arm and he pulled it away. Preston started to get up; I felt if he were to get up, I would be assault. I re-activated my Taser and attempted to use my Taser again. I felt if I had the Taser under power, I would be able to handcuff him. I grabbed Preston's right arm which Tased myself and Preston.

I turned off my Taser and told Preston to stay on the ground. Preston tried to get up again. I was still on Preston's back trying to get him handcuffed, alone and trying to take him into custody. I feared I would be assaulted if he were to get up or worse. I delivered a compliance strike to the back of his head with my Taser in hand. I backed away from Preston and yelled stay down, and stop resisting.

Again, Preston tried to get up, I believed the level of force I was using was ineffective and I would not be able to handcuff Preston without backup. I tried to detain Preston once again but he tried to get up, I delivered another compliance strike to the back of Preston's head with my Taser in hand, then backed away to assess.

I backed further and said stay on the ground. Preston again, tried to get up. I told him to stay down; I delivered 1 foot strike with my right foot to his right body. I backed away and gave him verbally commands to stay down. Again, Preston tried to get up. I again, delivered 1 foot strike with my right foot to his right body, backed away and gave additional verbal commands. Preston tried to get up again, I gave him verbal commands to stay on the ground and not to move which Preston failed to obey. I delivered an additional foot strike with my right foot to his right body, backed away and gave him verbal commands to stay on the ground.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | | | APPROVED BY | |
|---|---|---|---|---|---|---|
| IBR CLEARANCE: ( ) ARR/A ( ) ARR/J | ( ) INSUFF/CLO ( ) EXC/A ( ) OTHER/ CLO ( ) EXC/J ( ) UNF | COPIES MADE FOR: ( ) PA ( ) CPS ( ) PA ( ) DSHS | ( ) JUV ( ) MH | ( ) COURT CAS / EVG / SOUTH / EVT ( ) DET: PREC / CTH / SIU ( ) OTHER: | DATA ENTRY | |

Rev. 04/13

# NARRATIVE

| AGENCY NAME SNOHOMISH COUNTY SHERIFF'S OFFICE | INCIDENT CLASSIFICATION Possession of Stolen Property | INCIDENT NUMBER SO 14-13176 |
|---|---|---|
| NAME OF ORIGINAL VICTIM(S) | | REPORT DATE 7/30/14 |

Preston was not giving up. Each and every time I used a level of force I deemed reasonable to affect the lawful purpose intended, Preston tried to get up. I drew my duty weapon, told Preston to stay on the ground.

Sometime throughout the incident I lost Dyrand's Identification which was pinned to my uniform. It was not located.

At this time, Back up arrived and Preston was taken into custody. I verified Preston's scars and tattoos which matched. The warrants were confirmed

Aid personal arrived and treated Preston. Other Deputies followed the Aid unit to the Hospital and I returned to the South Precinct for paper work. Later I was advised, Preston would not be able to be booked due to injuries and it was decided the warrants would be re-entered into the system.

While at the precinct, I was able to sift through all of the property Preston was in possession of. Some of the property was easy to determine was his personal property which was booked for safe keeping. The below list of items were all found in Preston's clothing or wallet. Among the items were, Brian's Mayer's ID, Suzanne Wilson's ID and social security card and three EBT Card. There were multiple other items such as credit cards and financial items which did not belong to Preston. I have not identified those people as victims yet.

However, I contacted Debra Prather who works for the State of Washington OFA and requested she look the owner's of the EBT cards. One card belonged to Danielle Brouman who I have not located, the second belonged to Preston and the third belonged to Michael Mcconnachie and it returned stolen. See Debra's statement for further.

Based on all of the information gathered, I believe there I probable cause for Preston's for Possession of other's ID, ID Theft (Dryden) , Possession of Stolen Property 2 (access device) 3 (bike).

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME/NUMBER | | | APPROVED BY | |
|---|---|---|---|---|
| IBR CLEARANCE ( ) ARR/A ( ) EXC/A ( ) ARR/J ( ) EXC/J | ( ) INSUFF/ CLO ( ) OTHER/ CLO ( ) UNF | COPIES MADE FOR: ( ) PA ( ) CPS ( ) JUV ( ) PA ( ) DSHS ( ) MH | ( ) COURT CAS / EVG / SOUTH / EVT ( ) DET. PREC / CTH / SIU ( ) OTHER | DATA ENTRY |

Rev. 04/13

Page 1 of 1

# FOLLOW-UP

| Agency Name:<br>**Snohomish County Sheriff's Office** | INCIDENT CLASSIFICATION<br>POSSESSION OF STOLEN PROPERTY | | INCIDENT NUMBER<br>SO14-13176 |
|---|---|---|---|
| NAME OF ORIGINAL VICTIM(S) | | | REPORT DATE<br>7/30/2014 |

| TYPE OF ORIGINAL REPORT | | DATE | | RECLASSIFY TO | | CONNECTING REPORTING NUMBERS | |
|---|---|---|---|---|---|---|---|
| PROPERTY CHANGES: | ACTION | ADDITIONAL LOSS<br>$ | ACTION | ADDITIONAL RECOVERED<br>$ | TOTAL RECOVERED<br>☐ YES ☐ NO | | ☐ Computer used<br>☐ Drug related<br>☐ Alcohol related |

This follow-up report pertains to a Possession of Stolen Property investigation initiated by Deputy R. Boyer. The purpose of this follow-up report was to document my involvement.

On July 30, 2014, at approximately 1032 hours, I responded to the intersection of 52nd Avenue West at 160th Street Southwest. Deputy R. Boyer had detained a subject at the location. Upon my arrival, I contacted Deputy Boyer. Deputy Boyer had a subject detained at the location. I saw there was a white colored mountain bike nearby. Deputy Boyer said the mountain bike was stolen in a burglary he had just investigated. He said the male, who had identified himself as Joseph Dryden, had been riding the mountain bike. According to Deputy R. Boyer, the male said he got the bike from an associate who lived nearby.

On July 30, 2014, at approximately 1147 hours, I followed Deputy Boyer to 15507 52nd Avenue West, Lynnwood. We waited for Deputy J. Cline, Deputy C. Simpson, and Deputy T. Forsell to arrive on scene. Deputy Forsell remained with Joseph Dryden while the rest of us made contact at the 52nd Avenue West address. We contacted several people while at the address. I identified two people while at the address. I identified two individuals, Timothy Lee and Kilina Preston-Schnetzer. I identified Timothy Lee verbally. I identified Kilina Preston-Schnetzer via her temporary Washington State identification card.

While at the location, I noticed that individuals at the residence had seen Robert Preston leaving the location on the stolen mountain bike. A records check was conducted on Robert Preston. It was determined that Robert Preston had an active felony arrest warrant for burglary. Joseph Dryden's identity was called into question. The subjects at the residence mentioned that Kilina Preston-Schnetzer was Robert Preston's daughter. Kilina Preston-Schnetzer told me that Robert Preston was her father. I decided to ask Kilina Preston-Schnetzer to follow me where we had Joseph Dryden. She agreed to follow me to Deputy Boyer's patrol car. Upon our arrival, I had her look at the male who claimed to be Joseph Dryden. I asked her if the male was Robert Preston. She told me the male was not Robert Preston. After the viewing, Kilina Preston-Schnetzer and I returned to the 52nd Avenue West address.

On July 30, 2014, at approximately 1306 hours, Deputy Boyer requested an expedited response to the 112th Street Southwest Park and Ride. I immediately responded to the location. I arrived on scene at approximately 1308 hours. I saw Deputy Boyer was holding Joseph Dryden against the ground. I saw Joseph Dryden's face was bloodied. I saw he was in and out of consciousness. Deputy Boyer told me that he had identified Joseph Dryden as Robert Preston. He said Robert Preston attempted to flee. He said he deployed his Taser and Robert Preston fell to the ground.

Paramedics responded to the scene. They transported Robert Preston to PGMC-Colby Campus. I followed the ambulance to Colby Campus. I remained at the hospital until it was determined that Robert Preston did not sustain a life threatening injury. Deputy C. Leyda had also responded to the hospital so that he could remain with Robert Preston while he got a clearance for booking. I learned that Robert Preston would have to spend the night at the hospital. I determined that we did not have the resources to keep a law enforcement presence with Robert Preston. Therefore, I told Deputy C. Leyda to leave his post. I then contacted SNOPAC and asked them to have the felony arrest warrant unconfirmed. Finally, I contacted a Skagit County SO Sergeant. I told him that Robert Preston was at Colby Campus. As the warrant was originated out of his agency, I gave the Skagit County SO an opportunity to contact Robert Preston at the hospital and to await his release.

This concluded my involvement in this investigation.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME / NUMBER:<br>LM Zelaya #1394 | APPROVED BY: | | DATA ENTRY |
|---|---|---|---|
| IBR Clearance: (one)<br>☐ ARR/A ☐ ARR/J ☐ EXC/A ☐ EXC/J<br>☐ INSUFF/CLO ☐ OTHER/CLO ☐ UNF | Copies made for:<br>☐ PA ☐ CPS ☐ JUV ☐ Court: ____<br>☐ PAT ☐ DSHS ☐ MH ☐ Other: ____ | ☐ Det. Prec. / CH / SIU | |



Page 1 of 1

# FOLLOW-UP

| Agency Name: **Snohomish County Sheriff's Office** | INCIDENT CLASSIFICATION Possession of Stolen Property | | INCIDENT NUMBER 14-13176 | |
|---|---|---|---|---|
| NAME OF ORIGINAL VICTIM(S) | | | REPORT DATE 07-31-14 | |

| TYPE OF ORIGINAL REPORT | DATE | | RECLASSIFY TO | CONNECTING REPORTING NUMBERS | |

| PROPERTY CHANGES: | ACTION | ADDITIONAL LOSS $ | ACTION | ADDITIONAL RECOVERED $ | TOTAL RECOVERED ☐ YES ☐ NO | ☐ Computer used ☐ Drug related ☐ Alcohol related |

On July 30, 2014 at approximately 1306 hours I was traveling Northbound on I-5 passing the 128th St SW exit when I heard over the radio an assist the officer call at the 112th ST Park n Ride. I drove to the location and exited to the park n ride lot from I-5. As I turned up the center road I observed Deputy Boyer standing over a male lying on the ground. Deputy Boyer had his Taser deployed and he was holding same in both hands. As I got closer I observed the male rolling from back to front and flailing his arms. Deputy Boyer was giving verbal commands which the male was not complying with. I observed Deputy Boyer strike the side of the male twice with his foot.

I exited my vehicle and approached the male from his feet. I place a control hold on his feet and legs and told the male to lay on his stomach and place his hands behind his back several times. The male slowly complied with my instructions. He placed his hands behind his back and Deputy Boyer placed cuffs on him.

I observed the male had blood all over his face, head and arms. The male appeared to be highly intoxicated. Aid was summoned to the scene. When the scene was secured, I cleared from the scene.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| OFFICER NAME / NUMBER: Jeffrey L. Miller, Captain | APPROVED BY: |
|---|---|
| IBR Clearance: (one) ☐ ARR/A  ☐ ARR/J  ☐ EXC/A  ☐ EXC/J ☐ INSUFF/CLO  ☐ OTHER/CLO  ☐ UNF | Copies made for: ☐ PA  ☐ CPS  ☐ JUV  ☐ Court: ____  ☐ Det:  Prec.  /  CH  /  SIU ☐ PAT  ☐ DSHS  ☐ MH  ☐ Other: ____ | DATA ENTRY |

**EXHIBIT B**

```
         <TXT>QW.WA031633N.NAM/PRESTON, ROBERT J.DOB/1969█████

*** MULTIPLE RECORDS ***
------ RECORD NUMBER 1 OF 5 ------
          EXACT MATCH
             (BASED ON NAM,DOB)
*** DOC CUSTODY STATUS RECORD ***
************* THIS IS NOT A WARRANT ********************
******* DO NOT ARREST ON THIS INFORMATION **************
DOC NUMBER/██████ SID/WA██████████
NAM/PRESTON,ROBERT J  DOB/███████/1969
AKA/EGGLESTON,ALVIN J
ORI/WA034105G
LOCATION/UNKNOWN CUSTODY STATUS/INACTIVE
SUPERVISION/INACTIVE UPDATED/04/28/2010


------ RECORD NUMBER 2 OF 5 ------
          NEAR HIT
FELONY WARRANT (BASED ON NAM,DOB)
*** CAUTION ***
 CMC/20 - KNOWN TO ABUSE DRUGS

MKE/EWFC ORI/WA0290000 NAM/PRESTON,ROBERT JOHN
.M.W.WA.███████/1969
 HGT/511  WGT/245  EYE/HAZ  HAI/BRO  CTZ/US
 OCA/141000668  SMT/SC R SHLD  FPC/PMPI13PO041106121506
 FBI/██████████  SID/███████████1  SOC/█████████
 OLN/█████████████████
 OFF/2299
 OFL/BURGLARY -2299
 DOW/01/31/2014 ORC/WA029015J
 TOW/FN WAR/163141 AOB/050000
 MIS/7 STATES EXTRA WA OR ID MT SD WY UT VRFY 360 424 1739 OFFICER
SAFETY BURG
    2, RES BURG
 EXL/2-LIMITED EXTRADITION SEE MIS FIELD EXD/NONEXP
   **SUPPLEMENTAL INFORMATION**
 DOB/███████/1968
 SOC/██████████ / ████████████ / ████████████
 SMT/SC ABDOM / SC BACK / SC CHEST / SC FACE / SC L CALF / SC L HND
 SMT/SC L KNEE / SC L SHLD / SC R EYE / SC SHLD / TAT FARM / TAT R ARM
 SMT/TAT RF ARM
 AKA/PRESTON,ROBERT J / EGGLESTON,ALVIN JOSEPH
 ENT: 01/31/2014 AT 1810 FROM SCSA1  BY/SO MT VERNON (MTVSO)
WAC/14W0018004 NIC/W190200597

*** WASIS IDENTIFICATION INFORMATION BASED ON SID/PCN IN WARRANT ***
*** POSSIBLE CRIMINAL HISTORY RECORD ***
*** DO NOT ARREST ON THIS INFORMATION ***
***CONVICTED FELON***
***MOST RECENT FELONY CONVICTION(S)***
```

```
HIT AND RUN-INJURY
RESIDENTIAL BURGLARY

NAM/PRESTON,ROBERT J  DOB/█████/1969  SEX/M  RAC/W
SID/████████  PCN/  FBI/████████
HGT/510 WGT/225 EYE/HAZ HAI/BRO POB/WA
DOB/█████/1969 /█████/1968
SOC/████████ /████████ /████████ /████████
SMT/SC ABDOM /SC BACK /SC CHEST /SC FACE /SC L CALF /SC L HND /SC L
KNEE
SMT/SC L SHLD /SC R EYE /SC R SHLD /SC SHLD /TAT FARM /TAT R ARM /TAT
RF ARM
SMT/TAT RF ARM
AKA/EGGLESTON,ALVIN JOSEPH /PRESTON,ROBERT JOHN

------ RECORD NUMBER 3 OF 5 ------
          NEAR HIT
FELONY WARRANT (BASED ON NAM,DOB)

MKE/EWF  ORI/WA0310000 NAM/PRESTON,ROBERT JOHN
.M.W.WA.03/06/1969
 HGT/510  WGT/205  EYE/HAZ  HAI/BRO  CTZ/US
 OCA/141003212  SMT/SC ABDOM
 FBI/████████  SID/████████  SOC/████████
 OLN/████████
 OFF/2399
 OFL/LARCENY -THEFT LEASED PROP/FELONY
 DOW/02/26/2014 ORC/WA031015J
 TOW/FN WAR/1401847 AOB/005000
 MIS/EXTRA FROM ANYWHERE IN THE UNITED STATES VER 425 388 3523 ORIG
AGCY/
      EVERETT PD
 EXL/1-FULL EXTRADITION UNLESS NOTED IN THE MIS FIELD EXD/NONEXP
    **SUPPLEMENTAL INFORMATION**
 DOB/█████/1968
 SOC/████████ /████████ /████████
 SMT/SC BACK / SC CHEST / SC FACE / SC L CALF / SC L HND / SC L KNEE
 SMT/SC L SHLD / SC R EYE / SC R SHLD / SC SHLD / TAT FARM / TAT R ARM
 SMT/TAT RF ARM
 AKA/PRESTON,ROBERT J / EGGLESTON,ALVIN JOSEPH
 ENT: 03/05/2014 AT 1342 FROM SE90  BY/SO EVERETT (EVESO)
 UPD: 03/05/2014 AT 1344 FROM SE90
WAC/14W0037976 NIC/W830442747

*** WASIS IDENTIFICATION INFORMATION BASED ON SID/PCN IN WARRANT ***
*** POSSIBLE CRIMINAL HISTORY RECORD ***
*** DO NOT ARREST ON THIS INFORMATION ***
***CONVICTED FELON***
***MOST RECENT FELONY CONVICTION(S)***
HIT AND RUN-INJURY
RESIDENTIAL BURGLARY
```

```
NAM/PRESTON,ROBERT J  DOB/▮▮▮▮/1969 SEX/M  RAC/W
SID/▮▮▮▮▮▮▮▮      PCN/  FBI/▮▮▮▮▮▮▮
HGT/510 WGT/225 EYE/HAZ HAI/BRO POB/WA
DOB/▮▮▮▮/1969 /06/14/1968
SOC/▮▮▮▮ /▮▮▮▮▮▮ /▮▮▮▮▮▮ /▮▮▮▮▮▮▮
SMT/SC ABDOM /SC BACK /SC CHEST /SC FACE /SC L CALF /SC L HND /SC L
KNEE
SMT/SC L SHLD /SC R EYE /SC R SHLD /SC SHLD /TAT FARM /TAT R ARM /TAT
RF ARM
SMT/TAT RF ARM
AKA/EGGLESTON,ALVIN JOSEPH /PRESTON,ROBERT JOHN


------ RECORD NUMBER 4 OF 5 ------
          NEAR HIT
          (BASED ON DOB,AKA)
SID/▮▮▮▮▮▮▮▮   NAM/PRESTON,ROBERT JOHN DOB/▮▮▮▮/1969
FBI/▮▮▮▮▮▮▮   HGT/510 WGT/225 HAI/BRO EYE/HAZ
*** POSSIBLE CRIMINAL HISTORY RECORD ***
*** DO NOT ARREST ON THIS INFORMATION ***
***CONVICTED FELON***
***MOST RECENT FELONY CONVICTION(S)***
HIT AND RUN-INJURY
RESIDENTIAL BURGLARY

------ RECORD NUMBER 5 OF 5 ------
          NEAR HIT
          (BASED ON NAM)
SID/▮▮▮▮▮▮▮▮   NAM/PRESTON,ROBERT M DOB/▮▮▮▮/1967
HGT/602 WGT/180 HAI/BLN EYE/HAZ
*** POSSIBLE CRIMINAL HISTORY RECORD ***
*** DO NOT ARREST ON THIS INFORMATION ***
```