| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

          Plaintiff,

   v.

RYAN BOYER, et al.,

          Defendants.

CASE NO. C16-1106-JCC-MAT

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL

Robert John Preston, a state prisoner, is proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action alleging excessive force against Snohomish County Sheriff's Deputy Ryan Boyer.[1]  Currently before the Court is plaintiff's motion to appoint counsel and extend the March 1, 2017 discovery deadline.  Defendant opposes the motion.  Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

    (1)    Plaintiff alleges the following events in his amended complaint. On July 30, 2014, at around 1:00 p.m., defendant encountered plaintiff at a park-and-ride in Everett, Washington.

---

[1] A second defendant, Snohomish County Sheriff's Captain Jeffery Miller, has been dismissed. Dkt. 50.

ORDER DIRECTING CLERK TO
IDENTIFY PRO BONO COUNSEL
PAGE - 1

1 (Dkt. 10 at 5.) Defendant shot plaintiff with a Taser in dart mode. (*Id*.) Plaintiff pulled the prongs
2 out of his stomach and began to run away. (*Id*.) Defendant pursued plaintiff and tased him in the
3 back. (*Id*.) Plaintiff "locked up" and fell to his knees. (*Id*.) Defendant kicked him in the back,
4 which sent him sliding forward on the right side of his body, causing road rash on his right wrist
5 and arm. (*Id*. at 6.) Plaintiff started to push himself up, and Defendant jumped on his back and
6 began to hit the back of his head with the butt of the Taser, causing puncture wounds and partially
7 severing his right ear from his scalp. (*Id*. at 5-6.) Defendant got up and yelled at plaintiff to place
8 his hands behind his back. (*Id*. at 6.) Blood was running into plaintiff's eyes, so he reached his
9 arm up to wipe his face. (*Id*. at 6-7.) Defendant then kicked plaintiff above his right eye, causing
10 a three to four inch wound. (*Id*. at 5, 7.) Defendant kicked plaintiff a second time in the face,
11 breaking his nose, splitting his lips, and snapping one of his front teeth. (*Id*. at 5, 7.) The second
12 kick to the face caused plaintiff to lose consciousness and go into a seizure. (*Id*. at 5, 7.) Defendant
13 also kicked plaintiff twice on the side of his body. (*Id*. at 10.) Plaintiff woke up a day later in the
14 intensive care unit at a hospital in Everett. (*Id*. at 7.) He alleges additionally that he had two
15 broken ribs and damage to his right knee. (*Id*. at 9.)

16      (2) Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*,
17 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request
18 the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).
19 *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining
20 whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the
21 merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
22 of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor
23 is dispositive, and they must be viewed together before reaching a decision on a request for

counsel. *Id*.

In this case, plaintiff has made serious allegations of excessive force against defendant. Although defendant disputes plaintiff's account of events, if the evidence currently in the record is viewed in plaintiff's favor, there are at least serious questions regarding the constitutionality of defendant's actions. Defendant has filed a motion for summary judgment based on qualified immunity that relies on expert testimony. Although plaintiff has sufficiently articulated his claims thus far in the litigation, the Court concludes that the complexity of the legal issues will make it difficult for him to continue to pursue this case *pro se*.

Considering all of the above, the Court finds exceptional circumstances warrant the appointment of counsel in this matter. However, plaintiff is advised that there is no guaranteed *pro bono* counsel will be identified. Therefore, the motion for appointment of counsel (Dkts. 46 (sealed motion) & 47 (redacted motion)) is GRANTED contingent upon the identification of counsel willing to represent plaintiff in this matter.

(3)    The Clerk is DIRECTED to identify counsel from the Pro Bono Panel to represent plaintiff. Upon the identification of pro bono counsel, the Court will issue an order appointing counsel and extending the discovery deadline.

(4)    Defendant's motion for summary judgment (Dkt. 51) will be held in abeyance pending appointment of counsel and an opportunity for plaintiff to conduct further discovery. The Clerk is directed to REMOVE defendant's motion from the Court's calendar at this time. After counsel is appointed to represent plaintiff and additional discovery has been conducted, the Court will invite further briefing on the summary judgment motion and will place the motion back on the calendar for consideration.

/ / /

(5) The Clerk is further directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

DATED this 5th day of April, 2017.

Mary Alice Theiler
United States Magistrate Judge