UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JOHN PRESTON,<br><br>　　　　Plaintiff,<br>　　v.<br><br>RYAN BOYER, *et al.*,<br><br>　　　　Defendants. | CASE NO. C16-1106-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Ryan Boyer's ("Defendant") motion for summary judgment (Dkt. No. 70) and motion to strike (Dkt. No. 77 at 5–6), United States Magistrate Judge Mary Alice Theiler's Report and Recommendation ("R&R") (Dkt. No. 88), and Plaintiff and Defendant's objections to the R&R (Dkt. Nos. 94, 96). Having thoroughly considered the parties' briefing, the R&R, and the relevant record, the Court GRANTS in part and DENIES in part the motions (Dkt. Nos. 70, 77) and ADOPTS the R&R for the reasons explained herein.

## I.　BACKGROUND

In this action under 42 U.S.C. section 1983, Plaintiff alleges that Defendant violated Plaintiff's clearly established Fourth Amendment rights when Defendant, a Snohomish County Sheriff, used excessive force in apprehending Plaintiff. (*See generally* Dkt. No. 10.) The factual background of the case is discussed in depth in the R&R (Dkt. No. 88 at 2–11, 21–23). The

Court will not repeat those detailed facts here.

To summarize, Defendant arrested Plaintiff for possession of stolen property and possession of another's identification. (*Id.* at 21.) Defendant searched Plaintiff and found no weapons. (*Id.*) Shortly thereafter, while being transported by Defendant, Plaintiff indicated he wished to make a statement regarding how he came to possess the allegedly stolen property. (*Id.*) Defendant stopped his vehicle at a park-and-ride, allowed Plaintiff to exit the vehicle, and removed Plaintiff's handcuffs. (*Id.*) While Plaintiff was in the process of preparing the statement, Defendant determined that Plaintiff had outstanding felony warrants. (*Id.*) Defendant notified Plaintiff of his discovery and again attempted to take Plaintiff into custody. (*Id.*) Plaintiff resisted and Defendant Tased him (*Id.* at 22.) Plaintiff pulled the darts out and ran. (*Id.*) Defendant again attempted to Tase Plaintiff, who went to his knees, and then fell to the ground after Defendant kicked him in the back. (*Id.*) Plaintiff alleges that he remained on the ground from this point forward. (*Id.*)

This is also when Plaintiff alleges the unlawful force began. (*Id.*) Defendant jumped on Plaintiff's back and applied at least two blows to the back of Plaintiff's head with his Taser gun. (*Id.*) Defendant then stood up and allegedly kicked Plaintiff's head and torso. (*Id.*) Finally, Defendant allegedly pointed his duty weapon at Plaintiff. (*Id.*) Defendant moved for summary judgment solely on the issue of whether qualified immunity applies to the actions described above. (*See generally* Dkt. No. 70); (*see also* Dkt. Nos. 66, 69) (scheduling orders regarding limited discovery and the filing of a summary judgment motion solely on the issue of qualified immunity).

Judge Theiler recommends that the Court grant in part and deny in part Defendant's motion. (Dkt. No. 88 at 45.) Specifically, Judge Theiler recommends that the Court find qualified immunity applies to Defendant's blows to the back of Plaintiff's head and pointing his duty weapon towards Plaintiff. (*Id.*) Judge Theiler recommends against a finding that qualified immunity applies to Defendant's kicks to Plaintiff's head and torso. (*Id.*) Defendant also moved

to strike portions of Plaintiff's declaration in support of his opposition to summary judgment, citing the sham affidavit rule. (Dkt. No. 77 at 5–6.) Judge Theiler recommends that the Court srike only a small portion of the declaration be struck. (*Id*. at 45–46.)

## II. DISCUSSION

### A. Motion to Strike

Under the "sham affidavit rule," a party cannot create an issue of fact with an affidavit contradicting prior statements that the party made under oath. *Yeager v. Bowlin*, 693 F.3d 1076, 1079–80 (9th Cir. 2012); *see Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 980 (9th Cir. 2006). The rule applies to "clear and unambiguous" contradictions that cannot be resolved with "a reasonable explanation." *Yeager*, 693 F.3d at 1080–81 (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999)). However, the rule "should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *Id.* at 1080.

Plaintiff prepared a document before filing suit describing the events at issue. (Dkt. No. 95-1 at 3–4.) He indicated in the document that, after going to his knees from the second tasing, Defendant "kicked me in my back causing me to gash my forehead open about 3 [inches] over my right eye." (Dkt. No. 95-1 at 3.) Defendant argues this statement is inconsistent with Plaintiff's Amended Complaint[1] and Plaintiff's declaration in support of his opposition to summary judgment. (Dkt. No. 77 at 5). In those documents, Plaintiff alleges that the gash resulted from Defendant's later kick to his face. (Dkt. Nos. 10 at 5, 7; 74 at 6.) Judge Theiler noted that the earlier document, which Plaintiff labeled a "Declaration," was not made under oath and therefore "cannot form a basis for invoking the sham affidavit rule." (Dkt. No. 88 at 14.) Defendant now presents the Court with a Snohomish County damages claim form Plaintiff signed under penalties of perjury that Defendant alleges incorporates the "Declaration" presented

---

[1] *See Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (a verified complaint "may be treated as an affidavit").

ORDER
C16-1106-JCC
PAGE - 3

to Judge Theiler. (*See* Dkt. No. 95-1 at 1, 2, 7.)

The issue before the Court is whether the claim form establishes a) that the "Declaration" was signed under oath and b) that the "Declaration," through incorporation with the claim form, is a clear and unambiguous contradiction of Plaintiff's Amended Complaint and his declaration opposing summary judgment. The Court finds that it does neither. First, the oath on the claim form pre-dates the "Declaration" by more than two weeks. (*See* Dkt. No. 95-1 at 4, 7) (the oath is dated September 22, 2015, whereas the "Declaration" is dated October 9, 2015). Second, the account contained on the face of the claim form does not agree with the account contained in the "Declaration." (*See id.* at 2) (Plaintiff's account on the face of the claim form is that Defendant "kicked my head . . . causing . . . [a] 3" tear on forehead over right eye."). This is far from the "clear and unambiguous" contradiction necessary to support an application of the sham affidavit rule. *Yeager*, 693 F.3d at 1080–81.

Accordingly, the Court ADOPTS Judge Theiler's R&R and DENIES in part Defendant's motion to strike. (Dkt. No. 77 at 5–7.)

**B.     Summary Judgment**

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be

"presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### C. Qualified Immunity

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Ultimately, "[a]ssessing whether an official is entitled to immunity is a two prong inquiry." *Id.* Under the first prong, the Court determines if "the facts alleged show the officer's conduct violated a constitutional right" when "[t]aken in the light most favorable to the party asserting the injury." *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Under the second prong, the Court determines if the right was "clearly established," i.e., "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

### D. Plaintiff's Objection

Plaintiff asserts that Judge Theiler's R&R contains a single error: her analysis of Defendant's assessment of Plaintiff's risk to public safety before the second Tasing. (Dkt. No. 96 at 3.) The Court reviews the record before it on objections to an R&R *de novo*. 28 U.S.C. § 636(b)(1).

It is undisputed that after Defendant's first attempt to Tase Plaintiff, Defendant removed the darts and ran. (Dkt. Nos. 53 at 5, 74 at 3.) Defendant alleges Plaintiff was headed in the direction of the adjacent Interstate 5, and Defendant feared Plaintiff would run onto the Interstate, thereby creating a risk to public safety. (Dkt. No. 53 at 5–6.) Judge Theiler noted that even though this fear was not corroborated by Defendant's subsequently-filed reports, she would

credit it on summary judgment because the allegation was undisputed. (Dkt. No. 88 at 20.) Plaintiff asserts this was error.

According to Plaintiff, the reasonableness of Defendant's fear for public safety at this point was disputed. (Dkt. No. 96 at 3.) Regardless, based on the totality of the *undisputed* circumstances, it was reasonable for Defendant to conclude that Plaintiff represented a threat to public safety following Defendant's first attempt to Tase him. *See Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017) (a reasonable fear for public safety is based upon the totality of the circumstances). Actively resisting arrest and/or attempting to flee are relevant considerations in a Fourth Amendment reasonableness determination. *Graham v. Connor*, 490 U.S. 386, 396 (1989). By the time Defendant attempted to Tase Plaintiff for the second time, all of the following had occurred: Plaintiff provided a false identity; Defendant realized Plaintiff had multiple outstanding felony burglary warrants, including a caution for "officer safety;" Plaintiff refused to be taken into custody and had defeated Defendant's initial attempt to Tase him; and Plaintiff fled on foot in a park-and-ride surrounded on most sides by lanes of high-speed traffic.[2] (Dkt. No. 53 at 13–14, 26–28.) This is sufficient to establish a reasonable fear for public safety.

Accordingly, the Court DENIES Plaintiff's objection to Judge Theiler's R&R.

**E.    Defendant's Objections to the R&R**

Defendant asserts the following objections to Judge Theiler's R&R's: error in its factual findings, error in its qualified immunity analysis, and error in finding that Plaintiff met his evidentiary burden on summary judgment. (Dkt. No. 94 at 2.)

    1.    Factual Findings

Defendant disputes Judge Theiler's conclusion that the evidence, when taken in a light most favorable to Plaintiff, supports a finding that "'Defendant . . . kicked plaintiff three times in

---

[2] The park-and-ride is located between the north and southbound lanes of Interstate 5, with a wooded area to its north. (Dkt. Nos. 52 at 6.) It is reasonable to conclude that flight in *any* direction would create some risk to public safety.

the side' after Plaintiff was allegedly 'unconscious.'" (Dkt. No. 94 at 2) (quoting Dkt. No. 88 at 22).

Defendant first suggests Plaintiff's testimony must be disregarded because he would lack personal knowledge if he were unconscious. (Dkt. No. 94 at 2.) This is a distortion of the testimony. Plaintiff indicated Defendant kicked him twice in the face *before* he lost consciousness. (*See* Dkt. No. 74 at 4.) Subsequent blows to the body are undisputed. (*See* Dkt. No. 53 at 7) (Defendant's declaration describing "three nonconsecutive foot strikes to the right side of [Plaintiff's] torso").

Defendant next suggests that no weight be given to the opinion of Plaintiff's medical expert, Dr. Barry Gustin. (Dkt. No. 94 at 2.) Dr. Gustin opined that Plaintiff likely lost consciousness immediately after the second blow to his face. (Dkt. Nos. 73 at 130–31; 75 at 2–3, 12, 14–16.) Defendant describes the opinion as "illogical, without foundation, and not supported by the evidence." (Dkt. No. 94 at 2–7.) However, Defendant did not challenge Dr. Gustin's opinion before Judge Theiler. (*See generally* Dkt. No. 77.) Therefore, the Court need not consider it here. "'[A]n unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate." *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); *see Greenhow v. Sec. of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988). Further, even if the Court were to consider Defendant's challenge to Dr. Gustin's opinion, the Court finds it to be meritless. Dr. Gustin's opinion is based on sufficient facts to support Judge Theiler's reliance. *See U.S. v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("expert must back up his opinion with specific facts"). This includes discovery of Plaintiff's tooth in the back of his throat and his lack of an acute intracranial abnormality, suggesting he lost consciousness immediately after the blow to his face that dislodged his tooth. (Dkt. Nos. 73 at 114, 75 at 12.) While Defendant presents evidence contradicting this conclusion (*see* Dkt. Nos. 73 at 90, 79 at 2, 94 at 7), this is a matter better left for a jury to decide, not one for summary judgment.

Defendant also objects to Judge Theiler's characterization of Plaintiff's outstanding felony warrants at the time of the incident as relating to "'nonviolent property crimes.'" (Dkt. No. 94 at 8) (quoting Dkt. No. 88 at 21, 33, 34, 39). However, by the time Defendant began allegedly kicking Plaintiff's head and torso, Defendant was standing over Plaintiff and Defendant concedes Plaintiff was "face down on the pavement." (Dkt. No. 94 at 6.) Defendant knew Plaintiff had no weapons. (Dkt. No. 53 at 15.) Moreover, Defendant had already rendered multiple compliance strikes to the back of Plaintiff's head, resulting in the partial separation of Plaintiff's right ear from his scalp. (Dkt. No. 74 at 2, 4.) In addition, Plaintiff presents sufficient evidence to demonstrate that, following the alleged foot strike to his face, he was unconscious. (*See* Dkt. No. 73 at 130–31; 75 at 2–3.) Therefore, Plaintiff's potential for violence, as informed by the nature of the warrants, is not particularly relevant, given the circumstances at the time the alleged foot strikes began.

Accordingly, the Court DENIES Defendant's objections to Judge Theiler's factual findings.

 2. Qualified Immunity Analysis

Defendant next objects to Judge Theiler's qualified immunity analysis. (Dkt. No. 94 at 8–14.) Defendant's objections are as follows: (a) Judge Theiler should have considered the facts from the perspective of a reasonable officer and (b) the cases Judge Theiler used to determine whether Plaintiff's rights were clearly established were not analogous to the instant case. (Dkt. No. 94 at 8–14.)

An officer may only use the amount of force that is objectively reasonable under the circumstances. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014) However, the circumstances attendant to that use of force must be viewed in a light most favorable to Plaintiff. *Id*. at 2017; *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007). Those circumstances are as follows: following Defendant's compliance strikes to the back of Plaintiff's head, Plaintiff remained on the ground while Defendant rose and stood over him; Defendant's service weapon

was available and Defendant knew Plaintiff was unarmed. (Dkt. Nos. 53 at 7, 74 at 4.) Plaintiff then moved his arm to wipe blood from his eyes but did not attempt to lift himself off the ground. (*Id*.) Back-up was en-route and, in fact, arrived within two minutes of Defendant's first Taser deployment. (Dkt. Nos. 53 at 7, 70 at 8.) Defendant then allegedly began kicking Plaintiff's face before moving to his torso. (*See* Dkt. Nos. 53 at 7, 74 at 4.) Given these circumstances, the kicks were an objectively unreasonable amount of force.

Defendant suggests that he did not have fair notice that his blows would violate Plaintiff's clearly-established Fourth Amendment rights. (Dkt. No. 94 at 10–13.) He attempts to draw factual distinctions between the cases Judge Theiler relied on and this one. (Dkt. No. 94 at 10–13.) However, a qualified immunity defense "will not succeed merely because the alleged behavior is so egregious that no previous case has found liability under those circumstances." *Motley v. Parks*, 432 F.3d 1072, 1089 (9th Cir. 2005) (citing *McDonald by McDonald v. Haskins*, 966 F.2d 292, 295 (7th Cir. 1992)). Further, sufficient case law supports the conclusion that blows to a subdued arrestee is a clear Fourth Amendment violation. *See Davis*, 478 F.3d at 1057 (punches in the face "while [arrestee] lay face-down on the ground" violates his clearly established rights); *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1061 (9th Cir. 2003) (asphyxiating arrestee while he is on the ground by pressing weight into his neck and torso violates his clearly established rights); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (punching arrestee in an effort to free his arms, which were pinned beneath his body, violates a clearly established right).

Accordingly, the Court DENIES Defendant's objections to Judge Theiler's qualified immunity analysis.

### 3. Plaintiff's Evidentiary Burden

Finally, Defendant argues that because Plaintiff provides no evidence to support his assertion that he lost consciousness, other than his own self-serving declaration, Judge Theiler impermissibly relied on conclusory allegations contained in the Amended Complaint. (Dkt. No.

94 at 15.) First, the Court need not disregard evidence at the summary judgment stage solely because it is self-serving. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). Second, as discussed above, *see supra* Part II.E.1, Plaintiff presents sufficient evidence to support the allegations contained in his Amended Complaint. (*See* Dkt. No. 74 at 4) (Plaintiff indicates that "everything went black" after the second kick to his head); (Dkt. No. 73 at 130–31; 75 at 2–3) (expert opines that Plaintiff's brain did not swell because he lost consciousness shortly after the strikes to his head); (Dkt. No. 73 and 114–16) (paramedics reported that upon arrival Plaintiff was unresponsive, had a tooth in the back of his throat, and had a Glasgow Coma Scale sore of 8, which meant that he was in a coma). Accordingly, the Court DENIES Defendant's objection to Judge Theiler's consideration of the evidentiary burdens at this stage in the proceeding.

To summarize, the Court DENIES Defendant's objections and ADOPTS Judge Theiler's R&R GRANTING in part and DENYING in part Defendant's motion for summary judgment. Qualified immunity applies to Defendant's Taser gun blows and pointing his duty weapon at Plaintiff, but it does not apply to Defendant's kicks to Plaintiff's face and/or torso while Plaintiff was on the ground.

## III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

(1) Plaintiff and Defendant's objections are DENIED and the Court ADOPTS the R&R.

(2) Defendant's motion for summary judgment (Dkt. No. 70) is GRANTED in part and DENIED in part.

(3) Defendant's motion to strike (Dkt. No. 77 at 5–6) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to strike paragraph 18 of Docket No. 74.

(4) The Clerk is further DIRECTED to send copies of this Order to Plaintiff and to Judge Theiler.

//

DATED this 12th day of July 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE