THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

    Plaintiff,

v.

RYAN BOYER, *et al.*,

    Defendants.

CASE NO. C16-1106-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 92)[1]. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff, acting *pro se*, brought civil rights claims pursuant to 42 U.S.C. section 1983 against Ryan Boyer and Jeffrey Miller of the Snohomish County Sheriff's Office in July 2016 (Dkt. No. 10) (Amended Civil Rights Complaint). Plaintiff alleged that in July 2014 Boyer and

---

[1] Plaintiff filed a redacted unsealed version of his motion (Dkt. No. 90) as well as an unredacted sealed version (Dkt. No. 92). Redactions and sealing were necessary to avoid disclosure of highly personal information relating to Defendant Ryan Boyer. (*See* Dkt. No. 112) (order granting motion to seal). All subsequent references will be to the unredacted sealed version (Dkt. No. 92), although the page numbers are the same for each.

Miller used unlawful excessive force in apprehending him, most notably: strikes to the back of Plaintiff's head, partially severing Plaintiff's ear; kicks to Plaintiff's face, resulting in a broken tooth, a broken nose, lacerations, a loss of consciousness, and long-term disfigurement and disability; and kicks to Plaintiff's torso.[2] (Dkt. No. 10 at 5–13.) The Court dismissed all claims against Miller with prejudice in March 2017. (Dkt. No. 50 at 5.)

Following the April 2017 appointment of *pro bono* counsel, Plaintiff and Boyer stipulated to limited discovery and briefing in August 2017 solely on the issue of Boyer's qualified immunity. (Dkt. No. 60) Most recently, the Court granted in part and denied in part Boyer's motion for partial summary judgment on this issue. (Dkt. No. 110.) The Court held that Plaintiff presented sufficient evidence to avoid summary judgment as to Boyer's qualified immunity defense with regards to the alleged kicks to Plaintiff's face and torso while Plaintiff lay on the ground, but not to the alleged earlier blows to the back of Plaintiff's head. (*Id*. at 10.) The Court has yet to set a trial date. Nor has it set a discovery schedule or other case management deadlines relating to issues other than qualified immunity on Plaintiff's section 1983 claim.

Plaintiff now seeks leave to add negligent hiring, supervising, and retaining claims against Snohomish County and to include additional facts relevant to the proposed claims. (Dkt. No. 92); (*see* Dkt. No. 91 at 6–13.) Plaintiff also seeks leave to add state law battery and outrage claims against Boyer. (Dkt. No. 92); (*see* Dkt. No. 91 at 13–14). Boyer opposes the proposed amendments and requests attorney fees. (Dkt. No. 100 at 3–13.)

## II. DISCUSSION

### A. Legal Standard

The Court is afforded discretion to grant leave to amend and "should freely give leave

---

[2] Additional background facts for this case are available in United States Magistrate Judge Mary Alice Theiler's Report and Recommendations on Jeffrey Miller's motion for judgment on the pleadings (Dkt. No. 42) and Ryan Boyer's motion for partial summary judgment (Dkt. No. 88). The Court will not repeat those facts here.

when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Courts are to consider five factors in granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). An amendment is futile if it adds a claim that could not withstand a motion to dismiss. *Jones v. Cmty. Redevelopment Agency of Los Angeles*, 733 F.2d 646, 650–51 (9th Cir. 1984). However, prejudice "carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

### B. Claims Against the County

Boyer opposes the addition of claims against the County on the basis that they are time-barred and futile. (Dkt. No. 100 at 3–7.) Before turning this argument, a brief summary of the events leading to Boyer's employment with the County is in order. Boyer was originally hired by the City of Snohomish as a police officer in 2007. (Dkt. No. 91 at 36.) This followed Boyer's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. No. 93 at 51, 74.) Following Boyer's hire by the City, the City later contracted with the Snohomish County Sheriff's Office ("SCSO") for its law enforcement needs. (*See* Dkt. No. 91 at 39–42.) A number of the City's officers, including Boyer, were hired by SCSO. (*Id.*) At the time, Boyer consented to the release to SCSO of "any and all public and private information . . . concerning me, my work record, my background and reputation, my education and/or training, my military service record, my criminal history, including any arrest records and any information contained in investigatory files." (*Id*. at 44.) SCSO indicated it needed this information "to thoroughly investigate [Boyer's] employment background and personal history." (*Id.*)

In his application for a position with the City, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[REDACTED]

1. <u>Statute of Limitations</u>

As a threshold matter, Boyer asserts that the proposed claims against the County are time-barred. (Dkt. No. 100 at 5.) However, the discovery rule tolls the otherwise-applicable three-year statute of limitations. Wash. Rev. Code § 4.16.080 (statute of limitations for negligence claims); *Affiliated FM Ins. Co. v. LTK Consulting Services, Inc.*, 15 F. Supp. 3d 1116, 1128 (W.D. Wash. 2014) (citing *Hipple v. McFadden*, 255 P.3d 730, 735 (Wash. App. 2011)) (statute of limitations tolls until Plaintiff discovers, or in the exercise of reasonable diligence should have discovered, facts giving rise to the cause of action).

In response, Boyer argues that Plaintiff had notice of the relevant facts of this case within the statute of limitations—that Boyer worked for the County at the time of the incident and had previously worked for the City—and on this basis cannot seek relief though the discovery rule.

(Dkt. No. 100 at 6) (citing *1000 Virginia Ltd. Partn. v. Vertecs Corp.*, 146 P.3d 423, 431 (Wash. 2006) (describing requirements for inquiry notice)). However, the City and County's personnel files were not produced until August 4, 2017. (Dkt. No. 93 at 2.) Until then, Plaintiff could not have learned of Boyer's past acts. Further, the Court notes that in his March 3, 2017 interrogatory response, Boyer failed to disclose any of the items mentioned above. (Dkt. No. 91 at 31.) The interrogatory asked Boyer to "describe in detail any other legal action . . . civil or criminal, in which you, Defendant, have been a party." (Dkt. No. 91 at 30–31.)

For purposes of the instant motion, the Court finds that the three-year statute of limitations, otherwise applicable to Plaintiff's proposed negligence claims against the County, tolled until August 4, 2017. Plaintiff's motion to amend is, therefore, well within the three-year statute of limitations.

    2.  <u>Futility</u>

The County previously conceded that Boyer's actions were within the scope and course of performance of his employment. (Dkt. No. 101-1 at 1.) Boyer argues that based on this concession, causes of action against the County for negligent hiring, retaining, and supervising are not viable. (Dkt. No. 100 at 3–5.) This assertion is based upon a misreading of relevant precedent, specifically, *LaPlant v. Snohomish County*, 271 P.3d 254 (Wash. App. 2011). In *LaPlant*, the Washington Court of Appeals held that a claim for negligent hiring, training and supervising could only apply to acts outside the scope of employment. *Id*. at 256–57. The court's rationale was that if the acts were within the scope of employment, *respondeat superior* would apply and direct negligence claims against the employer would be superfluous. *Id*. But Plaintiff is not seeking leave to bring a negligence claim against Boyer. He seeks leave to bring claims for battery and outrage: intentional torts which, by definition, are outside the scope and course of employment. (Dkt. No. 91 at 23); *see Rahman v. State*, 246 P.3d 182, 184 (Wash. 2011). The *LaPlant* court clearly indicated that claims not invoking *respondeat superior* do not bar claims for an employer's negligence in hiring, retaining, or supervising an employee. 271 P.3d at 258

(contrasting facts in *LaPlant* with those of *Tubar v. Clift*, No. C05-1154-JCC, slip op. (W.D. Wash. Dec. 5, 2008), a prior decision by this Court holding that claims for negligent hiring, supervising, and training are distinct from claims not based an employee's negligence).

Boyer additionally argues that the public duty doctrine bars the proposed claims against the County. (Dkt. No. 100 at 5.) Namely, the County's duties to adequately hire, retain, and supervise its Sheriff's Deputies apply to the general public and, therefore, cannot form the basis of Plaintiff's individual negligence claim against the County. (Dkt. No. 100 at 5.) This, again, is based on a misreading of relevant precedent, specifically *Cummins v. Lewis County*, 133 P.3d 458 (Wash. 2006). In *Cummins*, the Washington Supreme Court held that "no liability may be imposed for a public official's negligent conduct unless it is shown that the duty breached was owed to the injured person as an individual" rather than the general public. *Id.* at 461. But the court later indicated that it "could have been clearer in its [*Cummins*] analysis" and that the public duty doctrine only applies to duties "imposed by statute, ordinance, or regulation." *Munich v. Skagit Emerg. Commun. Ctr.*, 288 P.3d 328, 336 (Wash. 2012) (Chambers, J., concurring). The doctrine does not apply to "breach[ of] a common law duty." *Mita v. Guardsmark, LLC*, 328 P.3d 962, 966 (Wash. App. 2014).

Accordingly, the Court GRANTS Plaintiff's motion (Dkt. No. 92) to amend his complaint to add claims against the County for negligent hiring, retaining, and supervising, as well as underlying facts supporting those claims.[3]

### C. Additional Claims Against Boyer

Boyer also opposes Plaintiff's request for leave to add common law claims against him. (*See generally* Dkt. No. 100.) Boyer asserts that a claim for outrage would be futile, that the statute of limitations has lapsed on a battery claim, and that he would be prejudiced by the

---

[3] The Court further notes that Plaintiff's proposed claims against the County arise out of the same occurrence and there are common questions of fact for each proposed Defendant. While neither party raised the issue, the Court also holds that Plaintiff's motion also satisfies Federal Rule of Civil Procedure 20 for permissive joinder.

proposed amendments. (*Id*. at 7–12.)

The Court agrees as to the outrage claim. As proposed, the claim would be futile. To state a claim for outrage, Plaintiff must present sufficient facts to support the following elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." *Reid v. Pierce County*, 961 P.2d 333, 337 (Wash. 1998). Those facts must be stated with sufficient particularity to put Boyer on notice of the details of the claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than conclusory allegations. *Iqbal*, 556 U.S. at 678. As proposed, the only detailed allegation of emotional distress Plaintiff endured is that he "experiences . . . psychological effects from Boyer's attack." (Dkt. No. 91 at 33.) This is insufficient to support an allegation of severe emotional distress and, therefore, cannot form the basis for leave to amend.

However, the Court disagrees as to the battery claim. The claim is timely. The statute of limitations for a battery claim is normally two years. Wash. Rev. Code 4.16.100. But to the extent the claim "arose out of the conduct . . . in the original pleading," it relates back to Plaintiff's section 1983 claim. Fed. R. Civ. P. 15(c)(1)(B). Here, the battery claim undoubtedly arose out of the same conduct as the section 1983 claim. (*See* Dkt. Nos. 6 at 3, 10 at 5–10) (kicks, punches, and other blows described in the original and amended complaints). Further, Plaintiff alleges that the actions giving rise to the claim occurred on July 30, 2014. (Dkt. No. 91 at 21.) He filed his original complaint on July 15, 2016. (Dkt. No. 1.) Therefore, the battery claim is timely, as it relates back to the section 1983 claim included on the original complaint.

Nor would the addition of a battery claim prejudice Boyer. A trial date has not been set in this matter. Discovery has been limited to the issue of Boyer's qualified immunity on Plaintiff's section 1983 claim. (*See* Dkt. Nos. 66, 68, 69) (case schedule stipulations and orders). Similarly, the only dispositive motions from Boyer relate to his qualified immunity defense on the section

1983 claim. (Dkt. Nos. 51, 70.)[4]

Accordingly, the Court DENIES Plaintiff's motion to add an outrage claim against Boyer but GRANTS Plaintiff's motion to add a battery claim against Boyer.

### D. Attorney Fees

Boyer alleges that Plaintiff's motion is frivolous and that the exhibits supporting the motion unnecessarily disparage him. (Dkt. No. 100 at 12–13) (citing 28 U.S.C. § 1927). On this basis, he seeks attorney fees. (*Id*.) The request is DENIED. As is evidenced by the Court's ruling above, the motion is not frivolous and the exhibits were necessary for the Court to determine whether leave to amend Plaintiff's complaint to add negligent hiring, retaining, and supervising claims against the County were warranted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend (Dkt. No. 92) is GRANTED in part and DENIED in part. The Court ORDERS as follows:

1) Plaintiff may amend his complaint as proposed (Dkt. No. 91 at 17–24) to add claims against Snohomish County for negligent hiring, retaining, and supervising.
2) Plaintiff may add the battery claim as proposed (*Id*. at 23) against Boyer.
3) Plaintiff may not add the outrage claim as proposed (*Id.* at 22–23) against Boyer.
4) Boyer's request for attorney fees is DENIED.
5) Plaintiff is DIRECTED to file his second amended complaint exclusive of the outrage claim within ten (10) days of this order.
6) Plaintiff may again seek leave to amend to add a claim against Boyer for outrage, but the Court will only consider such a request if made within twenty (20) days of

---

[4] The Court also notes that the elements of qualified immunity for purposes of a section 1983 claim are not the same as they are for a battery claim under Washington law. *Staats v. Brown*, 991 P.2d 615, 627 (Wash. 2000) (contrasting qualified immunity for purposes of a section 1983 claim with that for purposes of a battery claim). Therefore, this issue has not yet been previously addressed.

this order, and it must include sufficient facts to put Boyer on notice as to the allegations against him.

7) This matter is REFERRED to United States Magistrate Judge Mary Alice Theiler for further proceedings.

DATED this 12th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE