# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ROBERT JOHN PRESTON,

    Plaintiff,

v.

RYAN BOYER, et al.,

    Defendants.

Case No. C16-1106-JCC-MAT

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

## I. INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is plaintiff's motion for leave to file a third amended complaint that adds a state-law claim for outrage against Sergeant Boyer. (Dkt. 119.) Defendants oppose the motion. (Dkt. 127.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court GRANTS plaintiff's motion and directs him to file his third amended complaint within 14 days of the date of this Order.[1]

---

[1] Magistrate Judges have the authority to grant a motion for leave to amend. *See, e.g.*, *GMAC Mortgage, LLC v. Nev. Ass. Servs., Inc.*, No. 13-1157, 2018 WL 487101, at *1 (D. Nev. Jan. 5, 2018) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir. 1985)).

## II. BACKGROUND[2]

On July 12, 2018, the Honorable John C. Coughenour granted in part and denied in part plaintiff's motion for leave to file a second amended complaint. (Dkt. 113 (redacted order); Dkt. 114 (sealed order).) Among other things, Judge Coughenour denied plaintiff's request to bring a state-law outrage claim against Sergeant Boyer, reasoning that the proposed second amended complaint did not sufficiently allege that plaintiff suffered "severe emotional distress."[3] (*Id.* at 7-8.) Judge Coughenour, however, allowed plaintiff to bring a state-law battery claim, finding that the claim was timely and would not prejudice Sergeant Boyer. (*Id.*) Judge Coughenour granted plaintiff leave to file another motion to amend his complaint to include sufficient factual allegations to state an outrage claim. (*Id.* at 8-9.)

Plaintiff's proposed third amended complaint adds allegations regarding "severe emotional distress."[4] Plaintiff alleges that during the July 2014 incident that is the basis for this lawsuit, plaintiff "was in shock, fearful, and in pain" after Sergeant Boyer hit him in the back of his head with the taser. (Dkt. 122 at 9.) Plaintiff also alleges that he continues to experience psychological effects from the incident, "including nightmares about the incident, difficulty sleeping, extreme cautiousness and worriedness when approached from behind, additional stress and worry in his everyday life, and emotions of fear and anger when thinking about the incident." (*Id.* at 11.)

///

---

[2] Additional background facts and procedural history are available at Docket Numbers 42, 88, and 113 and will not be repeated here.

[3] To state a claim for outrage, plaintiff must allege sufficient facts to support the following elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." *Reid v. Pierce Cnty.*, 961 P.2d 333, 337 (Wash. 1998).

[4] Plaintiff submitted both redacted unsealed (Dkt. 121) and unredacted sealed (Dkt. 122) versions of his proposed third amended complaint. Redactions and sealing were necessary to avoid disclosure of highly personal information relating to Sergeant Boyer. (*See* Dkt. 128 (order granting motion to seal).) All subsequent references will be to the unredacted sealed version (Dkt. 122), although the page numbers are the same for each.

### III. DISCUSSION

The Court is afforded discretion to grant leave to amend and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Courts consider five factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). An amendment is futile if it adds a claim that could not withstand a motion to dismiss. *Jones v. Cnty. Redevelopment Agency of L.A.*, 733 F.2d 646, 650-51 (9th Cir. 1984). However, prejudice "carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Defendants argue that the Court should deny plaintiff's motion for leave to amend because of undue delay, prejudice, previous amendments, and futility. (Dkt. 127 at 2-5.) Defendants' arguments are unavailing. For the same reasons Judge Coughenour found that plaintiff's battery claim was timely and would not prejudice Sergeant Boyer (Dkt. 114 at 7-8), the Court rejects defendants' current arguments regarding undue delay and prejudice. Also, given that Judge Coughenour expressly authorized plaintiff to move for leave to file a third amended complaint (*id.* at 8-9), the Court finds that plaintiff's previous amendments do not weigh against him. Finally, amendment would not be futile. Plaintiff sufficiently alleges facts to plausibly support a claim of outrage, and defendants do not argue otherwise. (*See* Dkt. 127 at 5.) Rather they argue that Washington law does not permit a plaintiff to *recover* for both outrage and battery when the claims are based on the same facts. (*Id.*) But plaintiff may allege both causes of action in his complaint,

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 3

even if one may ultimately be dismissed at trial. *See* Fed. R. Civ. P. 8(d)(3) ("a party may state as many separate claims or defenses as it has, regardless of consistency").

IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file his proposed third amended complaint (Dkt. 119) is GRANTED. Plaintiff shall file his third amended complaint **within 14 days** of the date of this Order. The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 29th day of August, 2018.

Mary Alice Theiler
United States Magistrate Judge