UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

          Plaintiff,

   v.

RYAN BOYER, et al.,

          Defendants.

Case No. C16-1106-JCC-MAT

REPORT AND RECOMMENDATION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is defendant Snohomish County's motion to dismiss plaintiff's negligent hiring, retention, and supervision claims. Dkt. 138. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the County's motion to dismiss be GRANTED in part and DENIED in part.

          I.     BACKGROUND[1]

Plaintiff, proceeding *pro se*, initiated this civil rights action against Snohomish County Sheriff's Sergeant Ryan Boyer and Captain Jeffrey Miller. Dkt. 10. Plaintiff alleged that in July 2014, Sergeant Boyer used excessive force against him and Captain Miller failed to intervene. *See*

---

[1] Additional background facts and procedural history are available at Docket Numbers 42, 88, and 113 and will not be repeated here.

REPORT AND RECOMMENDATION - 1

*id.* at 10-13. The Honorable John C. Coughenour subsequently dismissed all claims against Captain Miller. Dkt. 50 at 5.

In April 2017, the Court appointed *pro bono* counsel to represent plaintiff. Dkt. 58. The parties stipulated to limited discovery and briefing solely on the issue of Sergeant Boyer's qualified immunity. Dkt. 60. Judge Coughenour granted in part and denied in part Sergeant Boyer's motion for summary judgment on the issue, holding that plaintiff presented sufficient evidence to avoid summary judgment as to certain alleged uses of force. Dkt. 110.

In June 2018, plaintiff filed a motion to amend his complaint to add negligent hiring, retention, and supervision claims against the County and to include additional facts relevant to the proposed claims, *inter alia*. Dkt. 90 (redacted motion) at 6-13; Dkt. 92 (sealed motion). Sergeant Boyer opposed the motion. Dkt. 100. With respect to the proposed claims against the County, Sergeant Boyer argued that amendment would be futile because there is no cause of action for negligent hiring, retention, or supervision if the employer concedes the actions were within the scope of employment. *Id.* at 4. Judge Coughenour allowed plaintiff to bring his claims against the County and rejected Sergeant Boyer's argument:

> [Boyer's] assertion is based upon a misreading of relevant precedent, specifically, *LaPlant v. Snohomish County*, 271 P.3d 254 (Wash. App. 2011). In *LaPlant*, the Washington Court of Appeals held that a claim for negligent hiring, training and supervising could only apply to acts outside the scope of employment. *Id.* at 256-57. The court's rationale was that if the acts were within the scope of employment, respondeat superior would apply and direct negligence claims against the employer would be superfluous. *Id.* But Plaintiff is not seeking leave to bring a negligence claim against Boyer. He seeks leave to bring claims for battery and outrage: intentional torts which, by definition, are outside the scope and course of employment. (Dkt. No. 91 at 23); *see Rahman v. State*, 246 P.3d 182, 184 (Wash. 2011). The *LaPlant* court clearly indicated that claims not invoking respondeat superior do not bar claims for an employer's negligence in hiring, retaining, or supervising an employee. 271 P.3d at 258 (contrasting facts in *LaPlant* with those of *Tubar v. Clift*, No. C05-1154-JCC, slip op. (W.D. Wash. Dec. 5, 2008), a prior decision by this Court holding that claims for negligent hiring, supervising, and training are distinct from claims not based an employee's negligence).

REPORT AND RECOMMENDATION - 2

Dkt. 113 (redacted order) at 5-6; Dkt. 114 (sealed order).

On October 4, 2018, the County moved to dismiss the negligent hiring, retention, and supervision claims against it.[2] Dkt. 138. Plaintiff opposed the motion. Dkts. 140 (sealed), 141 (redacted). In its reply, the County suggested that the Court may need to certify a question to the Washington Supreme Court. Dkt. 142. Given that plaintiff had not had an opportunity to address this possibility, the Court ordered supplemental briefing and re-noted the motion to dismiss for December 14, 2019. Dkt. 145. The parties timely filed their supplemental briefs. Dkts. 150, 151.

## II.   DISCUSSION

The County argues that the Court should dismiss the claims against it because (1) plaintiff cannot bring claims for negligent hiring, retention, and supervision because Sergeant Boyer was acting within the scope of his employment; (2) plaintiff has not adequately pled any cause of action; and (3) plaintiff's claims are time-barred. Dkt. 138 at 2-10. The County also asks the Court to deny plaintiff further leave to amend and strike the allegations in the third amended complaint that relate to the negligence claims. *Id.* at 10-12. As discussed below, plaintiff should be permitted to proceed with his negligent hiring and retention claims, but his negligent supervision claim should be dismissed without leave to amend. In addition, the County's motion to strike should be denied.

A.   Legal standard

The County brings its motion to dismiss under Federal Rule of Civil Procedure 12(c), which provides: "After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." On a Rule 12(c) motion for judgment on the pleadings, the Court must "accept all material allegations in the complaint as true and construe them in the light

---

[2] The operative complaint is plaintiff's third amended complaint. Dkt. 132 (sealed); Dkt. 133 (redacted). Defendants filed an answer before the County filed the instant motion to dismiss.

REPORT AND RECOMMENDATION - 3

most favorable to the non-moving party." *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). The Court may consider the complaint, documents attached to the complaint, or documents on which the complaint necessarily relies. *Bushbeck v. Chicago Title Ins. Co.*, 632 F. Supp. 2d 1036, 1038 (W.D. Wash. 2008) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "A district court will render a judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997).

A defendant may raise the defense of failure to state a claim in a Rule 12(c) motion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (citing Fed. R. Civ. P. 12(h)(2)). In this situation, "the motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chemical Corp.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1161 (W.D. Wash. 2016). A complaint may be dismissed for failure to state a claim if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

/ / /

REPORT AND RECOMMENDATION - 4

B.   Negligent hiring, retention, and supervision claims

The County argues that *Anderson v. Soap Lake School District*, 191 Wash.2d 343 (2018), which was decided after Judge Coughenour's order allowing plaintiff to amend his complaint, confirms that negligent hiring, retention, and supervision claims cannot be maintained where the employee was acting within the scope of his employment. Dkt. 138 at 3-4. Because it admits that Sergeant Boyer was acting within the scope of his employment, the County contends that the claims against it must be dismissed.

In *Anderson*, a high school student was killed in a car accident shortly after leaving her school basketball coach's house, where they had consumed alcohol together. 191 Wash.2d at 347. The student's mother brought claims against the school district—but not the basketball coach—including negligent hiring, retention, training, and supervision, and vicarious liability. *Id.* at 352. The lower courts granted summary judgment in favor of the district, and the Washington Supreme Court affirmed. *Id.* at 353.

With respect to negligent hiring and retention, the court adopted the following test: "[T]o hold an employer liable for negligently hiring or retaining an employee who is incompetent or unfit, a plaintiff must show that the employer had knowledge of the employee's unfitness or failed to exercise reasonable care to discover unfitness before hiring or retaining the employee." *Id.* at 356. The court noted that this holding parallels the rule in the *Restatement (Second) of Torts* § 307 (1965): "It is negligence to use an instrumentality, whether a human being or a thing, which the actor knows or should know to be so incompetent, inappropriate, or defective, that its use involves an unreasonable risk of harm to others." *Anderson*, 191 Wash.2d at 356. The court explained that the "difference between negligent hiring and negligent retention is timing. Negligent hiring occurs at the time of hiring, while negligent retention occurs during the course of employment." *Id.*

REPORT AND RECOMMENDATION - 5

(internal citation omitted).

The court held that the plaintiff's negligent hiring claim failed because she did not present any evidence that the basketball coach, who met the required qualifications of a high school coach promulgated by the Washington Interscholastic Activities Association, was unfit for the position. *Id.* at 357-58. The court also held that the negligent retention claim failed because there was no evidence that the school district knew or should have known that the basketball coach was unfit because he violated school policies regarding students and alcohol. *Id.* at 358-59.

The court analyzed the negligent training and supervision claims differently. *Id.* at 360-66. With respect to these claims, whether the basketball coach was acting within the scope of his employment was a key issue:

> [A]n action based on negligent training and supervision "is applicable *only* when the [employee] is acting outside the scope of his employment." *Restatement (Second) of Torts* § 317 cmt. a (emphasis added). If the employee is acting within the scope of his employment, then an employer is "vicariously liable under the principles of the law of Agency" instead. *Id.*

*Anderson*, 191 Wash.2d at 361. "Vicarious liability 'imposes liability on an employer for the torts of an employee who is acting on the employer's behalf.' The scope of employment limits the vicarious liability of an employer." *Id.* at 373 (internal citation omitted).

The *Anderson* court explained that to survive summary judgment, the plaintiff needed to present a genuine issue of material fact that when the basketball coach served alcohol to students at his house, he was acting outside the scope of his employment. *Id.* Because the court found that there was no genuine issue that the coach was acting outside the scope of his employment, it concluded that the plaintiff's "claim is properly brought as one for negligent supervision rather than vicarious liability." *Id.* at 363 (citing *Restatement (Second) of Torts*, § 317 cmt. a).

The court went on to explain the elements of a negligent failure to supervise claim:

REPORT AND RECOMMENDATION - 6

> A duty of supervision extends to acts beyond the scope of employment when the "employer knew, or in the exercise of reasonable care should have known that the employee presented a risk of danger to others." *Niece*, 131 Wash.2d at 48-49, 929 P.2d 420. This test requires the following elements:
>
>> "'A master is under a duty to exercise reasonable care so [as] to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>>
>>> "'(a) the servant
>>>
>>> "'(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>>>
>>> "'(ii) is using a chattel of the master, and
>>>
>>> "'(b) the master
>>>
>>> "'(i) knows or has reason to know that he has the ability to control his servant, and
>>>
>>> "'(ii) *knows or should know of the necessity and opportunity for exercising such control*.'"
>
> *Id.* at 51, 929 P.2d 420 (quoting *Peck*, 65 Wash. App. at 294, 827 P.2d 1108 (quoting *Restatement (Second) of Torts* § 317)). "Washington cases have generally interpreted th[is] knowledge element to require a showing of knowledge of the dangerous tendencies of the *particular employee*." *Id.* at 52, 929 P.2d 420 (emphasis added).

*Anderson*, 191 Wash.2d at 363-64 (emphases in *Anderson*). Ultimately, the court concluded that the plaintiff failed to present a genuine issue of fact that the school district knew or should have known that it needed to exercise control over the basketball coach while he was acting outside the scope of his employment. *Id.* at 367.

Based on *Anderson*, the Court concludes that plaintiff may bring his negligent hiring and retention claims against the County regardless of whether he was acting within or outside the scope of his employment. The Washington Supreme Court's discussion makes clear that the scope of

REPORT AND RECOMMENDATION - 7

employment is not a factor to consider with negligent hiring and retention claims. *See id.* at 356. Section 307 of the *Restatement (Second) of Torts*, which the court cited favorably, eliminates any dispute. Illustration 1 provides:

> A, the proprietor of an apartment house, employs as janitor B, a man whom A knows to be of an exceedingly fiery and violent temper. C, one of A's tenants, complains to B in regard to lack of heat. B becomes violently angry and attacks and harms C. *Irrespective of whether B's act is within the course of his employment as janitor, A is negligent toward C.*

*Restatement (Second) of Torts* § 307 ill. 1 (emphasis added). Thus, the County's argument that negligent hiring and retention claims depend on the scope of employment is unavailing.

*Anderson* also clarifies that a negligent supervision claim is only available when an employee acts outside the scope of employment. As noted above, the court plainly stated that a negligent supervision claim "is applicable *only* when the [employee] is acting outside the scope of his employment." *Anderson*, 191 Wash. 2d at 362 (emphasis in original, quoting *Restatement (Second) of Torts* § 317 cmt. a). Plaintiff nevertheless argues that because the court made this statement with regard to a claim for vicarious liability, not with respect to the employer's independent duty of care, *Anderson* should not be read to preclude negligent supervision claims that do not invoke *respondeat superior*.³ Judge Coughenour's prior order allowing plaintiff's negligent supervision claim reasoned that plaintiff could bring the negligence claims because he was not proceeding with any claims based on *respondeat superior*. Dkt. 113 at 5-6 (citing *LaPlant*

---

³ Plaintiff also cites *Niece v. Elmview Group Home*, 131 Wash.2d 39 (1997), in which the court stated that "the scope of employment is not a limit on an employer's liability for a breach of its own duty of care. Even where an employee is acting outside the scope of employment, the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to the employee from endangering others." *Id.* at 48. Plaintiff specifically points to the court's use of the phrase "*[e]ven where* an employee is acting outside the scope of employment," not "only where" or "exclusively where." The court in *Niece*, however, did not purport to "determine the precise boundaries of a cause of action based on the theory of negligent supervision." *Id.* at 42. In *Anderson*, the court did just that, namely, outline the boundaries of a negligent supervision claim. Accordingly, the Court relies on the specific statements in *Anderson* over the general statements in *Niece*.

REPORT AND RECOMMENDATION - 8

*v. Snohomish County*, 162 Wash. App. 476, 483 (2011), and *Tubar v. Clift*, No. C05-1154-JCC, 2008 WL 5142932, at *8 (W.D. Wash. Dec. 5, 2008)); Dkt. 114. But Judge Coughenour did not have the benefit of *Anderson*. Although the plaintiff in *Anderson* brought a vicarious liability claim, the court did not couch its analysis in concerns over redundant claims, as plaintiff suggests. Rather, it simply stated that vicarious liability applies when an employee acts within the scope of employment, and negligent supervision applies "*only*" when the employee acts outside the scope of employment. *Anderson*, 191 Wash.2d at 361 (emphasis in original); *see also id.* at 363 (adopting test for negligent supervision that explicitly references an employer's duty to exercise reasonable care when the employee is "acting outside the scope of his employment"). The court's analysis of the negligent supervision claim was independent of the vicarious liability claim, which the plaintiff asserted in the alternative.

Plaintiff notes that the cause of action for negligent supervision is "analytically different from vicarious liability" because it is "based on the concept that the employer's *own* negligence is a wrong to the injured party, independent from the employer's liability for its employee's negligence imputed by the doctrine of respondeat superior." *Anderson*, 191 Wash. 2d at 373 n.21 (quoting *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wash. App. 25, 47 (2016)). Indeed, negligent supervision requires different elements than vicarious liability, including that the employer knew or should have known of the dangerous tendencies of the particular employee. *Id.* at 363-64. But *Anderson* does not suggest that negligent supervision claims may be brought where an employee acts *within* the scope of employment. In fact, it states the opposite. Accordingly, the Court declines to adopt plaintiff's reading of *Anderson*.[4] Whether plaintiff may proceed with his

---

[4] Given this conclusion, the Court finds that certification the Washington Supreme Court is unnecessary. *See Wilcox v. Batiste*, No. 17-122, 2018 WL 475060, at *1 (W.D. Wash. Jan. 18, 2018) (in deciding whether to certify question to the Washington Supreme Court, federal court considers (1) whether the applicable state law has been

REPORT AND RECOMMENDATION - 9

1  negligent supervision claim depends on whether he has sufficiently alleged each element of the

2  cause of action, which the Court addresses below.

3  C.     Sufficiency of plaintiff's allegations

4      The County argues that the claims against it must be dismissed for failure to state a claim.

5  It also contends that plaintiff should be denied further leave to amend and that the Court should

6  strike the allegations in the third amended complaint related to the negligence claims.

7      1.     *Negligent hiring and retention*

8      To state claims for negligent hiring and retention, plaintiff must allege that the County had

9  knowledge of Sergeant Boyer's unfitness or failed to exercise reasonable care to discover the

10 unfitness before hiring or retaining him.  *Anderson*, 191 Wash.2d at 356.  In 2007, the City of

11 Snohomish ("the City") hired Sergeant Boyer as a police officer.  Plaintiff alleges that the City did

12 so despite knowing several reasons why Sergeant Boyer was unfit to serve as a law enforcement

13 officer.[5]  *See* Dkt. 132 (sealed) at ¶¶ 7-15.  In 2011, the City contracted with the Snohomish County

14 Sheriff's Office ("SCSO") for law enforcement services, effective January 1, 2012.  *Id.* at ¶ 18.

15 Plaintiff alleges that prior to the transition, interested City police officers could apply for a position

16 with the SCSO.  *Id.* at ¶ 19.  Sergeant Boyer applied and allegedly consented to SCSO review of

17 his background and personal history.  *Id.* at ¶ 20.  Plaintiff alleges that given the City's files, the

18 SCSO knew or should have known that Sergeant Boyer was unfit when it hired him and continued

19 to employ him, and that the County's negligence caused injury to plaintiff.  *Id.* at ¶¶ 21-22, 43-44,

20 46-47.  The Court concludes that these allegations sufficiently state claims for negligent hiring and

---

"clearly determined" and (2) whether it is necessary to ascertain Washington law in order to dispose of the proceeding); *see also* RCW 2.60.020.

[5] Specific factual allegations regarding Sergeant Boyer's alleged unfitness are detailed in the sealed third amended complaint and will not be repeated here.  *See* Dkt. 132.

REPORT AND RECOMMENDATION - 10

retention against the County.  Accordingly, the County's motion to strike the allegations in the third amended complaint related to these claims should be denied.

The County nevertheless argues that none of the factual allegations relate to the County's decision to hire Sergeant Boyer and instead reference the City's hiring decision.  Dkt. 138 at 7.  But plaintiff's allegation that the SCSO knew or should have known of plaintiff's unfitness based on the City's records is sufficient to state a claim directly against the County.  The County also contends that plaintiff has no cause of action for negligent retention because the complaint does not allege Sergeant Boyer took actions after he was hired that should have led to his termination.  *Id.*  But the County does not point to any case that requires additional red flags after an employee is hired to state a negligent retention claim.  Rather, plaintiff sufficiently alleges the County retained Sergeant Boyer "with knowledge of his unfitness."  *Anderson*, 191 Wash.2d at 358.

The County next argues that it was statutorily required to hire Sergeant Boyer from the City after he passed certain minimum requirements, and that plaintiff has not alleged the County failed to ensure Sergeant Boyer met those qualifications.[6]  Dkt. 138 at 7-8 (citing RCW 41.14.250, 43.101.095).  City law enforcement officers seeking to transfer to county employment must first meet the county's minimum employment standards and qualifications, regardless of whether the city's standards were satisfied.  RCW 41.14.250; *Stearns-Groseclose v. Chelan Cnty. Sheriff's Dep't*, No. 04-312, 2006 WL 195788, at *14 (E.D. Wash. Jan. 17, 2006) (quoting *Stone v. Chelan Cnty. Sheriff's Dep't*, 110 Wash.2d 806, 810 (1988) ("The County therefore has the right to . . . refuse employment to those who may have met the City's standards, but do not meet the County's.")).  While plaintiff's factual allegations do not specifically address the County's

---

[6] The County also contends that the statutory requirements for the law enforcement hiring process re-raise the issue of the public duty doctrine. Dkt. 138 at 7 n.7. Judge Coughenour previously rejected this claim. Dkt. 113 at 6; Dkt. 114.  Plaintiff has not offered any reason to revisit Judge Coughenour's ruling.

REPORT AND RECOMMENDATION - 11

standards and qualifications, he alleges that Sergeant Boyer was unfit to be hired. A reasonable inference from this allegation is that the County was negligent in concluding that he met the minimum requirements. The County contends that the events allegedly rendering Sergeant Boyer unfit occurred in the distant pass and therefore are irrelevant, Dkt. 142 at 8, but the Court must construe the allegations in the light most favorable to plaintiff. *See supra* p. 4. Doing so, the Court concludes that plaintiff states claims for negligent hiring and retention.

    2.    *Negligent supervision*

To state a claim for negligent supervision, plaintiff must allege facts supporting the inference that (1) Sergeant Boyer was acting outside the scope of his employment; (2) he presented a risk of harm; (3) the County knew, or should have known in the exercise of reasonable care, that he posed a risk to others; and (4) the County's failure to supervise was a proximate cause of plaintiff's injury. *Garrison Sagepoint Financial, Inc.*, 185 Wash. App. 461, 484 (2015); *see also Anderson*, 191 Wash.2d at 363-64; *Briggs v. Nova Servs.*, 135 Wash. App. 955, 966-67 (2006), *aff'd*, 166 Wash.2d 794 (2009). With respect to the first element, whether an employee "was acting within the scope of employment depends on whether he was 'fulfilling his . . . job functions at the time he … engaged in the injurious conduct.'" *Anderson*, 191 Wash.2d at 361 (quoting *Robel*, 148 Wash.2d at 53) (alterations in *Anderson*). "An employee is not fulfilling his job functions when his conduct 'is different in kind of that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.'" *Id.* (quoting *Robel*, 148 Wash.2d at 53 (quoting *Restatement (Second) of Agency* § 228(2))). Intentional or criminal conduct is not per se outside the scope of employment. *Robel v. Roundup Corp.*, 148 Wash.2d 35, 53 (2002).

In his third amended complaint, plaintiff alleges that Sergeant Boyer presented a risk of harm, the County knew or should have known that Sergeant Boyer posed a risk based on his

REPORT AND RECOMMENDATION - 12

background, the County failed to properly supervise Sergeant Boyer, and the County's negligence caused injury to plaintiff. Dkt. 132 at ¶¶ 7-14, 22, 49-50. Plaintiff's complaint does not directly address the scope of employment element.

The County admitted in its answer that Sergeant Boyer was acting within the scope of his employment, and therefore it maintains that plaintiff's negligent supervision claim must be dismissed. Dkt. 138 at 5 (citing Dkt. 136 (Ans. to 3d Am. Compl.) at ¶ 35). Plaintiff contends that a jury should determine whether Sergeant Boyer's alleged conduct during the assault was outside the scope of employment. Dkt. 150 at 10-11. Specifically, he contends that a jury could find that Sergeant Boyer's alleged actions were "different in kind from that authorized" by the County. *Id.* He points to the following allegations in his third amended complaint: Sergeant Boyer tased him in the back, and while keeping the Taser activated, Sergeant Boyer kicked him in the back; after he was on the ground, Sergeant Boyer beat him on the back of the head with the Taser gun multiple times, causing his ear to tear; even though he was subdued, Sergeant Boyer then kicked him in the head at least twice, knocking out his front tooth, causing tearing to his lips, and rendering him unconscious. Dkt. 132 at ¶¶ 25-27.

In reply, the County argues that plaintiff fails to expressly allege Sergeant Boyer was acting outside the scope of employment and that the pleaded facts can only be construed to support the conclusion that Sergeant Boyer was acting within the scope of his employment. Dkt. 151 at 2-4. The County points to § 228(1) of the *Restatement (Second) of Agency*:

(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, and

REPORT AND RECOMMENDATION - 13

>> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

*Restatement (Second) of Agency* § 228(1) (1958). The County contends that this test is satisfied because Sergeant Boyer was on duty; he was authorized to make arrests of wanted felons with felony warrants; he was authorized, trained, and expected to use force to overcome resistance to such arrests; and he was equipped by the County with uniforms, weapons, and equipment intended to be used for such purposes.[7] Dkt. 151 at 4.

Although plaintiff contends that a jury should decide whether Sergeant Boyer's alleged actions were "different in kind from that authorized" by the County, the scope of employment is an essential element of a negligent supervision claim, and therefore the Court must determine whether the facts alleged state a plausible claim for relief. The Court concludes that they do not. Plaintiff focuses on each discrete action Sergeant Boyer allegedly took, but this frames the issue too narrowly. Rather, the proper inquiry must take into account the surrounding circumstances. *See Restatement (Second) of Agency* § 228. There is no dispute that Sergeant Boyer was on duty, authorized to use reasonable force to arrest individuals subject to felony warrants, and attempting to arrest plaintiff. Even if some of Sergeant Boyer's individual actions were unauthorized, the alleged facts, viewed in plaintiff's favor, do not support the inference that they were different in kind from what was authorized. Because plaintiff fails to allege facts supporting the inference that Sergeant Boyer was acting outside the scope of his employment, he fails to state a claim for

---

[7] The County also argues that it is "incredible" for plaintiff to take the position that Sergeant Boyer was acting outside the scope of employment because plaintiff also alleged that he was acting under color of state law. Dkt. 151 at 3. But the scope of employment and whether a defendant acted under color of state law are "not coextensive" issues. *McDade v. West*, 60 Fed. Appx. 146, 147 (9th Cir. 2003) (unpublished). Different elements must be satisfied for each. *Compare Bradley v. Cnty. of San Joaquin*, No. 17-2313, 2018 WL 4026996, at *3 (E.D. Cal. Aug. 23, 2018) (summarizing test for whether a defendant acted under color of state law), *with Anderson*, 191 Wash.2d at 361-62 (setting forth test for scope of employment). Thus, plaintiff's allegation that Sergeant Boyer was acting under color of state law does not preclude his claim that Sergeant Boyer acted outside the scope of employment.

REPORT AND RECOMMENDATION - 14

negligent supervision and this claim should be dismissed. Plaintiff should not be granted leave to amend as it would be futile to attempt to state a negligent supervision claim under these circumstances. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (district court properly denies leave to amend if amendment would be futile).

D.   Statute of limitations

Judge Coughenour previously determined that the statute of limitations did not bar plaintiff from amending his complaint to add claims against the County. Dkt. 113 at 4-5; Dkt. 114. The County re-raises the issue to preserve it for appeal. Dkt. 138 at 8 n.8. The County offers no reason to revisit Judge Coughenour's ruling, and therefore the Court concludes that plaintiff timely filed his claims against the County.

III.   CONCLUSION

The Court recommends that the County's motion to dismiss, Dkt. 138, be GRANTED in part and DENIED in part. Plaintiff should be permitted to proceed with his negligent hiring and retention claims, but his negligent supervision claim should be dismissed with prejudice and without leave to amend. In addition, the County's motion to strike allegations in plaintiff's third amended complaint should be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

**fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 22, 2019**.

Dated this 7th day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16