UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

            Plaintiff,

v.

RYAN BOYER, et al.,

            Defendants.

Case No. C16-1106-JCC-MAT

ORDER ON PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY, MOTION TO STRIKE, AND MOTION TO SEAL

## I.    INTRODUCTION

In this 42 U.S.C. § 1983 action, plaintiff Robert Preston alleges that defendant Ryan Boyer, now a Sergeant with the Snohomish County Sheriff's Office, used excessive force against him in July 2014 and that Snohomish County was negligent in hiring and retaining Sergeant Boyer.[1] Currently before the Court are Plaintiff's motion to exclude certain opinions offered by the County's expert witness, Colleen Wilson (Dkts. 171 (redacted), 173 (sealed)), motion to strike portions of the County's response brief (Dkt. 181), and motion to seal (Dkt. 170). Having considered the parties' submissions, the balance of the record, and the governing law, the Court

---

[1] Additional background facts and procedural history are available at Docket Numbers 42, 88, 113, and 152, and will not be repeated here.

GRANTS in part and DENIES in part the motion to exclude, and GRANTS the motions to strike and seal.

## II. BACKGROUND

Colleen Wilson is an experienced law enforcement executive who led three different police departments during her 23 years as a police chief. (Dkt. 172 at 6.) During her career, she hired approximately 60 police officers in Washington State and 20 civilian employees, and reviewed approximately twice that many background investigations. (*Id.* at 7.) The County retained her to review its hiring of Sergeant Boyer, as a transfer from the City of Snohomish, "particularly as related to the background process and hiring decision by the Snohomish County Sheriff's Office in late 2011." (*Id.* at 6.) Ms. Wilson based her opinion on a review of Sergeant Boyer's personnel file, other relevant documents the County provided to her, sections of the Revised Code of Washington, published information on the disqualifiers used by police agencies in Washington, and the Washington law enforcement accreditation standards from the Washington Association of Sheriffs and Police Chiefs.[2] (*Id.* at 7.)

Plaintiff challenges the following opinions in Ms. Wilson's expert report:

(1) "The process that Deputy Boyer participated in and passed not only complied with the Revised Code of Washington and Washington Administrative Codes for law enforcement candidate processing, but also complied with current State law enforcement accreditation standards." (*Id.* at 10.)

---

[2] Ms. Wilson's report states that she also reviewed sections of the Washington Administrative Code ("WAC") (Dkt. 172 at 7), but she testified during her deposition that she did not, in fact, review the WAC prior to rendering her opinion or refer to specific sections of the code in her opinion (*id.* at 37). She nevertheless testified that she believes the County complied with the WAC. (*Id.*)

ORDER ON PLAINTIFF'S MOTION TO
EXCLUDE EXPERT TESTIMONY,
MOTION TO STRIKE, AND MOTION TO
SEAL - 2

(2) "The Snohomish County Sherriff's Office decision to hire then Snohomish Officer Ryan Boyer complied with the applicable laws and codes of the State of Washington." (*Id.* at 11.)

(3) "The Snohomish County Sheriff's Office had a statutory obligation to hire [Sergeant Boyer] if he met their minimum qualifications for hire." (*Id.*)

(4) "No disqualifiers were found in the investigation so the decision to hire was appropriate under the law." (*Id.*)

(5) "Snohomish County's background check complied with [RCW 43.101.095]." (*Id.* at 9.)

(6) "In compliance with the law, [Sergeant Boyer] was also required to take a medical examination, a psychological examination and a polygraph to confirm his responses in the background investigation." (*Id.*)

(7) "RCW 43.101.095 requires certification of Peace Officers in Washington State." (*Id.*)

(8) "The Snohomish Police Department services were to be contracted to the Sheriff's Office pursuant to RCW 41.14.250[.]" (*Id.* at 8.)

(9) ". . .[Sergeant Boyer] made application through Civil Service as outlined in RCW 41.14.260." (*Id.* at 9.)

(Dkt. 171 at 8-9.) Plaintiff argues that these opinions should be excluded because they constitute legal opinions by instructing the trier of fact what the law is and how it should be interpreted; invade the jury's role of finding facts and the Court's role of making ultimate legal conclusions; and they are unreliable because they are unsupported by specific facts or relevant specialized knowledge. (*Id.* at 9.) Plaintiff does not challenge Ms. Wilson's opinion that "[t]he background

1  investigation conducted by Snohomish County meets or exceeds the industry standard." (Dkt. 172

2  at 10; *see also* Dkt. 171 at 7 n.1.)

3  In response, the County argues that Ms. Wilson is qualified to and properly opined about

4  the standard of care for law enforcement hiring and whether the County complied with that

5  standard of care. (*See* Dkt. 179.) The County asserts that Ms. Wilson did not opine on the ultimate

6  issue—whether the County was negligent—and instead merely addressed the standard of care,

7  which is the proper role of an expert. The County further argues that certain opinions plaintiff

8  challenges address facts, not the law. The County also attacks plaintiff's expert, Scott DeFoe.

9  In reply, plaintiff argues that the County misunderstands what he seeks to exclude as he

10 does not challenge Ms. Wilson's testimony regarding industry standards, only her legal opinions.

11 (*See* Dkt. 181.) He also asserts that the County misconstrues Ms. Wilson's opinions to the extent

12 it maintains that she merely laid out the law enforcement hiring standards in Washington,

13 reiterating his position that Ms. Wilson improperly offered legal opinions. Finally, plaintiff asks

14 the Court to strike the County's references to Mr. DeFoe as improper and irrelevant.

## III. <u>DISCUSSION</u>

A.  <u>Motion to Exclude</u>

To be admissible, expert opinion evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). Such testimony must "be both relevant and reliable." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). The relevancy bar is low, demanding only that the evidence "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995). The reliability threshold requires that the expert's testimony have "a reliable basis in

the knowledge and experience of the relevant discipline." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).

While expert testimony that is otherwise admissible may "embrace[ ] an ultimate issue to be decided by the trier of fact," Fed. R. Civ. P. 704(a), an expert witness "cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law," *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoted source omitted, emphasis in original) (excluding expert testimony labeling conduct as "wrongful" or "intentional," but allowing testimony on "industry standards" and "factual corporate norms"). An expert is not permitted to testify about legal conclusions because the law is the province of the court. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Experts 'interpret and analyze factual evidence. They do not testify about the law.'") (quoted source omitted). However, the Ninth Circuit has recognized that "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoted source omitted) (holding that expert witness did not "usurp the court's role" where his references to California statutory provisions, which informed his understanding of insurance industry norms, were "ancillary to the ultimate issue of bad faith").

The Court concludes that challenged opinions (1) – (6) and (9) should be excluded to the extent they reference the Revised Code of Washington and WAC.[3] Under Washington law, "[T]o hold an employer liable for negligently hiring or retaining an employee who is incompetent or

---

[3] For example, the Court does not exclude Ms. Wilson's statement in opinion (1) that the hiring process complied with current State law enforcement accreditation standards.

ORDER ON PLAINTIFF'S MOTION TO
EXCLUDE EXPERT TESTIMONY,
MOTION TO STRIKE, AND MOTION TO
SEAL - 5

unfit, a plaintiff must show that the employer had knowledge of the employee's unfitness or failed to exercise reasonable care to discover unfitness before hiring or retaining the employee." *Anderson v. Soap Lake School District*, 191 Wash.2d 343, 356 (2018). In addition, the plaintiff must show that the negligently hired or retained employee proximately caused the plaintiff's injuries. *Carlson v. Wackenhut Corp.*, 73 Wash. Ct. App. 247, 253 (1994) (cited with approval in *Anderson*, 191 Wash.2d at 356). In the pending motion for partial summary judgment, the County argues that because it performed all requirements established by state statute or code, plaintiff's negligent hiring claim must be dismissed. (Dkt. 159 at 10 ("Since the standards were met, there cannot be an action for negligent hiring.").) Thus, an opinion that the County complied with state law is tantamount to an opinion that the County was not negligent. *See Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 14-751, 2019 WL 1369007, at *15 (S.D. Cal. Mar. 26, 2019).[4] Opinions (1), (2), (4), (5), and (6) all state that the County complied with applicable laws, and therefore tell "the jury which result to reach." *Hygh v. Jacobs*, 961 F.2d 359, 364 (9th Cir. 1992) (quoting Fed. R. Evid. 704 advisory committee's note). These opinions are distinguishable from the testimony in *Hangarter*, which the County cites, which referred to statutory provisions that were ancillary to the ultimate issue. *See Hangarter*, 373 F.3d at 1017 ("Caliri's references to California statutory provisions—none of which were directly at issue in the case—were ancillary to the ultimate issue of bad faith."). In addition, although the statutes Ms. Wilson references may

---

[4] "In this case, the ultimate issue is whether [defendant] breached its contractual obligations in designing and assigning the Opportunities challenged by Bona Fide. Ms. Wills's proffered testimony goes to this ultimate issue because her theory (and indeed, SourceAmerica's theory upon its motion for summary judgment) is that the Settlement Agreement requires only regulatory and statutory compliance. Therefore, proffered testimony that SourceAmerica has fulfilled its regulatory and statutory duties (and adequately applied its internal policies) is nothing more a pure legal conclusion on an ultimate issue of law, once removed. It is excludable on that basis." *Bona Fide Conglomerate, Inc.*, 2019 WL 1369007, at *15.

ORDER ON PLAINTIFF'S MOTION TO
EXCLUDE EXPERT TESTIMONY,
MOTION TO STRIKE, AND MOTION TO
SEAL - 6

establish industry standards, as the County argues, these opinions are not framed as opinions regarding industry standards. Accordingly, they will be excluded.

Opinion (3)—that the County had a statutory obligation to hire Sergeant Boyer if he met the minimum qualifications—improperly sets forth the law, rather than interpreting or analyzing factual evidence. *See Crow Tribe of Indians*, 87 F.3d at 1045 ("Experts 'interpret and analyze factual evidence. They do not testify about the law.'") (quoted source omitted). Similarly, opinion (9)—that Sergeant Boyer applied as outlined in RCW 41.14.260—states which law applies to his application and thus invades the province of the Court. *See Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1211 (D.C.C. 1997) (courts generally exclude expert testimony that attempts to define the applicable legal standard or the law governing the case); *Specht v. Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988) (expert may not "attempt to define the legal parameters within which the jury must exercise its fact-finding function"). As such, they should be excluded.

The Court concludes that opinions (7) and (8) should not be excluded. Although opinion 7 states that RCW 43.101.095 requires certification of peace officers, this background fact is not disputed by the parties. The statement in opinion (8) that the city police services were to be contracted with the County under RCW 41.14.250 reflects the Interlocal Agreement Between Snohomish County and the City of Snohomish for the Provision of Law Enforcement Services (*see* Dkt. 166-5 at 10, ¶ 4.9) and is also a background fact. Neither opinion "attempt[s] to define the legal parameters within which the jury must exercise its fact-finding function." *Specht*, 853 F.2d at 809-10. Thus the Court will allow them.

In sum, the Court GRANTS the motion to exclude as to opinions (1) – (6) and (9), and DENIES the motion as to opinions (7) and (8).

ORDER ON PLAINTIFF'S MOTION TO
EXCLUDE EXPERT TESTIMONY,
MOTION TO STRIKE, AND MOTION TO
SEAL - 7

B.   Motion to Strike

Plaintiff moves to strike the County's references to his expert, Mr. DeFoe, in its response brief. Federal Rule of Civil Procedure 7(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The County's references to Mr. DeFoe are wholly immaterial to the question of whether Ms. Wilson's testimony should be excluded. Accordingly, plaintiff's motion to strike is GRANTED.

C.   Motion to Seal

Plaintiff moves to seal the unredacted version of his motion to exclude (Dkt. 173), as well as Exhibits 1 and 3 to the declaration of Christian Marcelo filed in support of the motion to exclude (Dkt. 174). (Dkt. 170.) Defendants agree that the motion to seal should be granted. (Dkt. 178.) The Court previously ordered that the same type of information be maintained under seal. (Dkts. 112, 128, 135, 144.) For the reasons previously articulated, the Court GRANTS plaintiff's motion to seal.

IV.   CONCLUSION

Plaintiff's motion to exclude portions of Ms. Wilson's testimony (Dkts. 171 (redacted), 173 (sealed)) is GRANTED in part and DENIED in part, plaintiff's motion to strike the County's references to Mr. DeFoe in its response brief (Dkt. 181) is GRANTED, plaintiff's motion to seal (Dkt. 170) is GRANTED, and the Clerk is directed to maintain plaintiff's unredacted motion to exclude and Exhibits 1 and 3 to Mr. Marcelo's declaration (Dkts. 173, 174) under seal. The Clerk also is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

/ / /

/ / /

/ / /

ORDER ON PLAINTIFF'S MOTION TO
EXCLUDE EXPERT TESTIMONY,
MOTION TO STRIKE, AND MOTION TO
SEAL - 8

Dated this 23rd day of October, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge