1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8  ROBERT JOHN PRESTON,

9                         Plaintiff,              Case No. C16-1106-JCC-MAT

10          v.                                    ORDER DENYING SNOHOMISH
                                                  COUNTY'S MOTION TO STRIKE
11 RYAN BOYER, et al.,

12                        Defendants.

13

14        In this 42 U.S.C. § 1983 action, plaintiff Robert Preston alleges that defendant Ryan Boyer,

15 now a Sergeant with the Snohomish County Sheriff's Office ("SCSO")[1], used excessive force

16 against him in July 2014 and that Snohomish County was negligent in hiring and retaining Sgt.

17 Boyer.  Currently before the Court is the County's motion to strike the April 22, 2019 expert report

18 of Scott DeFoe.  (Dkt. 191 at 10-11.)  Plaintiff opposes the motion.  (Dkt. 194.)  The County filed

19 a supplemental brief at the direction of the Court.  (Dkt. 201.)  Having considered the parties'

20 submissions, the balance of the record, and the governing law, the Court DENIES the motion to

21 strike.

22

23

---

[1] Sgt. Boyer was a deputy at the time of the incident and an officer prior to joining the Sheriff's Office.  For
consistency, the Court will refer to him as Sgt. Boyer.

ORDER DENYING SNOHOMISH
COUNTY'S MOTION TO STRIKE - 1

In his April 22, 2019 expert report, Mr. DeFoe opines that (1) SCSO failed to conduct a proper background investigation to determine if Sgt. Boyer met the minimum standards for SCSO employment, (2) the County should not have hired Sgt. Boyer based on the information the County knew at the time of hiring, and (3) Sgt. Boyer should have been precluded from being a law enforcement officer anywhere in the United States. (*See* Dkt. 187 at 17; Dkt. 198 at 3; *see also* Dkt. 188 at 261.) The County argues that Mr. DeFoe is unqualified to opine about Washington State hiring standards for law enforcement officers and that his opinions will not assist the trier of fact to understand the evidence or to determine a fact in issue. (Dkt. 191 at 10-11.) As discussed below, the Court is not persuaded.[2]

A.    Qualifications

Under Rule 702, a witness must qualify as an expert based on his "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Because Rule 702 "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphases in original, quoted source omitted). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993).

---

[2] The Court also is not persuaded by plaintiff's argument that the County filed the motion to strike in violation of the Local Rules. (*See* Dkt. 194 at 1 n.1.) LCR 16(b)(4) provides: "Unless otherwise ordered by the court, parties shall file any motion to exclude expert testimony for failure to satisfy Daubert v. Merrell Dow Pharmaceuticals, Inc. and its progeny not later than the deadline to file dispositive motions." The County filed the motion to strike after the dispositive motions deadline. As the County argues, however, LCR 16(b)(4) does not apply to this case. (*See* Dkt. 201 at 2.) LCR 16 does not apply to cases that are exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26. *See* LCR 16(b)(6). Rule 26(a)(1)(B)(iv) exempts an "action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" from initial disclosures. Although plaintiff is now represented by counsel, he was a *pro se* prisoner at the time he initiated this action and was exempted from initial disclosures pursuant to this rule. Accordingly, the County's motion to strike is properly before the Court.

1    The County argues that Mr. DeFoe does not have any knowledge, experience, or training

2    regarding Washington State or Snohomish County hiring standards and practices, citing to the fact

3    that he was never a law enforcement officer in Washington and has never worked with the

4    organizations that set the industry standards in Washington.  (Dkt. 191 at 10.)  The County also

5    cites the fact that Mr. DeFoe has never conducted a hiring background investigation for any law

6    enforcement agency or had the authority to hire or fire.  (*Id.* at 10-11.)

7    The Court, however, concludes that Mr. DeFoe meets the standards to qualify as an expert

8    in this case.  Mr. DeFoe graduated from Northeastern University with a bachelor's degree in

9    Criminal Justice in 1988.  (Dkt. 189 at 11.)  He became a police officer in 1989 with the Los

10    Angeles Police Department ("LAPD") and remained in law enforcement until 2010, holding a

11    supervisory position for the last 14 years.  (*Id.* at 11-15.)  While with the LAPD, Mr. DeFoe

12    participated in a 40-hour training that covered how to conduct background investigations.  (Dkt.

13    195 at 15.)  He subsequently served for five years as an LAPD Oral Board Member, during which

14    time he conducted 250 preliminary interviews with police officer applicants.  (Dkt. 189 at 14; Dkt.

15    195 at 11-12.)  He would review the applicant's pre-background questionnaire, ask questions

16    during the interview to clarify any issues of concern, and determine whether the applicant failed

17    the initial interview or whether the applicant could proceed to a full background investigation.

18    (Dkt. 195 at 12.)  Mr. DeFoe also conducted numerous use of force audits while a member of the

19    LAPD Rampart Division Corruption Task Force, which included reviewing officers' background

20    investigations to determine whether the investigations indicated that the officer should not have

21    been hired or whether a more thorough investigation should have been conducted.  (Dkt. 198 at 5;

22    Dkt. 195 at 14-15.)  Although Mr. DeFoe has not worked in Washington State or conducted a

23    background investigation himself, he has relevant experience that qualifies him as an expert in this

case.

B.     Assist the Trier of Fact

To be admissible, expert opinion evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). "The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful." *Pyramid Technologies, Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014) (quoted source omitted). The trial judge must act as a gatekeeper to ensure that expert testimony is both relevant and reliable. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). At issue here is the reliability of Mr. DeFoe's opinions.

To determine reliability, federal courts generally rely on the *Daubert* factors: (a) whether the theory or technique can and has been tested; (b) whether the theory or technique has been subjected to peer review and publication; (c) the known or potential rate of error for the technique; and (d) the theory or technique's general degree of acceptance in the relevant scientific community. *Daubert*, 509 U.S. at 593-94. The reliability inquiry, however, is "flexible," and "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the particular expertise, and the subject of [the expert's] testimony." *Kumho Tire*, 526 U.S. at 150. Ultimately, the role of the trial judge is to "determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline," *id.* at 149 (quoting *Daubert*, alteration in *Kumho*), or whether it is based on "subjective belief or unsupported speculation," *Daubert*, 509 U.S. at 589.

The County argues that Mr. DeFoe's opinions should not be admitted because they are not rooted in standards established by Washington statute, code, or accreditation agency. (Dkt. 191 at

11.) According to the County, Mr. DeFoe's standard is the "because I say so" standard. (*Id.*) But as the County recognizes in its motion for summary judgment, at the time the SCSO hired Sgt. Boyer, the Washington Legislature had amended the Peace Officer Certification statute to include a background investigation, but the Criminal Justice Training Commission had not yet developed or published standards. (Dkt. 160 at 10-11; *see* RCW 43.101.095(2)(a); WAC 139-07-010, 139-07-020; Dkt. 161-1 (Washington State Register 13-02-060).) There were no state standards governing how to conduct background investigations or when an applicant should fail a background investigation even if he or she did not have any automatic disqualifiers. Mr. DeFoe bases his opinions on his education, training, and experience, which include the training he received regarding background investigations, his five years as a LAPD Oral Board Member interviewing police officer applicants, and his participation on the LAPD Rampart Division Task Force where he conducted personnel audits and reviewed background investigations for completeness. (*See* Dkt. 189 at 4-5, 11; Dkt. 195 at 7-8, 11.) The Court concludes that Mr. DeFoe's opinions have a reliable basis in this knowledge and experience, and that they would assist the trier of fact in determining whether the County negligently hired Sgt. Boyer.

<u>CONCLUSION</u>

The County's motion to strike Mr. DeFoe's opinions (Dkt. 191 at 10-11) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this <u>12th</u> day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge