1

2

3

4

5

6

7

8

9

10

11

12

13

14

The Honorable John C. Coughenour
The Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

                Plaintiff,

      v.

RYAN BOYER and SNOHOMISH COUNTY,

                Defendants.

Case No. 2:16-cv-01106-JCC-MAT

DEFENDANTS' OBJECTIONS TO REPORT & RECOMMENDATIONS

**NOTED FOR CONSIDERATION:
Friday, December 27, 2019**

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.  INTRODUCTION

On November 27, 2019, Magistrate Judge Mary Alice Theiler entered a Report and Recommendation regarding Defendant Snohomish County's motion for summary judgment on Plaintiff's state law claims of negligent hiring and negligent supervision.  Dkt. #208.  Magistrate Theiler recommended denial of summary judgment on both the negligent hiring and the negligent supervision claims.  The County now files its objections.

## II.  OBJECTIONS

**A.**    **The County Objects to the Court's Denial of Defendant's Motion for Summary Judgment as to Plaintiff's Negligent Retention claim.**

The County does not object to the recommendation denying the summary judgment as to the negligent hiring but does as to the negligent retention claim.  Under Washington law, the

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

claims of negligent hiring and negligent retention are two separate and distinct claims.  In *Anderson v. Soap Lake School District,* 191 Wn.2d 343, 356 423 P.3d 197, 206 (2018), the court adopted a test for negligent hiring and for negligent retention of an employee:

> We now adopt the test used by the Court of Appeals:  to hold an employer liable for negligently hiring or retaining an employee who is incompetent or unfit, a plaintiff must show that the employer had knowledge of the employee's unfitness or failed to exercise reasonable care to discover unfitness before hiring or retaining the employee.

The court went on to explain the difference between the two claims:  "The difference between negligent hiring and negligent retention is timing…. Negligent hiring occurs at the time of hiring, while negligent retention occurs during the course of employment." *Id* (citation omitted).  In other words, under Washington law, a negligent retention claim requires proof of something that occurred during the course of the employee's employment that would support a reasonable inference that the employer knew or should have known that the employee was incompetent or unfit.

The court's analysis in *Soap Lake* further demonstrated that negligent hiring and negligent retention are two separate and distinct claims.  The court first addressed the negligent hiring claim and found that plaintiff failed to produce evidence to support that claim.  191 Wn.2d at 206-207; 423 P.3d at 356-358.  The court then addressed the negligent retention claim.  Plaintiff argued that, after the employee was hired, he violated school policies regarding students and alcohol, but plaintiff presented no evidence that the school system knew or should have known that employee had done so.  In the case at bar, the Plaintiff presented no evidence of anything that occurred after Snohomish County hired Sergeant Boyer in January, 2012, to the date of the incident with Plaintiff Preston in July, 2014, that would support an inference that Sergeant Boyer was not

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

performing his duties as a Snohomish County deputy sheriff in an exemplary manner.  There was no evidence of anything Sergeant Boyer did as an employee of Snohomish County that showed he was unfit or incompetent.  Plaintiff, likewise, produced no evidence of any malfeasance on the part of Sergeant Boyer while he worked as a police officer for the City of Snohomish from 2007-2011.  The Report and Recommendation summarized all of the conduct that created an issue of fact with regard to the negligent hiring claim, which all occurred well before Sergeant Boyer's employment as a police officer in 2007, but identified no behavior during Sergeant Boyer's employment that would support a negligent retention claim.  For that reason, Defendant objects to the recommendation to deny summary judgment on the negligent retention claim, and requests that summary judgment be granted on that claim.

**B.    The County Objects to the Statement Regarding Proximate Causation Set Forth in the Report and Recommendation.**

The Report and Recommendation states that "Because there is no dispute that Sgt. Boyer caused Plaintiff's injuries during the July, 2014, incident, causation is readily satisfied." Dkt. #208 at pg. 17, lns. 9-10. The County objects to this statement to the extent it is construed to determine causation on Plaintiff's negligence claims as a matter of law.  The County's concern is that Plaintiff might rely upon this statement at trial to argue for an instruction that he has established proximate cause.  If so, that would be contrary to state law.

First, under RCW 4.22.005, "In an action based on fault to recover damages for injury…to a person…any contributory fault chargeable to the claimant diminishes proportionately the amount awarded…but does not bar recovery." The County alleged contributory fault as a defense. Dkt. #136 at 7.   Plaintiff did not move for summary judgment on that affirmative defense. Moreover, there is abundant evidence of Plaintiff Preston's contributory fault.  If Mr. Preston had

DEFENDANTS' OBJECTION TO REPORT & RECOMMENDATIONS - 3
C16-1106-JCC-MAT

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

not resisted arrest and attempted to flee, then there would not have been a physical altercation between him and Sergeant Boyer.

Second, the questions of proximate cause in fact in a negligent hiring case is an issue for the trier of fact. *Rucshner v. ADT Security Systems, Inc.,* 149 Wn.App. 665, 686, 204 P.3d 271, 281-2 (2007). The citation to *Carlsen v. The Wackenhut Corporation*, 73 Wn.App. 247, 868 P.2d 882 (1994) in the Report and Recommendation is misplaced. Dkt. #208 at 17. In *Wackenhut Corporation*, the court reversed summary judgment in favor of the employer and remanding the case for trial. It reasoned that if the employer had done a background check, it could have learned that person it hired had a prior criminal record. The numerous gaps and apparent inaccuracies in the employee's application would have prompted a reasonable employer to further investigate. A mere two months after the employee was hired, he sexually assaulted a 16-year-old girl. The plaintiff met the burden of establishing issues of fact on her negligent hiring. There did not appear to be any evidence that would support a contributory fault defense and the case contains no discussion of that affirmative defense. In sum, the facts of that case are not analogous to this case, and it does not support a rule that cause in fact is established as a matter of law when the employee allegedly negligently hired is involved in an incident with a plaintiff that results in injury. To the extent the Report and Recommendation can be construed to make such a finding, this Court should clarify that causation remains an issue of fact to be decided by the jury.

//

//

//

//

DEFENDANTS' OBJECTION TO REPORT & RECOMMENDATIONS - 4
C16-1106-JCC-MAT

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

### III.  CONCLUSION

Defendant Snohomish County respectfully requests that the Court sustain its objections to the Report and Recommendation and grant the relief requested above.

DATED this 11th day of December, 2019.

ADAM CORNELL
Snohomish County Prosecuting Attorney

 *s/ Joseph B. Genster*
JOSEPH B. GENSTER, WSBA No. 14968
Deputy Prosecuting Attorney
Snohomish County Prosecuting Attorney – Civil Division
3000 Rockefeller Ave., M/S 504
Everett, Washington  98201
Phone: (425) 388-6330 / Fax:  (425) 388-6333
Joseph.Genster@co.snohomish.wa.us
Attorney for Defendants

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

1

**CERTIFICATE OF SERVICE**

2      I hereby declare I caused to be served a true and correct copy of the foregoing **Defendants'**

3  **Objection to Report and Recommendations** upon the persons listed by the methods indicated:

4

5      J. Camille Fisher                           ☒ Electronic Filing (CM/ECF)
       Laura C. Hill                               ☐ Facsimile
6      Jeffrey M. Hanson                           ☐ Express Mail
       Heath L. Hyatt                              ☐ Email
7      Christian W. Marcelo                        ☐ U.S. Mail
       Perkins Coie LLP                            ☐ Hand Delivery
8      1201 Third Avenue, Suite 4900               ☐ Messenger Service
9      Seattle, WA 98101-3099
       CFisher@perkinscoie.com
10     LHill@perkinscoie.com
       JHanson@perkinscoie.com
11     HHyatt@perkinscoie.com
12     CMarcelo@perkinscoie.com
       *Attorneys for Plaintiff*
13

14     I declare under the penalty of perjury of the laws of the State of Washington that the

15  foregoing is true and correct to the best of my knowledge.

16     SIGNED at Everett, Washington, this 11th day of December, 2019.

17

18     _____

19     Cindy Ryden, Legal Assistant

20

21

22

23

24

25

26

27

DEFENDANTS' OBJECTION TO REPORT & RECOMMENDATIONS - 6
C16-1106-JCC-MAT

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333