THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOHN PRESTON,

    Plaintiff,

  v.

RYAN BOYER *et al.*,

    Defendants.

CASE NO. C16-1106-JCC

ORDER

This matter comes before the Court on Defendant Snohomish County's objections (Dkt. No. 211) to the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 208).[1] Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the County's objections (Dkt. No 211), ADOPTS the report and recommendation (Dkt. Nos. 208, 209), and DENIES the County's motion for summary judgment (Dkt. Nos. 159, 160) for the reasons explained herein.

//

---

[1] Judge Theiler's report and recommendation is filed under seal to maintain the confidentiality of Defendant Ryan Boyer's highly personal information. (*See* Dkt. No. 208.) Judge Theiler has filed a redacted version of the report and recommendation. (*See* Dkt. No. 209.) The Court will cite to the sealed version of Judge Theiler's report and recommendation but will refrain from discussing in detail any personal information subject to redaction.

## I. BACKGROUND

The report and recommendation sets forth the underlying facts of this case and the Court will not repeat them here. (*See* Dkt. No. 208 at 2–10.) On July 12, 2019, the County moved for summary judgment on Plaintiff's state law negligent hiring and negligent retention claims. (*See* Dkt. No. 160 at 2.) On November 27, 2019, Judge Theiler filed a report and recommendation which recommends that the Court deny the County's motion for summary judgment. (Dkt. No. 208.) The County timely filed objections to the report and recommendation. (Dkt. No. 211.) The County specifically objects to the report and recommendation's recommendation to deny summary judgment on Plaintiff's negligent retention claim and to the report and recommendation's statement that, "Because there is no dispute that Sgt. Boyer caused Plaintiff's injuries during the July, 2014, incident, causation is readily satisfied." (*See generally id.*)[2]

## II. DISCUSSION

### A. Legal Standards

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute

---

[2] The report and recommendation noted that "Sgt. Boyer was a deputy at the time of the incident and an officer prior to joining the" Snohomish County Sheriff's Office and referred to him as "Sgt. Boyer" for consistency. (Dkt. No. 208 at 1 n.2.) The Court adopts the report and recommendation's naming convention.

about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In deciding whether there is a genuine dispute of material fact, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255. The Court is therefore prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

### B. Negligent Retention

The County objects to the report and recommendation's conclusion that the Court should deny the County's motion for summary judgment as to Plaintiff's negligent retention claim, arguing that "under Washington law, a negligent retention claim requires proof of something that occurred during the course of the employee's employment that would support a reasonable inference that the employer knew or should have known that the employee was incompetent or unfit." (Dkt. No. 211 at 2.) The County contends that no such evidence has been presented in this case, and accordingly asks that the Court reject the report and recommendation on this ground. (*See id*. at 1–3.)

"[T]o hold an employer liable for negligently hiring or retaining an employee who is incompetent or unfit, a plaintiff must show that the employer had knowledge of the employee's unfitness or failed to exercise reasonable care to discover unfitness before hiring or retaining the employee." *Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 197, 206 (Wash. 2018). Negligent hiring occurs at the time of hiring, while negligent retention arises during the course of employment. *Id*. "Negligent retention 'consists of . . . retaining the employee with knowledge of his unfitness, or of failing to use reasonable care to discover it before . . . retaining him.'" *Id*. at 207 (quoting *Peck v. Siau*, 827 P.2d 1108, 1110 (Wash. Ct. App. 1992)) (internal quotations omitted).

In *Anderson v. Soap Lake School District*, 423 P.3d 197 (Wash. 2018), a parent brought, *inter alia*, claims that a school district was negligent in hiring and retaining a coach following her daughter's death in an automobile accident after being served alcohol at the coach's home.

1  *See id*. at 202–04. In affirming the trial court's granting of summary judgment on the parent's
2  negligent retention claim, the Washington Supreme Court looked to the school district's actions
3  prior to hiring the coach, including the school district's failure to contact the coach's hiring
4  references and the school district's performance of a background check. *See id*. at 207–08. The
5  Washington Supreme Court's decision on the parent's negligent hiring claim turned on the
6  parent's failure to produce *any* evidence showing that the school district knew of or failed to
7  exercise reasonable care to discover the coach's unfitness, not the parent's failure to produce
8  evidence of the school district's knowledge of or failure to exercise reasonable care to discover
9  the coach's unfitness *after* the coach was hired. *See id*.

In this case, the parties do not dispute that Sergeant Boyer's personal history includes behavior suggesting that he was unfit for a position with law enforcement, that the County was aware of this history at the time it hired him, and that the County retained him as a law enforcement officer at least until his contact with Plaintiff. (*See* Dkt. Nos. 160 at 5–7, 187 at 7–13, 191 at 4–5.) Plaintiff's expert opines that, given Sergeant Boyer's history, the County should not have hired him and that he "should have been precluded from being a law enforcement officer anywhere in the United States." (Dkt. No. 189 at 3–15.) And, contrary to the County's assertion, *Anderson* requires that a party produce evidence of the employer's knowledge of or failure to exercise reasonable care to discover an employee's unfitness and the employer's retention of that employee, without regard to when the knowledge or failure to exercise reasonable care arose. *See* 423 P.3d at 206–08; *Peck*, 827 P.2d at 1110. Given the evidence of Sergeant Boyer's personal history, the County's knowledge thereof, the County's retention of Sergeant Boyer, and Plaintiff's expert's opinion, a genuine issue of material fact exists on the issue of whether the County was negligent in retaining Sergeant Boyer. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 248–49. Therefore, the County's objections are OVERRULED on this

ground.[3]

### C. Proximate Causation in Negligence Claims

The County objects to the report and recommendation's statement that, "Because there is no dispute that Sgt. Boyer caused Plaintiff's injuries during the July, 2014, incident, causation is readily satisfied." (Dkt. No. 211 at 3–4; *see* Dkt. No. 208 at 17.) The County argues that the statement improperly "determine[s] causation on Plaintiff's negligence claims as a matter of law" and may preclude the County from pursuing its contributory fault affirmative defense. (*See* Dkt. No. 211 at 3–4.)

An employer may be liable for harm caused by an unfit employee if "(1) the employer knew, or in the exercise of ordinary care, should have known of the employee's unfitness before the occurrence; and (2) retaining the employee was a proximate cause of the plaintiff's injuries." *Lynn v. Labor Ready, Inc.*, 151 P.3d 201, 207 (Wash. Ct. App. 2006) (quoting *Betty Y. v. Al-Hellou*, 988 P.2d 1031 (Wash. Ct. App. 1999)); *see Rucshner v. ADT, Sec. Sys., Inc.*, 204 P.3d 271, 278 (Wash. Ct. App. 2009) (citing *Carlsen v. Wackenhut Corp.*, 868 P.2d 882, 886 (Wash. Ct. App. 1994)). Proximate cause consists of cause in fact and legal causation, and thus is a mixed question of law and fact. *See Rucshner*, 204 P.3d at 281. "Cause in fact" refers to the "but for" cause of an injury, which "involves a determination of some physical connection between an act and an injury that is generally left to the jury." *Id.* (citing *Schooley v. Pinch's Deli Mkt., Inc.*, 951 P.2d 749, 754 (Wash. 1998)). But proximate cause may be found as a matter of law "in the clearest of cases and when reasonable minds could not [differ] in their interpretation of a fact

---

[3] The Court notes that Judge Theiler previously addressed the County's argument "that plaintiff has no cause of action for negligent retention because the complaint does not allege Sergeant Boyer took actions after he was hired that should have led to his termination." (*See* Dkt. No. 152 at 11.) In a report and recommendation on the County's motion to dismiss, Judge Theiler rejected the County's argument, stating that "the County does not point to any case that requires additional red flags after an employee is hired to state a negligent retention claim. Rather, plaintiff sufficiently alleges the County retained Sergeant Boyer 'with knowledge of his unfitness.'" (*Id.*) (citing *Anderson*, 423 P.3d at 207.) Defendants did not object to Judge Theiler's report and recommendation, and the Court adopted it in full. (*See* Dkt. No. 153.)

pattern." *Baughn v. Malone*, 656 P.2d 1118, 1121 (Wash. Ct. App. 1983); *see, e.g.*, *Carlsen*, 868 P.2d at 886 (in analyzing negligent hiring claim, finding that "there is no question about the fact that Futi caused Carlsen's injuries" and turning to issue of employer's knowledge of or failure to exercise reasonable care in discovering employee's unfitness); *cf. Rucshner*, 204 P.3d at 281–82 (noting that connection between employer's hiring of unfit employee without conducting a background check and the harm to the victim was "somewhat attenuated" and holding that genuine issue of material fact existed on this issue).

"In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery." Wash. Rev. Code § 4.22.005. A defendant may thus assert the contributory fault of a plaintiff as an affirmative defense. *See Hendrickson v. Moses Lake Sch. Dist.*, 428 P.3d 1197, 1206 (Wash. 2018) (citing Wash. Rev. Code § 4.22.005). A finding of proximate cause does not preclude a party from asserting contributory negligence as an affirmative defense. *See, e.g.*, *Veit, ex rel. Nelson v. Burlington N. Santa Fe Corp.*, 249 P.3d 607, 612 (Wash. 2011) (discussing trial court's jury instructions to the jury on both negligence and contributory fault, including a special verdict form that required the jury to determine the plaintiff's contributory negligence only if it found that the defendant was negligent and that defendant's negligence was a proximate cause of the plaintiff's injuries); *Schooley*, 951 P.2d at 755–56 (separately analyzing whether the defendant vendor's sale of alcohol to third-party minor was the proximate cause of the minor plaintiff's injury and whether the minor plaintiff's consumption of alcohol constituted contributory negligence); *Seattle-First Nat. Bank v. Shoreline Concrete Co.*, 588 P.2d 1308, 1312–13 (Wash. 1978) (holding that a plaintiff was entitled to recover from any defendant that proximately caused the injury but that the amount of damages recoverable would be reduced by the plaintiff's contributory negligence), *superseded by statute on other grounds as stated by Kottler v. State*, 963 P.2d 834, 838 (Wash. 1998).

The County does not argue that the report and recommendation's statement that "there is no dispute that Sgt. Boyer caused Plaintiff's injuries during the July, 2014, incident" is inaccurate. (*See* Dkt. No. 211 at 3.) Nor could it: the County has repeatedly acknowledged that Sergeant Boyer was involved in the July 2014 incident underlying Plaintiff's present claims. (*See, e.g.*, Dkt. Nos. 70 at 2–10, Dkt. No. 132 at 5–7, 136 at 3–5.) Given the parties' agreement that Sergeant Boyer was involved in the July 2014 incident, this is a case in which a finding of proximate causation as a matter of law is appropriate. *See Baughn*, 656 P.2d at 1121; *Carlsen*, 868 P.2d at 886. And while the County appears primarily concerned that it will be precluded from asserting its contributory negligence affirmative defense following any finding of proximate causation between Sergeant Boyer's actions and Plaintiff's claimed harm, such concern is not supported by Washington law. *See Veit*, 249 P.3d at 612; *Schooley*, 951 P.2d at 755–56; (Dkt. No. 211 at 3–4). Therefore, the County's objections are OVERRULED on this ground.

## III. CONCLUSION

For the foregoing reasons, and having reviewed the entirety of the report and recommendation and finding no error, the Court hereby ORDERS that:

1. The County's objections to the report and recommendation (Dkt. No. 211) are OVERRULED;
2. The report and recommendation (Dkt. Nos. 208, 209) is ADOPTED and APPROVED;
3. The County's motion for summary judgment (Dkt. Nos. 159, 160) is DENIED; and
4. The Clerk is DIRECTED to send copies of this order to the parties and to Judge Theiler.

DATED this 24th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE